IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD RUHNOW and CONNIE RUHNOW, | * * * * |
| Plaintiffs, | * |
| v. | * CIVIL ACTION NO. 2:05cv527-W |
| | * Formerly Civil Action No. CV 05-K-122 |
| LANE HEARD TRUCKING, LLC., et al, | * in the Circuit Court of Pike County, Alabama |
| | * |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1332, 1367, 1441 and 1446, Defendant LANE HEARD TRUCKING, LLC, hereby serves notice of the removal of this cause from the Circuit Court of Pike County, Alabama, to this Honorable Court, and respectfully show unto the Court as follows:

1. This lawsuit was originally filed on May 3, 2005, in the Circuit Court of Pike County, Alabama, and assigned case number CV 05-122. Plaintiffs named the following defendant (other than fictitious defendants): Lane Heard Trucking, LLC ("Lane Heard").

2. Lane Heard was served with a copy of the Summons and Complaint on May 7, 2005, via certified mail.

3. This Notice of Removal is filed within 30 days of the date of service of the Summons and Complaint upon the earliest served defendant. See 28 U.S.C. §1446(b); Rule 6(a), Fed. R. Civ. P.

4. Pursuant to 28 U.S.C. §1446(d), Lane Heard has served by mail a copy of this Notice on plaintiffs and has filed a copy of this Notice with the Clerk of the Circuit Court of Pike County, Alabama.

5. The documents attached hereto as Exhibit "A" constitute a copy of process, pleadings and orders served upon Lane Heard in this action.

### I. DIVERSITY JURISDICTION

6. This Removal is based on diversity jurisdiction. 28 U.S.C. 1332.

7. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. 1332(a). Moreover, the action must be brought between citizens of different States. 28 U.S.C. 1332(a)(1).

8. Plaintiffs are diverse from Defendant.

9. Plaintiffs are resident citizens of Pike County, Alabama.

10. Defendant Lane Heard is licensed to do business, and has its principle place of business, in the state of Mississippi.

11. Because the state of citizenship of Lane Heard is diverse from plaintiffs' state of citizenship, there is complete diversity of citizenship.

12. The amount in controversy exceeds $75,000.

13. In the present case, plaintiffs demand judgment against Lane Heard on its claim of negligence and wantonness for compensatory damages, punitive damages and costs.

14. A defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead a specific dollar amount in controversy. See Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal just because plaintiffs did not allege a jurisdictional amount would be simply unfair). If the rule was otherwise, any plaintiffs could avoid removal simply by declining to place a specific dollar value upon its claim. See White v. J.C. Penny Life Ins. Co., 861 F. Supp. 25, 26 (S.D. W.Va. 1994). Accordingly,

where there is an unspecified claim for damages, as here, a removing defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. M.S. Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); see also 28 U.S.C. 1332(a). This low burden of proof is "warranted because there is simply no estimate of damages to which a court may defer." Id.

15.     Calculation of the amount in controversy includes both compensatory and punitive damages. Bell v. Preferred Life Assurance Socy, 320 U.S. 238, 240 (1943); Holly Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). For purposes of establishing the jurisdictional amount in controversy, multiple claims for relief can and should be considered together in determining [that] amount. Howard v. Globe Life Ins. Co., 973 F. Supp 1412, 1418 (M.D. Fla. 1996) (citing with approval Pipes v. American Security Ins. Co., CV 96-H-206-NE (N.D. Ala. February 29, 1996)); 14A Wright and Miller, Federal Practice and Procedure 3704 (value of claims are added together to determine jurisdictional amount).

16.     Based on the allegations in the Complaint, the nature of the alleged damages, and the fact that this is a trucking accident claim, by a preponderance of the evidence, the amount in controversy in the present case will more likely than not exceed $75,000 notwithstanding that plaintiffs demand an unspecified amount of compensatory and punitive damages. Plaintiffs assert claims for negligence and wantonness causing the plaintiffs severe and permanent injury as well as mental anguish and other damages. These claims (though defendant insists they are without merit) will create a basis on which plaintiffs could recover compensatory damages and could recover punitive damages. Plaintiffs' counsel has indicated to defense counsel, by telephone, that he intends to seek damages in excess of $75,000.

17.  Considering plaintiffs' allegations, which, if believed by a jury, could support both compensatory damages and punitive damages, and considering the recent history of Alabama courts in awarding large damage awards for such damages, particularly in trucking accident cases, it is more likely than not that the amount in controversy in the present case exceeds $75,000, exclusive of interest and costs.

18.  Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. 1332, and this action is removable under 28 U.S.C. 1441, et seq.

                                              _____
                                              J. BURRUSS RIIS (RIIS8057)
                                              Attorney for Defendant LANE HEARD
                                              TRUCKING, LLC

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

4

## CERTIFICATE OF SERVICE

This is to certify that I have this 3rd day of June, 2005, served the below listed counsel for all parties to this proceeding with a copy of the foregoing pleading by depositing a copy of the same in the U.S. Mail, properly addressed and postage prepaid.

Stephen D. Heninger
Heninger, Burge, Vargo and Davis, LLP
2146 Highland Avenue
Birmingham, AL 35205

_____
Counsel