IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| GERALD RUHNOW; CONNIE RUHNOW, | )<br>)<br>) |
| PLAINTIFFS, | )<br>) |
| v. | )  CIVIL ACTION: CV05 1C 122 |
| LANE HEARD TRUCKING, LLC, et al., | )<br>)<br>) |
| DEFENDANTS. | ) |

Defendant number 1 being the proper legal designation of the entity known as Lane Heard Trucking, LLC; Defendant number 2 being that entity which owned the truck being operated by Michael Duke at the time of the incident made the basis of this suit; Defendants number 3 being that person or entity which employed Michael Duke at the time of the incident made the basis of this suit; Defendants 4 and 5 being that person or entity which caused or contributed to cause the incident made the basis of this suit; all of whose true and correct names are otherwise unknown to Plaintiffs at this time but will be added by amendment when properly ascertained.

## COMPLAINT

1. On or about, to wit: March 7, 2005, Plaintiff, Gerald Ruhnow, was operating a tractor-trailer on a public highway in Pike County, Alabama, to wit: U.S. Highway 231 near milepost 178 and headed north on that highway when Defendants' tractor-trailer being operated by Michael Duke was traveling on the same highway in the opposite direction (south).

2. Plaintiffs aver that Defendants negligently caused or negligently allowed the tractor-trailer being operated by Michael Duke to be operated in such a manner that the driver lost control of the tractor-trailer, causing it to cross the dividing median and striking the tractor-trailer being operated by Plaintiff, Gerald Ruhnow. As a proximate consequence of Defendants' negligence, Plaintiff, Gerald Ruhnow, was caused to suffer serious injuries; he was caused to be burned over a large portion of his body; he was caused to suffer injuries to his head, scalp and face; he was caused to require extensive medical care and treatment; he was caused to miss time from his employment

and to suffer lost income; he was caused to suffer severe physical pain and mental anguish; and, he was permanently injured.

3. Plaintiffs further aver that at the same time and place set forth above, Defendants negligently caused or negligently allowed the tractor-trailer being operated by Michael Duke to be operated in an unsafe and negligent manner and under conditions that presented the risk of injury to others on this public highway and the driver of this tractor-trailer negligently failed to keep in a proper lookout for road conditions while negligently failing to keep his tractor-trailer under control. As a proximate consequence thereof, the collision occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

4. Plaintiffs further aver that at the same time and place set forth above, Defendants negligently entrusted the operation of the tractor-trailer being operated by Michael Duke to that operator despite knowing or having means to know of his driving ability and condition which presented a hazard to the public on the highway and Plaintiff in particular. As a proximate and foreseeable consequence thereof, the operator failed to keep a proper, safe lookout for the highway condition and failed to keep his tractor-trailer under control to avoid the series of events that culminated in this collision. As a proximate consequence thereof, Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

5. Plaintiffs further aver that Defendants negligently failed to properly train; supervise and monitor the operator of this tractor-trailer, Michael Duke, and, as a proximate consequence thereof, the collision occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

6. Plaintiffs further aver that the negligence of Defendants combined and concurred

-2-

with the negligence of others to proximately cause the injuries and damages set forth herein.

7. At all times pertinent hereto, Plaintiff, Connie Ruhnow, was the lawful wife of Plaintiff, Gerald Ruhnow. As a proximate consequence of Defendants' negligence as set forth above, Plaintiff, Connie Ruhnow, was caused to suffer the loss of her husband's care, comfort, society and services.

8. Plaintiffs further aver that at the same time and place set forth above, Defendants wantonly caused or wantonly allowed the collision described above to occur under conditions of driving by Michael Duke that were wanton and were an unreasonable and foreseeable risk for the events that culminated in this collision. As a proximate consequence thereof, the Plaintiffs were injured and damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

_____
STEPHEN D. HENINGER [HEN-007]
Attorney for Plaintiffs

OF COUNSEL:

HENINGER, BURGE, VARGO & DAVIS, LLP
2140 Highland Avenue
Birmingham, Alabama 35205
Phone:   (205) 933-2345
Fax:     (205) 933-1616



JURY DEMAND

Plaintiffs demand trial by struck jury on all issues raised herein.

-3-

_____
STEPHEN D. HENINGER [HEN-007]
Attorney for Plaintiff

**Plaintiffs' Address:**

9055 North 400 Avenue
Osco, Illinois 61274

**Serve Defendants: (To be Served Via Certified Mail)**

Large Heard Trucking, LLC
1010 Hickory Ridge Drive
New Albany, Mississippi 38652



-4-