IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GERALD RUHNOW; CONNIE RUHNOW,

PLAINTIFFS,

V.

CIVIL ACTION: 2:05-cv-527-F

LANE HEARD TRUCKING, LLC, et al.,

DEFENDANTS.

**PLAINTIFFS' FIRST AMENDMENT TO THE COMPLAINT**

COME NOW the Plaintiffs in the above styled suit and amend the Complaint filed herein as follows:

1. Plaintiffs added as a party Defendant, Christy Leann Champion, who is an adult citizen of the State of Alabama.

2. Plaintiffs further aver that Defendant, Christy Leann Champion, on March 7, 2005, was operating a vehicle on a public highway in Pike County, Alabama, to wit: U.S. Highway 231 near milepost 175 when she negligently caused or negligently allowed her vehicle to change lanes on this three lane highway into the path of a motorcycle which caused a collision. This collision caused the motorcycle to be left lying down in the right hand lane of the highway. As a proximate consequence of the collision caused by Defendant, Christy Leann Champion, the

motorcycle was left in the roadway which created a hazard to oncoming traffic, including the tractor-trailer being operated by Michael Duke on behalf of Defendant, Lane Heard Trucking, L.L.C. When the Defendant, Michael Duke, came upon the motorcycle lying in the road from the prior collision, he negligently responded to this presence of the motorcycle by swerving and losing control of his tractor-trailer being operated by Plaintiff, Gerald Ruhnow. As a proximate consequence of this chain of events and the combining and concurring negligence of Defendant, Christy Leann Champion, and Defendant, Michael Duke, the Plaintiff was caused to suffer serious injuries; he was caused to suffer burns over a large portion of his body; he was caused to suffer injuries to his head, scalp and face; he was caused to require extensive medical care and treatment; he was caused to suffer severe physical pain and mental anguish; he was caused to miss time from his employment and suffer lost income; he has suffered an impaired earning capacity and he was permanently injured.

3. Plaintiff further avers that the negligence of the Defendants: Christy Leann Champion, Michael Duke and Lane Heard Trucking, L.L.C., combined and concurred to proximately cause the injuries and damages claimed by Plaintiffs in the Complaint and this Amended Complaint.

4. At all times pertinent herein, Plaintiff, Connie Ruhnow, was the lawful wife of Plaintiff, Gerald Ruhnow. As a proximate consequence of Defendants

combining and concurring negligence, she has been caused to suffer the loss of her husband's care, comfort, society and services.

5. Plaintiffs further aver that Defendant, Christy Leann Champion wantonly caused or wantonly allowed her vehicle to be operated in a manner that was in conscious and careless disregard in her changing lanes which caused a collision with a motorcycle. As a proximate consequence thereof, and the chain of events set in motion, the Plaintiffs were injured and damaged as set forth above.

6. Plaintiff further avers that Defendant, Michael Duke and Lane Heard Trucking, L.L.C., negligently and/or wantonly failed to keep their tractor-trailer under control and failed to avoid the last clear chance to avoid this collision by swerving to miss the motorcycle too late under the circumstances and caused a collision with Plaintiff's tractor-trailer. As a proximate consequence of this combining and concurring wantonness, the Plaintiffs were injured and damaged as set forth above.

7. Plaintiffs incorporate all pleadings set forth in the original Complaint and re-allege them herein a follows:

8. On or about, to wit: March 7, 2005, Plaintiff, Gerald Ruhnow, was operating a tractor-trailer on a public highway in Pike County, Alabama, to wit: U.S. Highway 231 near milepost 175 and headed north on that highway when Defendants' tractor-trailer being operated by Michael Duke was traveling on the same highway

in the opposite direction (south).

9. Plaintiffs aver that Defendants negligently caused or negligently allowed the tractor-trailer being operated by Michael Duke to be operated in such a manner that the driver lost control of the tractor-trailer, causing it to cross the dividing median and striking the tractor-trailer being operated by Plaintiff, Gerald Ruhnow. As a proximate consequence of Defendants' negligence, Plaintiff, Gerald Ruhnow, was caused to suffer serious injuries; he was caused to be burned over a large portion of his body; he was caused to suffer injuries to his head, scalp and face; he was caused to require extensive medical care and treatment; he was caused to miss time from his employment and to suffer lost income; he was caused to suffer severe physical pain and mental anguish; and, he was permanently injured.

10. Plaintiffs further aver that at the same time and place set forth above, Defendants negligently caused or negligently allowed the tractor-trailer being operated by Michael Duke to be operated in an unsafe and negligent manner and under conditions that presented the risk of injury to others on this public highway and the driver of this tractor-trailer negligently failed to keep in a proper lookout for road conditions while negligently failing to keep his tractor-trailer under control. As a proximate consequence thereof, the collision occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

11. Plaintiffs further aver that at the same time and place set forth above, Defendants negligently entrusted the operation of the tractor-trailer being operated by Michael Duke to that operator despite knowing or having means to know of his driving ability and condition which presented a hazard to the public on the highway and Plaintiff in particular. As a proximate and foreseeable consequence thereof, the operator failed to keep a proper, safe lookout for the highway condition and failed to keep his tractor-trailer under control to avoid the series of events that culminated in this collision. As a proximate consequence thereof, Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

12. Plaintiffs further aver that Defendants negligently failed to properly train; supervise and monitor the operator of this tractor-trailer, Michael Duke, and, as a proximate consequence thereof, this collision occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

13. Plaintiffs further aver that the negligence of Defendants combined and concurred with the negligence of others to proximately cause the injuries and damages set forth herein.

14. At all times pertinent herein, Plaintiff, Connie Ruhnow, was the lawful wife of Plaintiff, Gerald Ruhnow. As a proximate consequence of Defendants' negligence as set forth above, Plaintiff, Connie Ruhnow, was caused to suffer the loss

of her husband's care, comfort, society and services.

15. Plaintiffs further aver that at the same time and place set forth above, Defendants wantonly caused or wantonly allowed the collision described above to occur under conditions of driving by Michael Duke that were wanton and were an unreasonable and foreseeable risk for the events that culminated in this collision. As a proximate consequence thereof, the Plaintiffs were injured and damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment against all Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

Respectfully submitted,

s/Stephen D. Heninger

Stephen D. Heninger [ASB5227E68S]
Heninger, Burge, Vargo & Davis, LLP
2146 Highland Avenue
Birmingham, Alabama 35205
(Telephone) 205.933.2345
(Facsimile) 205.933.1616
E-mail: Steve@hbvdlaw.com

**Defendant's Address:** **[To be served via certified mail]**

Christy Leann Champion
171 Cactus Drive
Box 101
Troy, Alabama 36081

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Burruss Riis, Esq.
HAND ARENDALL, LLC
P. O. Box 123
Mobile, Alabama 36601
251-432-5511
(Counsel for Lane Heard Trucking, LLC)

s/Stephen D. Heninger

Stephen D. Heninger [ASB5227E68S]
Heninger, Burge, Vargo & Davis, LLP
2146 Highland Avenue
Birmingham, Alabama 35205
(Telephone) 205.933.2345
(Facsimile) 205.933.1616
E-mail: Steve@hbvdlaw.com