IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD RUHNOW and CONNIE RUHNOW, | * * * | |
| Plaintiffs, | * | |
| v. | * | CIVIL ACTION NO. 2:05-cv-00527-F |
| | * | |
| LANE HEARD TRUCKING, LLC., et al, | * * | |
| Defendant. | * | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 20, 2005, by telephone and was attended by J. Burruss Riis, Mac Freeman of Robert Ward's office, and Tim Davis of Steve Heninger's office.

The parties do not request a conference with the court before entry of the scheduling order.

(a) **Plaintiff's brief narrative statement of the facts**: On or about, to wit: March 7, 2005, Plaintiff, Gerald Ruhnow, was operating a tractor-trailer on a public highway in Pike County, Alabama, to wit: U.S. Highway 231 near milepost 175 and headed north on that highway when Defendants' tractor-trailer being operated by Michael Duke was traveling on the same highway in the opposite direction (south).  Plaintiffs aver that Defendants negligently caused or negligently allowed the tractor-trailer being operated by Michael Duke to be operated in such a manner that the driver lost control of the tractor-trailer, causing it to cross the dividing median and striking the tractor-trailer being operated by Plaintiff, Gerald Ruhnow.  As a proximate consequence of Defendants' negligence, Plaintiff, Gerald Ruhnow, was caused to suffer serious injuries; he was caused to be burned over a large portion of his body; he was

caused to suffer injuries to his head, scalp and face; he was caused to require extensive medical care and treatment; he was caused to miss time from his employment and to suffer lost income; he was caused to suffer severe physical pain and mental anguish; and, he was permanently injured.

    (b)  **Defendant Lane Heard Trucking Company's brief narrative statement of the facts and defenses**: On or about March 7, 2005, on U.S. Highway 231 in Pike County, Alabama, near mile marker 175 (South of Troy, Alabama), the defendant, Christy Champion, was operating a vehicle in a fashion which resulted in an accident with Michael Atkins, who was operating a motorcycle at the time. After that accident, Mr. Atkins and Ms. Champion allowed Mr. Atkins's motorcycle to remaining the right of way of Highway 231, in the lane of travel of Mr. Michael Duke, an employee of the defendant Lane Heard Trucking Company who was operating a tractor trailer traveling south on Highway 231. Mr. Duke's tractor trailer collided with the abandoned motorcycle lying in the highway which was not visible in the darkness of the night. This collision caused Mr. Duke to lose control of his vehicle, causing it to travel diagonally across the southbound lanes and center turn lane into the northbound lanes of Highway 231 where his vehicle was then hit by the tractor trailer driven by the plaintiff, Gerald Ruhnow. As a result of that collision, Mr. Duke was killed and the plaintiff, Gerald Ruhnow, allegedly suffered injuries.

  The defendant, Lane Heard Trucking, has pled lack of proximate cause as a result of independent third party negligence which was the proximate cause of this accident (i.e., the negligent operation of vehicles by Champion and Atkins). Defendant has also pled the Sudden Emergency Doctrine in that the motorcycle was left in the right of way without any warning and the defendant's driver was faced with a sudden emergency and acted as a reasonable person

would under similar circumstances. This defendant has also raised affirmative defenses as to the constitutionality and propriety of punitive damages in this case.

    (c) **Defendant Christy Leann Champion's brief narrative statement of the facts and defenses**: The defendant, Christy Leann Champion, will deny all material allegations and demands strict proof thereof. The defendant pleads lack of proximate cause as a result of superseding and intervening causes that insulates this defendant from liability. This defendant contends that the plaintiff's claims are barred under the Doctrines of Contributory Negligence, Assumption of the Risk and Last Clear Chance. Defendant has also plead the Sudden Emergency Doctrine. This defendant has also raised affirmative defenses as to the constitutionality of punitive damages in this case.

  2. This jury action should be ready for trial by December 2006 and at this time is expected to take approximately four days.

  3. The parties request a pretrial conference in November, 2006.

  4. Discovery plan. The parties jointly propose to the court the following discovery plan:

  Discovery will be needed on the following subjects: facts of the accident and medical claims of plaintiff.

  All discovery commenced in time to be completed by September 30, 2006.

  5. Initial Disclosures. The parties will exchange by October 21, 2005 the information required by Fed. R. Civ. P. 26(a)(1).

  6. The parties request until February 28, 2006, to join additional parties and amend the pleadings.

  7. Reports from retained experts under Rule 26(a)(2) due:

      From plaintiff(s) by June 15, 2006.

      From defendant(s) by July 31, 2006.

8.    Pretrial Disclosures.   Final lists of witnesses and exhibits under Rule 26(a)(3) due by November 15, 2006.

9.    Discovery Limits.

Maximum of 50 interrogatories by each party to any other party.  Responses due 30 days after service.

Maximum of 10 depositions by plaintiff(s) and 15 by defendant(s).  Each deposition limited to maximum of 5 hours unless extended by agreement of parties.

Maximum of 30 requests for admission by each party to any other party.  Responses due 30 days after service.

Maximum of 40 requests for production of documents by each party to any other party.  Responses due 30 days after service.

10.    All potentially dispositive motions filed by October 15, 2006.

11.    Settlement cannot be evaluated prior to February 28, 2006.

12.    [Other matters.]


                */s/ Stephen D. Heninger*
                STEPHEN D. HENINGER (ASB5227E68S)
                Attorney for Plaintiffs Gerald Ruhnow and Connie Ruhnow

OF COUNSEL:
Heninger, Burge, Vargo & Davis, LLP
2146 Highland Avenue
Birmingham, Alabama 35205
(Telephone) 205.933.2345
(Facsimile) 205.933.1616


                */s/ J. Burruss Riis*

- 5 -

          J. BURRUSS RIIS (RIISJ8057)
          Attorney for Defendant Lane Heard Trucking, Inc.

OF COUNSEL:
HAND ARENDALL, L.L.C.
3000 AmSouth Bank Building
Post Office 123
Mobile, Alabama  36601
Phone: 251 432-5511
Fax: 251 694-6375


          /s/ *Robert C. Ward*
          ROBERT C. WARD (ASB5442D654)
          Attorney for Defendant Christy Leann Champion

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
P.O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3229
Facsimile: (334) 265-8711