## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **GERALD RUHNOW; CONNIE RUHNOW,** | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | **Civil Action** |
| | * | **File Number 2:05-cv-527-F** |
| **v.** | * | |
| | * | |
| **LANE HEARD TRUCKING, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## MOTION TO INTERVENE

COMES NOW Northland Insurance Company, ("Northland"), applicant for intervention, and pursuant to Fed.R.Civ.Pro. 24(b) (2) moves the Court for an order permitting intervention in the above referenced action.

Attached is a Brief in Support of this Motion to Intervene, a proposed Complaint setting forth the claim for which intervention is sought, and a proposed order.

This 27th day of September, 2005.

/s/  Linda Hinson Ambrose, Esq.
ASB 1753-B38L
ATTORNEY FOR MOVANT,
Northland Insurance Company

OF COUNSEL:
ROGERS AND ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35242
(205) 982-4620

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Robert C. Ward, Jr., Esq.
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
P.O. Box 270
Montgomery, Al. 36101-0270
Counsel for Defendant, Christy Leann Champion

J. Burrus Riss, Esq.
HAND ARENDALL
P.O. Box 123
Mobile, Alabama 36601
Counsel for Defendant, Lane Heard Trucking

Stephen D. Heninger, Esq.
HENINGER, BURGE, VARGO & DAVIS
2146 Highland Avenue
Birmingham, Alabama 35205
Counsel for Plaintiffs, Gerald and Connie Ruhnow

2

Respectfully submitted,

/s/ Linda Hinson Ambrose
ROGERS & ASSOCIATES
Suite 650
Birmingham, Alabama  35244
(205) 982-4620
(205) 982-4630 – FAX
E-mail:  lambrose@spt.com
ASB – 1753-B38L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **GERALD RUHNOW; CONNIE RUHNOW,** | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | **Civil Action** |
| | * | **File Number 2:05-cv-527-F** |
| **v.** | * | |
| | * | |
| **LANE HEARD TRUCKING, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## BRIEF IN SUPPORT OF MOTION TO INTERVENE

COMES NOW Northland Insurance Company ("Northland") and files this Brief in Support of its Motion to Intervene and shows the Court as follows:

### Statement of Facts

Plaintiffs filed the above-styled case against Defendant Lane Heard Trucking, LLC ("Lane Heard") in the Circuit Court of Pike County seeking recovery for personal injuries and loss of care, comfort, society and services resulting from a motor vehicle accident which occurred on March 7, 2005, near milepost 175, Highway 231, in Pike County, Alabama ("Accident"). Lane Heard subsequently removed the case to this Court and answered the complaint on or about June 16, 2005. Plaintiffs filed its First Amendment to the Complaint adding as a party Defendant, Christy Leann Champion ("Champion") on or about July 28,

Champion filed her Answer to Plaintiffs' First Amendment to Complaint on or about September 9, 2005

Plaintiff, Gerald Ruhnow, owned a tractor-trailer that he was driving at the time of the Accident, which tractor-trailer was damaged in the Accident. At all times relevant hereto, Northland insured Gerald Ruhnow's tractor-trailer under policy number TN4151191   A true and correct CERTIFIED copy of this policy is attached to Northland's Complaint as Exhibit "1", which has been filed simultaneously with this Brief.

Subsequently, Gerald Ruhnow made a claim to Northland for damages sustained to his tractor-trailer in the Accident. Northland paid Gerald Ruhnow $122,746.75 for damages to the tractor, trailer and for extra expenses, after deducting the salvage. Northland's breakdown of its damages is as follows:

| | | | |
|---|---|---|---|
| Tractor (actual cash value) | $ 94,500.00 | | |
| Tax @ 7% | 6,615.00 | | |
| Less deductible | 1,000.00 | | |
| | | Subtotal | $100,  5.00 |
| Towing | 9,411.75 | | |
| | | Subtotal | 9,411.75 |
| Trailer (actual cash value) | 12,000.00 | | |
| Less salvage | 2,435.00 | | |
| | | Subtotal | 9,565.00 |

| | | | |
|---|---|---|---|
| Replacement of City of Troy Firefighters' equipment | 3,655.00 | | |
| | | Subtotal | 3,655.00 |
| TOTAL | | | $122,746.75 |

Northland contends that it is subrogated to Gerald Ruhnow's right of recovery for property damages and extra expenses to the extent of the payment made.

### Argument and Citation of Authority

Federal Rule of Civil Procedure 24(b)(2) allows a party to intervene when the applicant's claim or defense and the main action have a question of law or fact in common. This Court has the discretion of allowing Northland to intervene in this action and, in exercising that discretion, the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

This lawsuit was initially filed on or about May 3, 2005. Defendant, Lane Heard removed this matter to this Court and then answered the complaint on or about June 16, 2005. Plaintiffs subsequently amended the complaint to add Champion as a defendant. Champion answered the amended complaint on or about September 9, 2005. This action is in the very early stages of discovery. Northland's claim against the defendants arises out of the same incident as the complaint filed by

the plaintiffs, and Northland seeks recovery of property damages arising out of the same Accident. None of the parties will suffer any prejudice if Northland's Motion to Intervene is granted, and allowing Northland to intervene in this action will not delay the adjudication of this lawsuit. Allowing Northland to intervene in this case will serve the interest of justice and avoid Northland filing a separate action involving this same incident as involved in the case before this Court.

Counsel for Northland has been informed by counsel for Champion and Lane Heard Trucking that they do not object to Northland intervening in this action. Counsel for Northland has not consulted with counsel for the plaintiffs, but plaintiffs will suffer no prejudice if Northland is added as an additional plaintiff to this action. Finally, adding Northland as a plaintiff will not affect this Court's jurisdiction over this case, as Northland is a Minnesota corporation with its principal place of business in the State of Minnesota.

## CONCLUSION

For the foregoing reasons, Northland Insurance Company, requests that this Court issue an ORDER GRANTING its Motion to Intervene as a plaintiff in this lawsuit pursuant to Fed. R.Civ.Pro. 24(b)(2).

This 27th day of September, 2005.

4

RESPECTFULLY SUBMITTED,

/s/ Linda Hinson Ambrose
ROGERS & ASSOCIATES
Suite 650
Birmingham, Alabama  35244
(205) 982-4620
(205) 982-4630 – FAX
E-mail:  lambrose@spt.com
ASB – 1753-B38L

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **GERALD RUHNOW; CONNIE RUHNOW,** | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | **Civil Action** |
| | * | **File Number 2:05-cv-527-F** |
| **v.** | * | |
| | * | |
| **LANE HEARD TRUCKING, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |
| **NORTHLAND INSURANCE CO.** | * | |
| | * | |
| **Intervener,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **LANE HEARD TRUCKING, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## <u>ORDER</u>

Northland Insurance Company ("Northland"), having moved for an order permitting intervention in the above-styled case pursuant to Fed.R.Civ.Pro. 24(b)(2), and it appearing that allowing Northland to intervene will not prejudice the rights of the other parties to this case or delay the adjudication of

1

this matter, and for other good cause shown, it is hereby ORDERED that the
Motion to Intervene of Northland Insurance Company is hereby GRANTED.
The proposed Complaint of the Intervener shall be deemed filed and served as of
this date.

This _____ day of _____, 2005.


_____ _____
Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD RUHNOW; CONNIE RUHNOW, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | Civil Action |
| | * | File Number 2:05-cv-527-F |
| v. | * | |
| | * | |
| LANE HEARD TRUCKING, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| NORTHLAND INSURANCE CO., | * | |
| | * | |
| Intervener, | * | |
| | * | |
| v. | * | |
| | * | |
| LANE HEARD TRUCKING, et al., | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, Northland Insurance Company, as Subrogee of Gerald Ruhnow, d/b/a Ruhnow Trucking ("Northland"), and for its Complaint states as follows:

1

Defendant, Lane Heard Trucking, LLC, ("Lane Heard") is a Limited Liability Corporation incorporated in the State of Mississippi with its principal place of business located in the State of Mississippi.

2.

Defendant Christy Leann Champion is a resident of the State of Alabama.

3

Northland is a corporation incorporated in a state other than Alabama, with its principal place of business in a state other than Alabama, but is licensed to do business in the State of Alabama.

4.

Venue of this Court over this case is proper.

5.

The jurisdiction of this Court over the parties and subject matter of this lawsuit is proper, as Northland seeks damages in excess of $75,000.00, exclusive of interest and costs and because diversity of citizenship exists between Northland and the defendants.

6.

Prior to March 7, 2005, Northland issued a policy of insurance to Gerald Ruhnow d/b/a Ruhnow Trucking, ("Ruhnow") which insured a 2003 Peterbilt Tractor and a 999 Wabash TK60 trailer under policy number TN415191

A tru  an    rr    ert fi    y  f  h    y re  rred    th
aph    ta h  h  to    hi

On    abo    M  h 7  0   Ger l  R hn    l ed    m to
h  l    th    rth boun  lan  f L   H  hw y  1 n ar  il po  7
ar T  y   Pik  County  A  bam  whil  driv   h  P    il tra tor    hi
arrym  h  V  ba h TK  tra er   scr ed in Paragraph N  be

P  or    he    rr    th  bo    agraph Def  dan
Champi  was    mo    hi    th  m to cy l    h
me  oc ti    th    th    f L

as    n   formati   beli f,  h    De    an
Champ    l   from Cham on    d  ence. an    th    y  to he
th  gh h   f th  orth    f U

A tru    rr    y  f  h  A  ama M to  V hi l  A    R port
ardin  th    d    tt hed h    Exhi

After  h    De    Champ    he
tra  tr l  er ed by Mi h  l D k  so tr  l   rth bo    L   3
th  ame area, ra  er th m   y   h  v    l y   th  d. M  Duk
l   tr l  f h  tra to tr ler h    an    ed th    th  th
bo d l  f L    trikin  h  tra to tr  in  ri en by  ra
R  hn

Λ     ım(     an h( to M: ha  Duk( w·          as an  gen   ther ·y
ıd/          tati·   ıf D ·fendan  L.    H(

Λ·     me  rel·    he  to  Mi ha   D ık(          ıng    :h:  th( sc    ıf
hi.   ıp  yme   or   ency   th D    dan  Lan  Hear

1

Λ tru  an                     ıf the  Λ.  bam   M( tor  V :hi(   Λ·   en  R   ort
       :h(          betw     M: :h;   D ık( an   G   ıl  Ruhn ·w       ta :h(
h     Ex hi

G  al   Ruhn(    d/b   Ruhn(   **T**   king   ffered     perty dam; ge
       ıf th(   cıd     scrı ed **in**  ar graphs  thr   :h     th; :h  tr;  or an
tr;   M। Ruhnıow w   drı     at :h( time w·     tantially   tr ıyed     ther
       itı(    tr   xp            ed

7.

Geral   R :hn(·v   d/b   Ruhn(·w  **T**   ki   mad(  an    uran    :laım to
Τ orthlan    ki    mbursem(  fo th(  ho    ference    perty darna;

**Northland**  aı  G ·rald R hn    **d/b/·  R :hn(·w T**   ki
b(:h; f  ıf R :hn(   Tru ki      7   7  for th( pr  ·rty  amage          tra
       ffe ed **in** th        fer   ed    d

**North**ı          ro  te  to G ral  Ruhn ·w d/b/· Ruhn(·  Τ   kıng  ri;ht
ıf     ·ry  ıf th(  ama     ferred to    th(         ar gra h   th(   te   ıf th(
paymen। ma

## COUNT ONE
(Negligence – Champion)

20.

Plaintiff incorporates paragraphs 1 through 19 of this complaint as though set forth in full

21

Defendant Champion had a duty to use reasonable care during the operation of her motor vehicle to ensure that other motorists were not damaged or injured as a result of her actions.

22.

Defendant Champion breached the standard of care on March 7, 2005, when she negligently and/or wantonly operated the motor vehicle she was driving, and caused the first accident described in paragraphs 9 and 10, above.

23

As a factual and proximate consequence of the negligence of Defendant Champion, Plaintiff suffered damages for which it now seeks relief.

## COUNT TWO
(Negligence – Lane Heard)

24.

Plaintiff incorporates paragraphs 1 through 23 of this complaint as though set forth in full.

25

Lane Heard's agent, employee and/or representative, Michael Duke, had a duty to other drivers in his vicinity to operate the vehicle he was driving with

reasonable care so that he would not lose control of the vehicle and cause a motor vehicle accident, resulting in damages to other drivers.

26.

Michael Duke breached the standard of care when he caused or negligently allowed the tractor trailer he was driving on March 7, 2005, to cross the lane of traffic in which he was driving into the opposite lane, striking the tractor-trailer being driven by plaintiff's insured.

As a factual and proximate result of the actions of Lane Heard's employee, agent and/or representative as described above, Northland suffered the damages for which it now seeks relief.

## COUNT THREE
(Negligence - Lane Heard)
28.

Plaintiff incorporates paragraphs    through 27 of this complaint as though set forth in full.

29.

Plaintiff contends that Lane Heard and or its employees, agents or authorized representatives owed a duty to other drivers on the highway to use reasonable care to ensure that those who were allowed to drive its vehicles were qualified and properly trained to do so.

30.

Based on information and belief, Lane Heard breached the standard of care by negligently allowing the tractor-trailer operated by Michael Duke to be operated in an unsafe manner and/or otherwise entrusting its vehicle to an individual was not properly trained or otherwise qualified to operate said vehicle.

31.

Lane Heard's negligent actions as described above factually and proximately caused the damages for which plaintiff seeks relief.

**WHEREFORE,** Northland requests that judgment be entered in its favor and against Defendants, in excess of $75,000.00, plus interest, cost, and other relief this Court deems appropriate.

This the 27th day of September, 2005.

RESPECTFULLY SUBMITTED:

/s/ Linda Hinson Ambrose
ROGERS & ASSOCIATES
Suite 650
Birmingham, Alabama  35244
Attorney for Northland Insurance Company
(205) 982-4620
(205) 982-4630 – FAX
E-mail:  lambrose@spt.com
ASB – 1753-B38L

Exhibit

**Northland**
INSURANCE

## CERTIFICATION OF POLICY

State of Minnesota  )
                    )SS:
County of Ramsey    )

JOHN PALMER for NORTHLAND INSURANCE COMPANY, states that he is familiar with the policy of insurance issued to GERALD L RUHNOW dba RUHNOW TRUCKING and that the attached Policy TN415,191 period from 03/10/2004 to 03/10/2005.

_John Palmer_

JOHN PALMER
TRANSPORTATION CLAIMS
NORTHLAND INSURANCE COMPANY

Subscribed and sworn before me, a Notary Public in and for said County and State, this _19_ day of _August_ 2005

_Francine Scheet_
Notary Public



**COMMON POLICY DECLARATIONS**

COVERAGE is provided in Company Checked
☒ NORTHLAND INSURANCE COMPANY
☐ NORTHLAND CASUALTY COMPANY
☐ NORTHFIELD INSURANCE COMPANY
Mendota Heights, MN 55120          9 years

Agency No: 080000          Producer No: STINSON          Policy No: TN415191
**POLICY PERIOD:**     From  03/10/2004   To  03/10/2005     Previous Policy No: TN374891
                                                                              **Term:** Annual
at 12:01 A.M. Standard Time at your mailing address shown below.
**Named Insured:**
Gerald L Ruhnow
dba Ruhnow Trucking
**Mailing Address:**
9655 N. 1400th Ave          Osco                    IL      61274
          Street Number          City                      State    Zip Code
**BUSINESS DESCRIPTION:** Truckman

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY,
WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS *FOR WHICH A PREMIUM IS INDICATED.*
THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Auto/Garage Coverage Part | $ 10,653.00 |
| Commercial Crime Coverage Part | $ |
| Commercial General Liability Coverage Part ...... | $ |
| Commercial Inland Marine Coverage Part ......... | $ 1,150.00 |
| Commercial Professional Liability Coverage Part | $ |
| Commercial Property Coverage Part | $ |
|  | $ |
| Premium Total | $ 11,803.00 |
| Other Charges | $ |
| Audit Period: Annual unless otherwise stated:    **TOTAL** | $ 11,803.00 |

MAR 2 5 2004

Forms and Endorsements:
S2618-IL (1/03), T-164 (6/03), T-344 (3/03), IL 00 17 (11/98),
IL 00 21 (07/02), IL 09 52 (11/02), TJ-01 (7/02), T-434 (6/03)
TD-01 (6/03), TD-441 (6/03)

Agency Name/Address:
Clemens & Associates
2806 E. Empire
Bloomington, IL   61702-5190

Countersigned: __03/12/2004 ML__   By _____
                    Date                    Authorized Representative

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services Office, Inc., 1985

TD-04 (7/91)                    HOME OFFICE


**Northland**
INSURANCE

**TRANSPORTATION CARGO
COVERAGE FORM DECLARATIONS**

☐ Check here if **PART 2** is attached
☒ Filings

Coverage is provided in Company checked
☒ **NORTHLAND INSURANCE COMPANY**
☐ **NORTHLAND CASUALTY COMPANY**
☐ **NORTHFIELD INSURANCE COMPANY**
Mendota Heights, MN 55120
**STOCK COMPANIES**

| ITEM ONE - NAMED INSURED AND ADDRESS | | Policy Period | | ☒ | Individual |
|---|---|---|---|---|---|

Gerald L Ruhnow
dba Ruhnow Trucking
9655 N. 1400th Ave

Osco                    IL 61274-

25% Down - 8 Payments

**Policy Period**
From  03/10/2004
To   03/10/2005
12:01 A.M. Standard Time
at Named "Insured's"
Garaging address

**Business of Named "Insured":**
Trucker

☒ Individual
☐ Partnership
☐ Corporation
☐ Joint Venture
☐ LLC
☐ Other

**POLICY NO.**
TN415191
**PREVIOUS POLICY NO.**
TN374891

**AGENCY NO.** 080000    **BRANCH** 001

Garaging address if different:

**Commodities hauled:**
Grain, Hay, Straw, Feed, Machinery

| UW # DH | SOURCE STINSON | Years 4 |
|---|---|---|

**ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as Covered "Autos." "Autos" are shown as Covered "Autos" for a particular coverage by the entry of one or more of the Symbols listed in the Covered Auto Section next to the name of the coverage.

| Covered "Auto" | Coverages | Limits of Insurance | Premium |
|---|---|---|---|
| 86, 87 | CARGO | $ 100,000 per covered auto less the deductible | $ 1,150.00 |
| 86, 87 | | $ 1,000,000 all covered property in any one occurrence | $ Incl. |

| ADDITIONAL PREMIUM PER ENDORSEMENTS: | $ |
|---|---|

FORMS AND ENDORSEMENTS CONTAINED IN THE CARGO POLICY AT ITS INCEPTION:
T-047 (6/03), T-404 (6/03), T-445 (12/03)

**ESTIMATED TOTAL PREMIUM**    $ 1,150.00

| ITEM THREE - HIRED CAR CARGO INSURANCE | ESTIMATED COST OF HIRE | $ If any |
|---|---|---|
| Rate per $100 Cost of Hire | Minimum Premium | Advance Premium (included in ITEM TWO) Cost of hire means the total cost you incur for the hire of "autos" you don't own. (See covered "auto" symbol.) $ 75.00 |

**ITEM FOUR - SCHEDULE OF COVERED AUTOS YOU OWN - CARGO**

| Year, Model, Trade Name, Body Type | Identification Number (VIN) | Limit | DED. | THEFT DED. | RATE | PREM. |
|---|---|---|---|---|---|---|
| Refer to T-434 | | | | | | |

**ITEM FIVE - MONTHLY REPORTING POLICIES**

| COVERAGES | RATING BASIS CODES GR - Gross Receipts MI - Gross Mileage PU - Rate per Power Unit | RATES | ESTIMATED ANNUAL PREMIUMS | DEPOSIT PREMIUM $_____ |
|---|---|---|---|---|
| | | | $ | MINIMUM PREMIUM $_____ |
| | | | $ | CARGO |
| | | | $ | |
| | | | $ | $_____  $_____ |
| | | | $ | Monthly    Annually |
| | | | $ | |

EXPOSURES:
Estimated annual gross receipts $
Estimated annual gross mileage
Number of power units

Deductible _____
Theft Deductible _____

$ _____  TOTAL ESTIMATED ANNUAL PREMIUM

See separate endorsements for reporting conditions and definitions.

Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1990

## COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that are covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."

### A. Description of Covered Auto Designation Symbols

| Symbol | Description of Covered Auto Designation Symbols | |
|---|---|---|
| 83 | Owned commercial "autos" only | Only those trucks, tractors you own. This includes those trucks, tractors you acquire ownership of after the policy begins. |
| 86 | Specifically described "autos" | Only those "autos" described in Item Four of the Declarations for which a premium charge is shown. |
| 87 | Hired "autos" only | Only those "autos" you lease, hire or borrow. |
| 88 | Specifically reported "autos" | All "autos" reported at inception are covered as well as any additional "autos" added during the month preceding the submission of the monthly report. If the "auto" is not reported on the first monthly report following the acquisition of the "auto," there is no coverage until such time as the "auto" is reported. |

### B. Owned Autos You Acquire After the Policy Begins

1. If Symbol 86 is entered next to the coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

### C. Temporary Substitute Autos

Any "auto" you do not own while used with the permission of its owners as a temporary substitute for a covered "auto" you own that is out of service because of its:

1. Breakdown;

2. Repair;

3. Servicing; or

4. "Loss."

Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1990

**Northland INSURANCE**

**COMMERCIAL AUTO COVERAGE FORM DECLARATIONS**

☐ Check here if **PART 2** is attached
☒ Filings

Coverage is provided in Company checked
☒ NORTHLAND INSURANCE COMPANY
☐ NORTHLAND CASUALTY COMPANY
☐ NORTHFIELD INSURANCE COMPANY
Mendota Heights, MN  55120

STOCK COMPANIES

| ITEM ONE - NAMED INSURED AND ADDRESS | Policy Period | ☒ Individual |
|---|---|---|

Gerald L Ruhnow
dba Ruhnow Trucking

Osco                    IL  61274 -
25% Down - 8 Payments

Garaging address if different:

Policy Period
From  03/10/2004
To  03/10/2005
12:01 A.M. Standard Time
at Named "Insured's"
Garaging address

Business of Named "Insured":
Trucker

Commodities hauled:
Grain, Hay, Straw, Feed, Machinery

☒ Individual
☐ Partnership
☐ Corporation
☐ Joint Venture
☐ LLC
☐ Other

POLICY NO.
TN415191

PREVIOUS POLICY NO.
TN374891

| AGENCY NO. | BRANCH |
|---|---|
| 080000 | 001 |

| UW # | SOURCE | # YRS. |
|---|---|---|
| DH | STINSON | 4 |

### ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as Covered "Autos." "Autos" are shown as Covered "Autos" for a particular coverage by the entry of one or more of the Symbols listed in Section 1A of the Coverage Form next to the name of the coverage.

| | Covered "Autos" | COVERAGES | LIMITS OF LIABILITY | | | PREMIUM |
|---|---|---|---|---|---|---|
| **LIABILITY** | 46, 47 | (1) BODILY INJURY - BI | $  each person $ | | each "accident" | $ |
| | | (2) PROPERTY DAMAGE - PD | $  each "accident" | | | $ |
| | | COMBINED (1) AND (2) - CSL | $ 1,000,000  each "accident" | | | $  4,982.00 |
| **ADDITIONAL COVERAGES BY ENDORSEMENT** | | PERSONAL INJURY PROTECTION - PIP (or equivalent No-Fault coverage) | Separately Stated in each PIP endorsement | | | $ |
| | | ADDED PIP (or equivalent No-Fault coverage) | Separately Stated in each added PIP endorsement | | | $ |
| | | PROPERTY PROTECTION - PPI (Michigan Only) | Separately Stated in PPI endorsement | | | $ |
| | 46 | "AUTO" MEDICAL PAYMENTS" | $  5,000 | | | $  83.00 |
| | 46 | UNINSURED MOTORISTS - UM  BI | $  each person $ | | each "accident" | $ |
| | | ☐ Incl. UIM Underinsured Motorists  PD | $  each "accident" | | | $ |
| | | CSL | $  250,000  each "accident" | | | $  34.00 |
| | 46 | UNDERINSURED MOTORISTS - UIM  BI | $  each person $ | | each "accident" | $ |
| | | PD | $  each "accident" | | | $ |
| | | CSL | $  250,000  each "accident" | | | $  106.00 |
| **PHYSICAL DAMAGE** | 46 | COMPREHENSIVE | | | | $  1,090.00 |
| | | SPECIFIED PERILS | Stated Amount, Actual Cash Value or Cost of Repairs, whichever is less minus the deductible. | | | $ |
| | 46 | COLLISION | | | | $  4,358.00 |
| | | TRAILER INTERCHANGE | | | | $ |
| | | RENTAL REIMBURSEMENT | | | | $ |

| ADDITIONAL PREMIUM PER ENDORSEMENTS: | | $ |
|---|---|---|
| FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION: | | $ |
| Per Schedule of Forms and Endorsements N-2500 | ESTIMATED TOTAL PREMIUM | $  10,653.00 |

### ITEM THREE - HIRED AUTO LIABILITY INSURANCE  ESTIMATED COST OF HIRE $      If any

| | | | | | | |
|---|---|---|---|---|---|---|
| Rate per $100 Cost of Hire | $ _____ BI | Minimum Premium | $ _____ BI | Advance Premium (incl. in ITEM TWO LIABILITY) | $ _____ BI | Cost of hire means the total cost you incur for the hire of "autos" you don't own. (See covered "auto" symbol 47.) |
| | $ _____ PD | | $ _____ PD | | $ _____ PD | |
| | $  3.925  CSL | | $  157.00  CSL | | $  157.00  CSL | |

### ITEM FOUR - SCHEDULE OF COVERED AUTOS YOU OWN

| Year, Model, Trade Name, Body Type | Identification Number (VIN) | Loss Payee = LP  Additional Insured = AI |
|---|---|---|
| See T-434 | | |

| | LIABILITY PREMIUMS | | | | | STATED AMOUNT | PHYSICAL DAMAGE PREMIUMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| LIAB | OWN/OP LIAB | PIP | MED* | OWN/OP MED/PIP | UM | OTHER | | Comp. S.P. | DED. | COLL. | DED. |
| See T-434 | | | | | | | | | | |

*For Virginia Med. = Medical Expense and Income Loss Benefits.

Clemens & Associates
Bloomington, IL

Countersigned Date   03/12/2004 ML              By _____

THESE DECLARATIONS TOGETHER WITH THE COVERAGE FORM PROVISIONS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.
Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1990

TD-01 (6/03)                    HOME OFFICE



Policy No. TN415191

Issued to  Gerald L Ruhnow
dba Ruhnow Trucking

## SCHEDULE OF AUTOMOBILES
### (forming part of DECLARATIONS)
### ITEM FOUR SUPPLEMENT

| NO. | YEAR, MODEL, TRADE NAME, BODY TYPE | ID NUMBER | LOSS PAYEE = LP   ADDITIONAL INSURED = AI | |
|---|---|---|---|---|
| 1 | 2003 Peterbilt Tractor | D590431 | LP | Central Bank of Illinois |
| 2 | 1989 Lufkin Trailer | 086082 | | |
| 3 | 1984 Mailock Trailer | 043014 | | |
| 4 | 2002 Merritt 42 1/2 Trailer | 013416 | | |
| 5 | 1999 Wabash TK60 Trailer | 8549363 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| NO. | LIABILITY PREMIUMS | | | | | | | STATED AMOUNT | PHYSICAL DAMAGE PREMIUMS (☒ Combined Deductible) | | | | | CARGO | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | LIAB | OWN/OP LIAB | PIP | MED* | OWN/OP MED/PIP | UM | OTHER | | ☒ Comp ☐ S.P. | DED. | COLL. | DED. | | LIMIT | DED. | Theft Ded. | RATE | PREM. |
| | 4,113 | | | 83 | | 140 | | 106,000 | 765 | 1,000 | 3,062 | 1,000 | | 100,000 | 1,000 | 2,000 | 1.08 | 1,075 |
| 2 | 616 | | | | | | | 8,500 | 71 | 1,000 | 282 | 1,000 | | | | | | |
| 3 | 32 | | | | | | | 7,500 | 50 | 1,000 | 199 | 1,000 | | | | | | |
| 4 | 32 | | | | | | | 21,000 | 127 | 1,000 | 508 | 1,000 | | | | | | |
| 5 | 32 | | | | | | | 12,000 | 77 | 1,000 | 307 | 1,000 | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |

*For Virginia Med. = Medical Expense & Income Expense Loss Benefits.
*For Michigan Med. = Property Protection Insurance.

T-434 (6/03)



**Northland**
INSURANCE

**Schedule of Forms
and Endorsements**

Policy No.        TN415191        issued to        Gerald L Ruhnow
dba Ruhnow Trucking

The below listed forms and endorsements are contained in this policy at its inception.

BMC-90, Form F - Motor Carrier, Form I - MC Cargo, CA 00 12 (10/01)
CA 00 38 (12/02), CA 01 20 (06/03), CA 02 70 (08/94),
CA 21 30 (03/04), CA 21 38 (03/03), CA 23 56 (11/02),
CA 99 03 (07/97), CA 99 44 (12/93), CA 99 48 (09/02), T-039 (9/90)
T-217 (6/03), T-224 (2/03), T-237 (10/00), T-363 (9/96),
MCS-90 (10/99), TF-029 (R8/91), TF-037 (R5/93)

N-2500 (4/94)

 **Northland** INSURANCE

**CERTIFICATE OF INSURANCE
LOSS PAYEE**

This is to certify that you (certified holder) are a loss payee under Policy No.   TN415191    issued to

Gerald L Ruhnow                              for the policy period
dba Ruhnow Trucking

from   03/10/2004   to   03/10/2005       This policy provides the coverages indicated for the

following auto(s):

| YEAR | TRADE NAME | SERIAL NUMBER | STATED AMOUNT | Coverage Provided if Deductible Shown | | |
|------|-----------|---------------|---------------|---------------|----------------|-----------|
|      |           |               |               | Comprehensive | Specified Perils | Collision |
| 2003 | Peterbilt | D590431 | $ 106,000 | 1,000 | | 1,000 |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |
|      |           |               | $ |  |  |  |

**This certificate is issued as a matter of information only and does not amend, extend, or alter the coverage provided by the policy.**

If we cancel the policy during the policy period, we will mail the "insured" and you the same advance notice.

If we make any payment to you, we will obtain your rights against any other party.

NAME AND ADDRESS OF CERTIFICATE HOLDER
Central Bank of Illinois

PO Box 89

Geneseo, IL 61254-

DATE ISSUED _____ 03/12/2004 _____

_____
Authorized Representative

TF-029 (R 8/91)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ADDITIONAL INSURED ENDORSEMENT

This endorsement changes the policy effective on the inception date of the policy unless a different date is indicated below.

(The following need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on    03/10/2004    at 12:01 A.M. standard time, forms a part of

Policy Number    TN415191    issued to    Gerald L Ruhnow
                                           dba Ruhnow Trucking
Expiration Date   3/10/2005

_____03/12/2004_____                   _____
            Date                                Authorized Representative

If a covered auto symbol and premium are shown for Liability or Cargo in Item Four of the Declarations, coverage is amended as follows:

A. LIABILITY

Section II - LIABILITY INSURANCE, Paragraph A.1. WHO IS AN INSURED, Part e., includes the person(s) or organization(s) for his, her, or its liability because of acts or omissions of an "insured" under Section II, Paragraph A.1. parts a, b, c, and d;

B. CARGO

TRANSPORTATION CARGO COVERAGE FORM, SECTION E. LOSS CONDITIONS, 5. HOW WE WILL PAY FOR LOSSES - THE MOST WE WILL PAY, Part a. includes the person(s) or organization(s) indicated below, but only as interests may appear;

Subject to the following additional provisions:

1. No liability is assumed by that person(s) or organization(s) for the payment of any premiums stated in the policy or earned under the policy.

2. If we cancel or nonrenew the policy, a copy of the written notice of cancellation will be mailed by us to that person(s) or organization(s).

All other terms and conditions of the policy remain unchanged.

PERSON(S) or ORGANIZATION(S)                     ADDRESS

Mercer Transportation                  P.O. Box 35610
                                       Louisville, KY  40232-

T-164 (6/03)

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

## ADDITIONAL INSURED ENDORSEMENT

This endorsement changes the policy effective on the inception date of the policy unless a different date is indicated below.

(The following need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on    03/10/2004    at 12:01 A.M. standard time, forms a part of

Policy Number   TN415191    issued to   Gerald L Ruhnow
                                        dba Ruhnow Trucking
Expiration Date   3/10/2005

_____03/12/2004_____    _____
                Date                                Authorized Representative

If a covered auto symbol and premium are shown for Liability or **Cargo in Item** Four of the Declarations, coverage is amended as follows:

A. LIABILITY

Section II - LIABILITY INSURANCE, Paragraph A.1. WHO IS AN INSURED, Part e., includes the person(s) or organization(s) for his, her, or its liability because of acts or omissions of an "insured" under Section II, Paragraph A.1. parts a, b, c, and d;

B. CARGO

TRANSPORTATION CARGO COVERAGE FORM, SECTION E. LOSS CONDITIONS, 5. HOW WE WILL PAY FOR LOSSES - THE MOST WE WILL PAY, Part a. includes the person(s) or organization(s)  indicated below, but only as interests may appear;

Subject to the following additional provisions:

1. No liability is assumed by that person(s) or organization(s) for the payment of any premiums stated in the policy or earned under the policy.

2. If we cancel or nonrenew the policy, a copy of the written notice of cancellation will be mailed by us to that person(s) or organization(s).

All other terms and conditions of the policy remain unchanged.

PERSON(S) or ORGANIZATION(S)                    ADDRESS

Top Flight Transportation          P.O. Box 25090
                                   Portland, OR  97298-

T-164 (6/03)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## COMBINED DEDUCTIBLE

\*This endorsement is **EFFECTIVE**    03/10/2004    \*and is part of Policy Number:  TN415191

\*issued to: Gerald L Ruhnow                        dba Ruhnow Trucking

\*Entry optional if shown in the Policy Declarations.  **If no entry is shown,** the effective date of the endorsement is the same as the effective date of the policy.

This endorsement modifies insurance under the following:

> TRUCKERS COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRANSPORTATION CARGO COVERAGE FORM
> BUSINESS AUTO COVERAGE FORM

### COMBINED DEDUCTIBLE - APPLICATION OF THE DEDUCTIBLE TO A COMBINATION OF "AUTOS" AND CARGO

The following changes are made to:

> TRUCKERS COVERAGE FORM: SECTION IV - PHYSICAL DAMAGE COVERAGE; or
> MOTOR CARRIER FORM: SECTION IV - PHYSICAL DAMAGE COVERAGE; or
> BUSINESS AUTO COVERAGE FORM: SECTION III - PHYSICAL DAMAGE COVERAGE

whichever applies.

Paragraph D. is changed to read:

D.  DEDUCTIBLE - For each covered "auto," **our** obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable **deductible** shown in the declarations.  Any Comprehensive Coverage deductible shown in the declarations does **not** apply to "loss" caused by fire and lightning.

The word "auto" as used in the above paragraph shall apply:

Separately - To each tractor, truck, semitrailer, or trailer when not attached to another at time of "loss."

Inclusively - To any combination of tractor, **truck**, semitrailer(s) or trailer(s) when attached together by coupling devices at time of "loss."

If differing deductibles are involved with a combination:

The greatest of the deductibles will apply to reduce the "loss" if more than one "auto" of the combination is damaged or stolen;

Otherwise, if only one "auto" of the combination is damaged or stolen, the deductible scheduled for that "auto" will apply to reduce the "loss."

Cargo is included in the combination if a cargo premium is charged and the following changes are made to TRANSPORTATION CARGO COVERAGE FORM, T-047.

D.  We will not pay for "loss" in any one occurrence until the amount of the "loss" before applying the applicable Limits of Insurance, exceeds the Deductible shown in the Declarations.  We will then pay the amount of the "loss" in excess of the Deductible.

This deductible shall apply:

To covered property "loss" if not included in the combination.

To any combination of physical damage "loss" as defined in the policy and covered property "loss" if the covered property deductible is greater than the physical damage deductible.  In this case, the physical damage deductible will not apply.

T-344 (3/03)





POLICY NUMBER:  TN415191

**COMMERCIAL AUTO**
CA 21 30 03 04

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# ILLINOIS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Illinois, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective:  03/10/2004 | Countersigned By: |
|---|---|
| Named Insured:  Gerald L Ruhnow | (Authorized Representative) |

dba Ruhnow Trucking

### SCHEDULE

| LIMIT OF INSURANCE | |
|---|---|
| $    250,000 | Each "Accident" |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

    a. The Named Insured and any "family members".

    b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or

    c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

    a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto".  The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

1. Any claim settled without our consent.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by:

   a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form;

   b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form; or

   c. Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Uninsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

## D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit of Insurance for Uninsured Motorists Insurance shown in the Schedule or Declarations.

   We will apply the limit shown in the declarations to first provide the separate limits required by the Illinois Safety Responsibility Law as follows:

   a. $20,000 for "bodily injury" to any one person caused by any one "accident", and

   b. $40,000 for "bodily injury" to two or more persons caused by any one "accident".

   This provision will not change our total limit of liability.

2. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form, Medical Payments Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

   We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

   We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.

## E. Changes In Conditions

The Conditions are changed for Uninsured Motorists Insurance Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance - Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this Coverage Form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

      (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved, and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

3. **Legal Action Against Us** is replaced by the following:

   a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.

   b. Any legal action against us must be brought within two years after the date of the "accident". However, this Paragraph **3.b.** does not apply to an "insured" if, within two years after the date of the "accident", arbitration proceedings have commenced in accordance with the provisions of this Coverage Form.

     Copyright, ISO Properties, 2003     CA 21 30 03 04  ☐

4. Transfer Of Rights Of Recovery Against Others To Us does not apply.

5. The following Conditions are added:

**REIMBURSEMENT AND TRUST**

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**ARBITRATION**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages, then the disagreement will be arbitrated. If the "insured" requests, we and the "insured" will each select an arbitrator. The two arbitrators will select a third. If the arbitrators are not selected within 45 days of the "insured's" request, either party may request that arbitration be submitted to the American Arbitration Association. We will bear all the expenses of the arbitration except when the "insured's" recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law.

If this occurs, the "insured" will be responsible for payment of his or her expenses and an equal share of the expenses of the third arbitrator up to the amount by which the "insured's" recovery exceeds the statutory minimum.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives.

c. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought:

(1) Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rules shall apply.

(2) Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply.

In all other arbitration proceedings, local rules of law as to arbitration procedure and evidence will apply.

d. If the arbitration involves three arbitrators, a decision agreed to by two if the arbitrators will be binding for the amount of damages not exceeding the lesser of either:

(1) $50,000 for "bodily injury" to any one person/$100,000 for "bodily injury" to two or more persons caused by any one "accident"; or.

(2) The Limit Of Insurance Motorists Insurance shown in the Schedule or Declarations.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged; or

b. For which an insuring or bonding company denies coverage or is or becomes insolvent; or

c. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit, or cause an object to hit, an "insured", a covered "auto" or a vehicle an "insured" is "occupying". If there is no physical contact with the hit-and-run vehicle, the facts of the "accident" must be proved.

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law;

b. Owned by a governmental unit or agency; or

c. Designed for use mainly off public roads while not on public roads.

Copyright, ISO Properties, 2003

POLICY NUMBER:  TN415191

COMMERCIAL AUTO
CA 21 38 03 03

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# ILLINOIS UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Illinois, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: 03/10/2004 | Countersigned By: |
|---|---|
| Named Insured: Gerald L Ruhnow | (Authorized Representative) |

dba Ruhnow Trucking

**SCHEDULE**

| LIMIT OF INSURANCE | . |
|---|---|
| $      250,000    . | Each "Accident" |

(If no entry appears above, information required to  complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay only after all liability bonds or policies have been exhausted by payment of judgments or settlements, unless:

    a. We have been given prompt written notice of a "tentative settlement" and decide to advance payment to the "insured" in an amount equal to that "tentative settlement" within 30 days after receipt of notification; or

    b. We and an "insured" have reached a "settlement agreement".

3. Any judgment for damages arising out of a "suit" brought without written notice to us is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

    a. The Named Insured and any "family members".

    b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

CA 21 38 03 03

Copyright, ISO Properties, Inc., 2002

Page 1 of 4 □

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   **a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   **b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

**1.** The direct or indirect benefit of any insurer under any workers' compensation, disability benefits or similar law.

**2.** "Bodily injury" sustained by:

   **a.** An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form;

   **b.** Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form; or

   **c.** Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Underinsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** Punitive or exemplary damages.

## D. Limit Of Insurance

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit of Insurance for Underinsured Motorists Coverage shown in this endorsement.

**2.** Except in the event of a "settlement agreement", the Limit of Insurance for this coverage shall be reduced by all sums paid or payable:

   **a.** By or for anyone who is legally responsible, including all sums paid under this Coverage Form's Liability Coverage.

   **b.** Under any workers' compensation, disability benefits or similar law. However, the Limit of Insurance for this coverage shall not be reduced by any sums paid or payable under Social Security disability benefits.

   **c.** Under any automobile- medical payments coverage.

**3.** In the event of a "settlement agreement", the maximum Limit of Insurance for this coverage shall be the amount by which the limit of insurance for this coverage exceeds the limits of bodily injury liability bonds or policies applicable to the owner or operator of the "underinsured motor vehicle".

**4.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form.

## E. Changes In Conditions

The conditions are changed for Underinsured Motorists Coverage as follows:

**1.** **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance - Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   **a.** The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   **b.** Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   **c.** If the coverage under this Coverage Form is provided:

   **(1)** On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

   **(2)** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

    Copyright, ISO Properties, Inc., 2002    CA 21 38 03 03 ☐

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Give us written notice of a "tentative settlement" and allow us to advance payment in an amount equal to that settlement within 30 days after receipt of notification to preserve our rights against the owner or operator of the "underinsured motor vehicle".

   b. File "suit" against the owner or operator of the "underinsured motor vehicle" prior to the conclusion of a "settlement agreement". Such "suit" cannot be abandoned or settled without giving us written notice of a "tentative settlement" and allowing us 30 days to advance payment in an amount equal to that settlement to preserve our rights against the owner or operator of the "underinsured motor vehicle".

   c. Promptly send us copies of the legal papers if a "suit" is brought.

3. **Legal Action Against Us** is replaced by the following:

   a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.

   b. Any legal action against us under this Coverage Form must be brought within two years after the date of the "accident." However, this Paragraph 3.b. does not apply if, within two years after the date of the "accident":

      (1) Arbitration proceedings have commenced in accordance with the provisions of this Coverage Form; or

      (2) The "insured" has filed an action for "bodily injury" against the owner or operator of an "underinsured motor vehicle", and such action is:

         (a) filed in court of competent jurisdiction; and

         (b) not barred by the applicable state statute of limitations.

4. The following is added to **Transfer Of Rights Of Recovery Against Others To Us**:

   Transfer Of Rights Of Recovery Against Others To Us does not apply to damages caused by an "accident" with an "underinsured motor vehicle" if we:

   a. Have been given written notice of a "tentative settlement" between an "insured" and the insurer of an "underinsured motor vehicle"; and

   b. Fail to advance payment to the "insured" in an amount equal to the "tentative settlement" within 30 days after receipt of the notice.

   If we advance payment to the "insured" in an amount equal to the "tentative settlement" within 30 days after receipt of notice:

   a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

   b. We will also have a right to recover the advanced payment.

   However, in the event of a "settlement agreement", we shall be entitled to recover only for amounts which exceed the limit of bodily injury liability bonds or policies applicable to the owner or operator of the "underinsured motor vehicle".

4. The following Conditions are added:

   **REIMBURSEMENT AND TRUST**

   If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

   However, in the event of a "settlement agreement", we shall be entitled to recover only for amounts which exceed the limit of bodily injury liability bonds or policies applicable to the owner or operator of the "underinsured motor vehicle".

   **ARBITRATION**

   a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

   b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

 Copyright, ISO Properties, Inc., 2002

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Settlement agreement" means we and an "insured" agree that the "insured" is legally entitled to recover, from the owner or operator of the "underinsured motor vehicle", damages for "bodily injury" and, without arbitration, agree also as to the amount of damages. Such agreement is final and binding regardless of any subsequent judgment or settlement reached by the "insured" with the owner or operator of the "underinsured motor vehicle".

4. "Tentative settlement" means an offer from the owner or operator of the "underinsured motor vehicle" to compensate an "insured" for damages incurred because of "bodily injury" sustained in an accident involving an "underinsured motor vehicle".

5. "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged but their limits are less than the limit of this coverage. However, "underinsured motor vehicle" does not include any vehicle:

   a. Owned or operated by any self-insurer under any applicable motor vehicle law.

   b. Owned by a governmental unit or agency.

   c. Designed for use mainly off public roads while not on public roads.

   d. Which is an "uninsured motor vehicle".

Copyright, ISO Properties, Inc., 2002
CA 21 38 03 03 ☐

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## PUNITIVE DAMAGES EXCLUSION

This endorsement changes the policy effective on the inception date of the  policy unless a different date is indicated below.

(The following need be completed only when this endorsement is issued subsequent to preparation of the policy.)

This endorsement, effective on    03/10/2004    at 12:01 A.M. standard time, forms a part of

Policy Number    TN415191    issued to    Gerald L Ruhnow
                                          dba Ruhnow Trucking

03/12/2004
_____                 _____
        Date                                Authorized Representative

LIABILITY COVERAGE is changed by adding the following exclusion:

This insurance does not apply to punitive and/or exemplary damages.

In the event that a suit is brought against you involving punitive or exemplary damages, we will provide a defense to such action without liability, however, for such punitive or exemplary damages.

T-039 (9/90)