IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD RUHNOW; CONNIE RUHNOW, ) ) ) | |
| PLAINTIFFS, ) ) | |
| V. ) ) | CIVIL ACTION: 2:05-cv-527-F |
| LANE HEARD TRUCKING, LLC, ) et al., ) ) | |
| DEFENDANTS. ) | |

## PLAINTIFFS' SECOND AMENDMENT TO THE COMPLAINT

COME NOW the Plaintiffs in the above styled suit and amend the Complaint filed herein as follows:

1. Plaintiffs add as a party Defendant, Michael David Adkins.

2. Plaintiffs aver that Defendant Adkins, on March 7, 2005, was operating a motor vehicle on a public highway in Pike County, Alabama, to wit: U.S. Highway 231 near mile post 175 when he negligently caused or negligently allowed his motor vehicle or motorcycle to be involved in a collision with Defendant Christy Leann Champion. Plaintiffs further aver that after this collision, Defendant Adkins negligently caused or negligently allowed his motorcycle to be left in the traveled portion of the highway to create a hazardous obstruction to traffic. As a proximate consequence of this Defendant's negligence, his motorcycle was left in the roadway

which created a hazard to oncoming traffic, including the tractor trailer being operated by Michael Duke on behalf of Defendant, Lane Heard Trucking, LLC. When the Defendant, Michael Duke, came upon the motorcycle lying in the road from the prior collision, he negligently responded to the presence of this motorcycle by swerving and losing control of his tractor trailer and collided with a tractor trailer being operated by Plaintiff, Gerald Ruhnow.  As a proximate consequence of this chain of events and the combining and concurring negligence of all Defendants, the Plaintiff was caused to suffer serious injuries; he was caused to suffer burns over a large portion of his body; he was caused to suffer injuries to his head, scalp and face; he was caused to require extensive medical care and treatment; he was caused to suffer severe physical pain and mental anguish; he was caused to miss time from employment and suffered lost income; he has suffered an impaired earing capacity and he was permanently injured.

3.  Plaintiffs further aver that the negligence of all Defendants: Christy Leann Champion, Michael Duke and Lane Heard Trucking, LLC, and Michael David Adkins, combined and concurred to proximately cause the injuries and damages claimed by Plaintiffs in the Complaint and all amendments thereto.

4.  At all times pertinent herein, Plaintiff, Connie Ruhnow, was the lawful wife of Plaintiff, Gerald Ruhnow.  As a proximate consequence of the Defendants'

combining and concurring negligence, she has been caused to suffer the loss of her husband's care, comfort, society and services.

5.      Plaintiffs further aver that Defendant, Michael David Adkins, wantonly caused or wantonly allowed his motor vehicle or motorcycle to be operated in a manner that was in conscious and careless disregard of traffic conditions which caused a collision with Christy Leann Champion.  Plaintiffs further aver that Defendant, Michael David Adkins, wantonly caused or wantonly allowed his motorcycle to be left in the traveled portion of the highway thereby creating a hazardous obstruction to the motoring public in general and combining and concurring with the negligence of other Defendants to proximately cause the injuries and damages suffered by Plaintiff as set forth above.

6.      Plaintiffs further aver that Defendants, Michael Duke and Lane Heard Trucking, LLC, negligently and/or wantonly failed to keep their tractor trailer under control and failed to avoid the last clear chance to avoid the collision with Plaintiffs' tractor trailer by swerving to miss the motorcycle too late under the circumstances and caused a collision with Plaintiffs' tractor trailer.  As a proximate consequence of this combining and concurring wantonness/negligence, the Plaintiffs were injured and damaged as set forth above.

7.      Plaintiffs hereby incorporate all pleadings set forth in the original

Complaint and reallege them herein as follows:

8.  On or about, to wit: March 7, 2005, Plaintiff, Gerald Ruhnow, was operating a tractor-trailer on a public highway in Pike County, Alabama, to wit: U.S. Highway 231 near milepost 175 and headed north on that highway when Defendants' tractor-trailer being operated by Michael Duke was traveling on the same highway in the opposite direction (south).

9.  Plaintiffs aver that Defendants negligently caused or negligently allowed the tractor-trailer being operated by Michael Duke to be operated in such a manner that the driver lost control of the tractor-trailer, causing it to cross the dividing median and striking the tractor-trailer being operated by Plaintiff, Gerald Ruhnow. As a proximate consequence of Defendants' negligence, Plaintiff, Gerald Ruhnow, was caused to suffer serious injuries; he was caused to be burned over a large portion of his body; he was caused to suffer injuries to his head, scalp and face; he was caused to require extensive medical care and treatment; he was caused to miss time from his employment and to suffer lost income; he was caused to suffer severe physical pain and mental anguish; and, he was permanently injured.

10.  Plaintiffs further aver that at the same time and place set forth above, Defendants negligently caused or negligently allowed the tractor-trailer being operated by Michael Duke to be operated in an unsafe and negligent manner and

under conditions that presented the risk of injury to others on this public highway and the driver of this tractor-trailer negligently failed to keep in a proper lookout for road conditions while negligently failing to keep his tractor-trailer under control. As a proximate consequence thereof, the collision occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

11.     Plaintiffs further aver that at the same time and place set forth above, Defendants negligently entrusted the operation of the tractor-trailer being operated by Michael Duke to that operator despite knowing or having means to know of his driving ability and condition which presented a hazard to the public on the highway and Plaintiff in particular. As a proximate and foreseeable consequence thereof, the operator failed to keep a proper, safe lookout for the highway condition and failed to keep his tractor-trailer under control to avoid the series of events that culminated in this collision. As a proximate consequence thereof, Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

12.     Plaintiffs further aver that Defendants negligently failed to properly train; supervise and monitor the operator of this tractor-trailer, Michael Duke, and, as a proximate consequence thereof, this collision occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

13.     Plaintiffs further aver that the negligence of Defendants combined and

concurred with the negligence of others to proximately cause the injuries and damages set forth herein.

14.  At all times pertinent herein, Plaintiff, Connie Ruhnow, was the lawful wife of Plaintiff, Gerald Ruhnow.  As a proximate consequence of Defendants' negligence as set forth above, Plaintiff, Connie Ruhnow, was caused to suffer the loss of her husband's care, comfort, society and services.

15.  Plaintiffs further aver that at the same time and place set forth above, Defendants wantonly caused or wantonly allowed the collision described above to occur under conditions of driving by Michael Duke that were wanton and were an unreasonable and foreseeable risk for the events that culminated in this collision.  As a proximate consequence thereof, the Plaintiffs were injured and damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment against all Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

                    Respectfully submitted,

                    s/Stephen D. Heninger
                    Stephen D. Heninger [ASB5227E68S]
                    Heninger, Burge, Vargo & Davis, LLP

          2146 Highland Avenue
          Birmingham, Alabama 35205
          (Telephone)     205.933.2345
          (Facsimile)     205.933.1616
          E-mail:     Steve@hbvdlaw.com

**Defendant's Address:**   [To be served via certified mail]

Michael David Adkins
452 South Main Street
Brundidge, Alabama 36010

## CERTIFICATE OF SERVICE

     I hereby certify that on the 8th day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Burruss Riis, Esq.
HAND ARENDALL, LLC
P. O. Box 123
Mobile, Alabama 36601
251-432-5511
(Counsel for Lane Heard Trucking, LLC)

Richard M. Freeman, Jr., Esq.
RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.
P. O. Box 270
Montgomery, Alabama 36101-0270
Telephone:  334-206-3100
Facsimile:  334-265-8711
(Counsel for Christy Leann Champion)

Linda Hinson Ambrose, Esq.
ROGERS AND ASSOCIATES

3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35242
Telephone: 205-982-4620
(Counsel for Northland Insurance Company)

    And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants

Alex L. Holtsford, Jr. Esq.
P. O. Box 4128
Montgomery, Alabama 36103-4128


                                    s/Stephen D. Heninger
                                    Stephen D. Heninger [ASB5227E68S]
                                    Heninger, Burge, Vargo & Davis, LLP
                                    2146 Highland Avenue
                                    Birmingham, Alabama 35205
                                    (Telephone)    205.933.2345
                                    (Facsimile)    205.933.1616
                                    E-mail:    Steve@hbvdlaw.com