IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD RUHNOW; CONNIE RUHNOW, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| V. | ) ) | CIVIL ACTION: 2:05-cv-527-F |
| LANE HEARD TRUCKING, LLC, et al., | ) ) ) ) | |
| DEFENDANTS. | ) | |

## PLAINTIFFS' SECOND AMENDMENT TO THE COMPLAINT

1.   Plaintiffs, Gerald Ruhnow and Connie Ruhnow, are citizens of the State of Illinois and reside in Illinois.

2.   Defendant, Lane Heard Trucking, LLC, is licensed to do business in the State of Mississippi with its principal place of business in the State of Mississippi.

3.   Defendant, Christ Leann Campion, is a citizen of the State of Alabama and resides in the State of Alabama.

4.   Defendant, Michael David Adkins is a citizen of the State of Alabama and resides in the State of Alabama.

### JURISDICTION

5.   Jurisdiction exists in this Court by virtue of Diversity of Citizenship among the parties. 28 U.S.C. §1332. Venue is proper in this Court after having been

removed to this Court from the Circuit Court of Pike County, Alabama. The amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

6.     On or about, to wit: March 7, 2005, Plaintiff, Gerald Ruhnow, was operating a tractor-trailer on a public highway in Pike County, Alabama, to wit U.S. Highway 231 near milepost 175 and headed north on that highway when Michael Duke, was operating a tractor-trailer on behalf of Defendant, Lane Heard Trucking, LLC, and traveling on the same highway, but in the opposite direction. There had earlier been a collision between the automobile being operated by Defendant, Christy Leann Champion, and a motorcycle being operated by Defendant, Michael David Adkins, in the same lanes of travel being traveled by Defendant, Lane Heard Trucking, LLC; employee/agent Michael Duke. Defendant Adkins' motorcycle had been left lying in the road after this collision. When Duke approached this section of the roadway, he encountered the Adkins' motorcycle left in the roadway and when he swerved to avoid it, he lost control of his tractor-trailer which traveled across the median and struck the Plaintiffs' tractor-trailer traveling in the opposite direction. A fire ensued which took the life of Michael Duke, the driver and employee of Defendant, Lane Heard Trucking, LLC, and severely injured the Plaintiff, Gerald Ruhnow.

## COMPLAINT

7. Plaintiffs aver that Defendant, Lane Heard Trucking, LLC, acting by and through its agent/employee, Michael Duke, negligently caused or negligently allowed the tractor-trailer being operated by its driver to be operated in such a manner that the driver failed to maintain control of the tractor-trailer, causing it to cross the dividing median and striking the tractor-trailer being operated by Plaintiff, Gerald Ruhnow. As a proximate consequence of Defendant's negligence, Plaintiff, Gerald Ruhnow, was caused to suffer serious injuries; he was caused to be burned over a large portion of his body; he was caused to suffer injuries to his head, scalp and face; he was caused to require extensive medical care and treatment, he suffered burn injuries to his arms and hands; he suffered burn injuries to his shoulders; he suffered internal injuries to his lungs; he was caused to suffer nerve injuries to his right leg; he was caused to suffer severe physical pain and mental anguish; he was caused to miss time from his employment and to suffer lost income; and he was permanently scarred and injured.

8. Plaintiffs further aver that at the same time and place set forth above, Defendant, Lane Heard Trucking, LLC, negligently caused or negligently allowed the tractor-trailer being operated by its employee/agent, Michael Duke, to be operated in an unsafe and negligent manner and under conditions that presented the risk of injury

to others on this public highway and the driver of this Defendant's tractor-trailer negligently failed to keep a proper lookout for road conditions; negligently failed to avoid the last clear chance of missing the motorcycle lying in the roadway; negligently failed to take precautions and to keep his tractor-trailer under control and avoid the swerving over into Plaintiff's path of travel. As a proximate consequence thereof, a collision with Plaintiff's tractor-trailer occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above in paragraph 7.

    9.    Plaintiff further avers that at the same time and place set forth above, Defendant, Lane Heard Trucking, LLC, wantonly caused or wantonly allowed its employee/agent, Michael Duke, to operate its tractor-trailer in a wanton manner that failed to properly lookout for hazards in the roadway and to fail to maintain proper and safe control of its tractor-trailer. As a proximate consequence thereof, this collision occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above.

    10.    Plaintiff further avers that at the same time and place set forth above, Defendant, Lane Heard Trucking, LLC, negligently entrusted the operation of the tractor-trailer being operated by Michael Duke to that operator, employee/agent despite knowing or having reason to know of his driving ability and condition which presented hazards to the public on the highway in general and to Plaintiff in

particular. As a proximate consequence thereof, this operator failed to keep a proper and safe lookout for the highway condition and failed to keep his tractor-trailer under control to avoid the series of events, including last clear chance to avoid this collision. Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above in Paragraph 7.

11.    Plaintiff further avers that Defendant, Lane Heard Trucking, LLC, negligently/wantonly failed to properly train, evaluate, monitor and supervise its operator, employee/agent, Michael Duke, on the proper and safe operations and control of its tractor-trailer. As a proximate consequence thereof, this collision occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above in Paragraph 7.

12.    Plaintiffs further aver that at the same time and place set forth above, Defendant, Christy Leann Champion, negligently caused or negligently allowed her vehicle to change lanes on this three lane highway into the path of a motorcycle being operated by Defendant, Michael David Adkins. This collision resulted in causing the motorcycle to be left in the roadway. As a proximate consequence of this collision caused by Defendant, Christy Leann Champion, the damaged motorcycle was left in the roadway which created a hazard to oncoming traffic, including the tractor-trailer being operated by Michael Duke on behalf of Defendant, Lane Heard Trucking, LLC,

when the driver, Michael Duke, came upon this motorcycle lying in the road from the prior collision, he negligently/wantonly responded to this presence of the motorcycle by swerving and losing control of his tractor-trailer and crossed the median and collided with the tractor-trailer being operated by Plaintiff, Gerald Ruhnow. As a proximate consequence of this chain of events, the collision between these two tractor-trailers occurred and the Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above in Paragraph 7.

13. Plaintiffs further aver that at the same time and place set forth above, Defendant, Michael David Adkins, negligently caused or negligently allowed the motorcycle he was operating to collide with the vehicle being operated by Defendant, Christy Leann Champion, and negligently caused or negligently allowed the motorcycle to be left lying in the roadway and presenting a hazard to oncoming traffic. As a proximate consequence thereof, the above set forth chain of events occurred and the Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above in Paragraph 7.

14. Plaintiffs further aver that Defendants, Christy Leann Champion and Michael David Adkins, wantonly caused or wantonly allowed the collision of their vehicle and motorcycle to occur and left the motorcycle in the roadway on a known and foreseeable danger to oncoming traffic. As a proximate consequence thereof, the

chain of events set forth above occurred and Plaintiff, Gerald Ruhnow, was injured and damaged as set forth above in Paragraph 7.

15.  Plaintiff further avers that the negligent/wanton actions and inactions of all Defendants and other unknown combined and concurred to proximately cause the injuries and damages to Plaintiffs set forth herein.

16.  Plaintiff, Connie Ruhnow, is the lawful wife of Plaintiff, Gerald Ruhnow. As a proximate consequence of the negligence/wantonness of all Defendants, separately and severally, combining and concurring, she was caused to suffer the loss of her husband's care, comfort, society and services.

WHEREFORE, Plaintiffs, separately and severally, demand judgment against Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

Respectfully submitted,

s/Stephen D. Heninger
Stephen D. Heninger [ASB5227E68S]
Heninger, Burge, Vargo & Davis, LLP
2146 Highland Avenue
Birmingham, Alabama 35205
(Telephone)     205.933.2345
(Facsimile)      205.933.1616
E-mail:      Steve@hbvdlaw.com

## JURY DEMAND

Plaintiffs demand trial by struck jury on all issues raised herein.

**Plaintiffs' Address:**

9655 North 1400 Avenue
Osco, Illinois 61274

**Defendant's Address:**   [To be served via certified mail]

Michael David Adkins
452 South Main Street
Brundidge, Alabama 36010

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Burruss Riis, Esq.
HAND ARENDALL, LLC
P. O. Box 123
Mobile, Alabama 36601
251-432-5511
(Counsel for Lane Heard Trucking, LLC)

Richard M. Freeman, Jr., Esq.
RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.
P. O. Box 270
Montgomery, Alabama 36101-0270
Telephone:  334-206-3100
Facsimile:  334-265-8711
(Counsel for Christy Leann Champion)

Linda Hinson Ambrose, Esq.
ROGERS AND ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35242
Telephone:  205-982-4620
(Counsel for Northland Insurance Company)

 And I certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Alex L. Holtsford, Jr. Esq.
P. O. Box 4128
Montgomery, Alabama 36103-4128

           s/Stephen D.  Heninger
           Stephen D. Heninger [ASB5227E68S]
           Heninger, Burge, Vargo & Davis, LLP
           2146 Highland Avenue
           Birmingham, Alabama 35205
           (Telephone)  205.933.2345
           (Facsimile)  205.933.1616
           E-mail: Steve@hbvdlaw.com