IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVIVISION

RECEIVED
2005 DEC -9 P 3:44
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GERALD RUHNOW; CONNIE RUHNOW, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )CIVIL ACTION: 2:05-cv-527-F ) ) |
| LANE HEARD TRUCKING, et. al. | ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDMENT TO COMPLAINT

COMES NOW, the Defendant, Christy Leann Champion, by and through the undersigned counsel of record, and in response to Plaintiffs' Second Amendment to Complaint, states as follows:

1. This Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 1 of Plaintiffs' Second Amendment to the Complaint, and therefore denies same and demands strict proof thereof.

2. This Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 2 of Plaintiffs' Second

Amendment to the Complaint, and therefore denies same and demands strict proof thereof.

3. This Defendant admits the allegations contained within Paragraph 3 of Plaintiffs' Second Amendment to the Complaint.

4. This Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 4 of Plaintiffs' Second Amendment to the Complaint, and therefore denies same and demands strict proof thereof.

## JURISDICTION

5. This Defendant admits the allegations in Paragraph 5 of Plaintiffs' Second Amendment to the Complaint.

6. To the extent Plaintiffs allege any wrongdoing on the part of Christy Leeann Champion, Defendant denies the allegations contained in Paragraph 6 of the Plaintiffs' Second Amendment to the Complaint, and demands strict proof thereof.

## COMPLAINT

7. A response to the allegations in Paragraph 7 of Plaintiffs' Second Amendment to the Complaint is not required from this Defendant. However, should a response be required from this Defendant, Defendant denies same and demands strict proof thereof.

8. A response to the allegations in Paragraph 8 of Plaintiffs' Second Amendment to the Complaint is not required from this Defendant. However, should a response be required from this Defendant, Defendant denies same and demands strict proof thereof.

9. A response to the allegations in Paragraph 9 of Plaintiffs' Second Amendment to the Complaint is not required from this Defendant. However, should a response be required from this Defendant, Defendant denies same and demands strict proof thereof.

10. A response to the allegations in Paragraph 10 of Plaintiffs' Second Amendment to the Complaint is not required from this Defendant. However, should a response be required from this Defendant, Defendant denies same and demands strict proof thereof.

11. A response to the allegations in Paragraph 11 of Plaintiffs' Second Amendment to the Complaint is not required from this Defendant. However, should a response be required from this Defendant, Defendant denies same and demands strict proof thereof.

12. Defendant denies the allegations contained within Paragraph 12 of Plaintiffs' Second Amendment to the Complaint, and demands strict proof thereof.

13. Defendant denies the allegations contained within Paragraph 13 of Plaintiffs' Second Amendment to the Complaint, and demands strict proof thereof.

14. Defendant denies the allegations contained within Paragraph 14 of Plaintiffs' Second Amendment to the Complaint, and demands strict proof thereof.

15. Defendant denies the allegations contained within Paragraph 15 of Plaintiffs' Second Amendment to the Complaint, and demands strict proof thereof.

16. Defendant denies the allegations contained within Paragraph 16 of Plaintiffs' Second Amendment to the Complaint, and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

17. This Defendant avers the affirmative defense of supervening intervening cause.

18. This Defendant avers the affirmative defense of preexisting injury.

19. This Defendant avers the affirmative defense of contributory negligence which proximately caused the plaintiff's injuries and he is therefore barred from recovery.

20.   This Defendant avers the affirmative defense of assumption of the risk.

21.   This Defendant avers the affirmative defense of the statute of limitations has run.

22.   This Defendant avers the affirmative defense of improper venue.

23.   This Defendant avers the affirmative defense of sudden emergency.

24.   This Defendant avers the affirmative defense of last clear chance.

25.   This Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

26.   This Defendant avers that any award of punitive damages to Plaintiffs in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

27.   This Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

28. This Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

29. This Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

30. This Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the Procedural Safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same Procedural Safeguards accorded to criminal Defendant.

31. It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to seek to

impose against this Defendant punitive damages, which are penal in nature, yet to compel Defendant to disclose potential incriminating documents and evidence.

32. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel this Defendant to disclose documents and evidence.

33. Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment.

34. Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon civil Defendants upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant.

35. Plaintiffs' attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates, the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

36. An award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

37. An award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

38. The Complaint fails to state a claim for punitive damages under Alabama Code §§6-11-20 to 6-11-30 (1975) and is barred.

39. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to seek to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose evidence.

40. This Defendant pleads the applicability and limitations contained in Ala. Code (1975) § 6-11-21 with respect to the recovery of punitive damages. This cap was reinstated by virtue of the Alabama Supreme Court's decisions in Ex parte Apicella, 809 So. 2d 865 (Ala. 2001), and Ex parte Melouf, 735 So. 2d 1172 (Ala. 1999).

41. Pursuant to the recent decision by the United States Supreme Court in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), the Plaintiffs are not entitled to a jury trial on the issue of punitive damages. Accordingly, the Plaintiffs' jury demand on the issue of punitive damages is due to be stricken as a matter of law.

42. This Defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

_____
R. MAC FREEMAN, JR [ASB3323D62F]
Attorney for Defendant, Christy Leann Champion

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.
P.O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3229
Facsimile: (334) 265-8711

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**COUNSEL FOR LANE HEARD TRUCKING**
J. Burrus, Riis, Esq.
HAND ARENDALL
Post Office Box 123
Mobile, Alabama 36601
251-432-551

**COUNSEL FOR PLAINTIFFS**
Stephen D. Heninger, Esq.
HENINGER, BURGE, VARGO & DAVIS
2146 Highland Avenue
Birmingham, Alabama 35205
205-933-2345

_____
OF COUNSEL