## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD RUHNOW; CONNIE RUHNOW, | * * * | |
| Plaintiffs, | * * | Civil Action File Number 2:05-cv-527-F |
| v. | * * | |
| LANE HEARD TRUCKING, et al., | * * | |
| Defendants. | * * * | |
| NORTHLAND INSURANCE CO., | * * | |
| Intervener, | * * | |
| v. | * * | |
| LANE HEARD TRUCKING, et al., | * * | |
| Defendants. | * | |

## AMENDED COMPLAINT

COMES NOW, Northland Insurance Company, as Subrogee of Gerald Ruhnow, d/b/a Ruhnow Trucking ("Northland"), and for its Amended Complaint states as follows:

1.

Defendant, Lane Heard Trucking, LLC, ("Lane Heard") is a Limited Liability Corporation incorporated in the State of Mississippi with its principal place of business located in the State of Mississippi.

2.

Defendant Christy Leann Champion is a resident of the State of Alabama.

3.

Defendant, Michael David Adkins, is a citizen and resident of the State of Alabama.

4.

Northland is a corporation incorporated in a state other than Alabama, with its principal place of business in a state other than Alabama, but is licensed to do business in the State of Alabama.

5.

Venue of this Court over this case is proper.

6.

The jurisdiction of this Court over the parties and subject matter of this lawsuit is proper, as Northland seeks damages in excess of $75,000.00, exclusive of interest and costs and because diversity of citizenship exists between Northland and the defendants.

7.

Prior to March 7, 2005, Northland issued a policy of insurance to Gerald Ruhnow d/b/a Ruhnow Trucking, ("Ruhnow") which insured a 2003 Peterbilt Tractor and a 1999 Wabash TK60 trailer under policy number TN415191.

8.

A true and correct certified copy of the policy referred to in the above paragraph was attached as Exhibit "1" to Northland's initial complaint, and is on file with the court.

9.

On or about March 7, 2005, Gerald Ruhnow was involved in a motor vehicle accident in the north bound lane of U.S. Highway 231 near milepost 175 near Troy, in Pike County, Alabama, while driving the Peterbilt tractor and while carrying the Wabash TK60 trailer described in Paragraph Number 6.

10.

Prior to the accident referred to in the above paragraph, Defendant Champion was involved in a motor vehicle accident with a motorcycle near the same location, but in the south bound lane of U.S. 231.

11.

The collision referred to in the above paragraph involved an automobile operated by Defendant, Christy Leann Champion and a motorcycle operated by Defendant Michael David Adkins.

12.

Based on information and belief, the accident involving Defendant Champion resulted from Champion's and Adkins' negligence, and caused the motorcycle to be on the right hand side of the northbound lane of U.S. 231.

13.

A true and correct copy of the Alabama Motor Vehicle Accident Report regarding this accident was attached as Exhibit "2" to Northland's initial Complaint, and is on file with the Court.

14.

After the accident involving Defendant Champion, described above, a tractor-trailer operated by Michael Duke, also traveling north bound on U.S. 231 in the same area, ran over the motorcycle that was still lying in the road. Mr. Duke lost control of the tractor-trailer he was driving and crossed the road into the south bound lane of U.S. 231, striking the tractor-trailer being driven by Gerald Ruhnow.

15.

At all times relevant hereto, Michael Duke was acting as an agent, employee and/or representative of Defendant, Lane Heard.

16.

At all times relevant hereto, Michael Duke was acting within the scope of his employment or agency with Defendant, Lane Heard.

17.

A true and correct copy of the Alabama Motor Vehicle Accident Report regarding the accident between Michael Duke and Gerald Ruhnow was attached to Northland's initial Complaint as Exhibit "3", and is already on file with this Court.

18.

Gerald Ruhnow, d/b/a Ruhnow Trucking suffered property damages as a result of the accident described above 12 in that the tractor and trailer Mr. Ruhnow was driving at the time was substantially destroyed and there were additional extra expenses involved.

19.

Gerald Ruhnow, d/b/a Ruhnow Trucking made an insurance claim to Northland seeking reimbursement for the above-referenced property damage.

20.

Northland paid Gerald Ruhnow d/b/a Ruhnow Trucking or paid others on behalf of Ruhnow Trucking $122,756.75 for the property damages and extra expenses suffered in the above-referenced accident.

21.

Northland is subrogated to Gerald Ruhnow d/b/a Ruhnow Trucking's right of recovery of the damages referred to in the above paragraph to the extent of the payment made.

## **COUNT ONE**

(Negligence – Champion)

22.

Plaintiff incorporates paragraphs 1 through 21 of this complaint as though set forth in full.

23.

Defendant Champion had a duty to use reasonable care during the operation of her motor vehicle to ensure that other motorists were not damaged or injured as a result of her actions.

24.

Defendant Champion breached the standard of care on March 7, 2005, when she negligently and/or wantonly operated the motor vehicle she was driving, and caused the first accident described in paragraphs 9 and 10, above.

25.

As a factual and proximate consequence of the negligence of Defendant Champion, Plaintiff suffered damages for which it now seeks relief.

**COUNT TWO**
(Negligence – Lane Heard)

26.

Plaintiff incorporates paragraphs 1 through 25 of this complaint as though set forth in full.

27.

Lane Heard's agent, employee and/or representative, Michael Duke, had a duty to other drivers in his vicinity to operate the vehicle he was driving with reasonable care so that he would not lose control of the vehicle and cause a motor vehicle accident, resulting in damages to other drivers.

28.

Michael Duke breached the standard of care when he caused or negligently allowed the tractor trailer he was driving on March 7, 2005, to cross the lane of traffic in which he was driving into the opposite lane, striking the tractor-trailer being driven by plaintiff's insured.

29.

As a factual and proximate result of the actions of Lane Heard's employee, agent and/or representative as described above, Northland suffered the damages for which it now seeks relief.

**COUNT THREE**
(Negligence - Lane Heard)

30.

Plaintiff incorporates paragraphs 1 through 29 of this complaint as though set forth in full.

31.

Plaintiff contends that Lane Heard and or its employees, agents or authorized representatives owed a duty to other drivers on the highway to use reasonable care to ensure that those who were allowed to drive its vehicles were qualified and properly trained to do so.

32.

Based on information and belief, Lane Heard breached the standard of care by negligently allowing the tractor-trailer operated by Michael Duke to be operated in an unsafe manner and/or otherwise entrusting its vehicle to an individual who was not properly trained or otherwise qualified to operate said vehicle.

33.

Lane Heard's negligent actions as described above factually and proximately caused the damages for which plaintiff seeks relief.

## COUNT FOUR

(Negligence – Adkins)

34.

Plaintiff incorporates paragraphs 1 through 33 of this complaint as though set forth in full.

35.

Defendant Adkins had a duty to use reasonable care during the operation of his motorcycle, and to clear it from the roadway after the accident, to ensure that other motorists were not damaged or injured as a result of his actions and to ensure that his motorcycle would not present a hazard to oncoming traffic.

36.

Defendant Adkins breached the standard of care on March 7, 2005, when he negligently and/or wantonly operated his motorcycle, and caused the first accident described above.

37.

Defendant Adkins breached the standard of care on March 7, 2005, when he negligently failed to remove his motorcycle from the roadway after the above-referenced accident, causing a potential hazard to other motorists.

38.

As a factual and proximate consequence of the negligence of Defendant Adkins, Northland suffered damages for which it now seeks relief.

**WHEREFORE,** Northland requests that judgment be entered in its favor and against Defendants, in excess of $75,000.00, plus interest, cost, and other relief this Court deems appropriate.

This the 19th day of January, 2006.

RESPECTFULLY SUBMITTED,

/s/ Linda Hinson Ambrose
ROGERS & ASSOCIATES
Suite 650

Birmingham, Alabama  35244
Attorney for Northland Insurance Company
(205) 982-4620
(205) 982-4630 – FAX
E-mail:  lambrose@spt.com
ASB – 1753-B38L

10