IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD RUHNOW and CONNIE RUHNOW, | * * * | |
| Plaintiffs, | * | |
| v. | * | CIVIL ACTION NO.  2:05 CV 527-F |
| | * | |
| LANE HEARD TRUCKING, LLC., et al, | * * | |
| Defendant. | * | |

### DEFENDANT LANE HEARD TRUCKING, LLC'S ANSWER TO INTERVENOR'S COMPLAINT IN INTERVENTION

COMES NOW the defendant, Lane Heard Trucking, LLC, and as answer to Northland Insurance Co.'s ("Northland") Complaint in Intervention, states as follows:

#### FIRST DEFENSE

This defendant denies each and every allegation of the complaint and demands strict proof thereof.

#### SECOND DEFENSE

Northland's complaint in intervention fails to state a claim upon which relief can be granted.

#### THIRD DEFENSE

Northland's claims are barred by the applicable statutes of limitations.

#### FOURTH DEFENSE

Neither this defendant nor defendant's driver was negligent.

- 2 -

FIFTH DEFENSE

If there was any negligence involved in the collision that formed the basis of the complaint in intervention, that negligence was solely the act of independent parties and/or other named defendants in this case for whose negligence this defendant cannot be held liable.

SIXTH DEFENSE

The collision that forms the basis of the complaint was an unavoidable accident which cannot be attributed to any negligent act by this defendant.

SEVENTH DEFENSE

Defendant's driver did not negligently operate his tractor-trailer, but rather was faced with a sudden emergency, and acted as a reasonable person would under those circumstances.

EIGHTH DEFENSE

No act of this defendant factually or proximately caused any damages to plaintiffs or Northland.

NINTH DEFENSE

No act of this defendant's driver proximately caused the collision made the basis of this suit.

TENTH DEFENSE

At the time of the collision made the basis of this suit, this defendant's driver was properly qualified and trained to operate his vehicle.

ELEVENTH DEFENSE

Defendant's driver did not operate his vehicle in an unsafe manner but rather acted in as a reasonable person would under the circumstances.

This defendant reserves the right to assert additional defenses as discovery progresses in

this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

>            */s/ Katie L. Hammett*
> J. BURRUSS RIIS (RIISJ8057)
> KATIE L. HAMMETT (HAMMK7587)
> Attorneys for Defendant Lane Heard Trucking, L.L.C.,
> Email:  khammett@handarendall.com

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

Stephen D. Heninger, Esq.
Attorney for Plaintiffs
HENINGER, BURGE, VARGO & DAVIS, LLP
2146 Highland Avenue
Birmingham, Alabama 35205
*steve@hbvdlaw.com*

Richard McConnell (Mac) Freeman, Jr.
Attorney for Defendant Christy Leann Champion
Rushton Stakely Johnston & Garrett PC
PO Box 270
Montgomery, AL 36101-0270
*rmf@rsjg.com*

Linda C. Ambrose, Esq.
Counsel for Northland Insurance Co.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
*lambrose@spt.com*

>            */s/ Katie L. Hammett*

414425_1