IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD RUHNOW and CONNIE RUHNOW, | * * * | |
| Plaintiffs, | * | |
| v. | * | CIVIL ACTION NO. 2:05 CV 527-F |
| | * | |
| LANE HEARD TRUCKING, LLC., et al, | * * | |
| Defendant. | * | |

### DEFENDANT LANE HEARD TRUCKING, LLC'S ANSWER TO PLAINTIFFS' FIRST AND SECOND AMENDMENTS TO COMPLAINT AND CROSS-CLAIMS AGAINST MICHAEL ADKINS AND CHRISTY CHAMPION

COMES NOW the defendant, Lane Heard Trucking, LLC ("Lane Heard"), and as answer to the first and second amendment to the Complaint, states as follows:

### FIRST DEFENSE

This defendant denies each and every allegation of the complaint and demands strict proof thereof.

### SECOND DEFENSE

This defendant denies that plaintiffs are entitled to any recovery in this case and further denies that it has been guilty of any conduct that would support an award of punitive damages.

### THIRD DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## FIFTH DEFENSE

Neither the defendant nor defendant's driver was negligent.

## SIXTH DEFENSE

If there was any negligence involved in the collision that formed the basis of the complaint, that negligence was solely the act of independent parties and/or other named defendants in this case for whose negligence this defendant cannot be held liable.

## SEVENTH DEFENSE

The collision that forms the basis of the complaint was an unavoidable accident which cannot be attributed to any negligent act by the defendant.

## EIGHTH DEFENSE

Defendant's driver did not negligently operate his tractor-trailer, but rather was faced with a sudden emergency, and acted as a reasonable person would under those circumstances.

## NINTH DEFENSE

No act of defendant's driver proximately caused the collision made the basis of this suit.

## TENTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of Alabama.

## ELEVENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §13A-5-11 and 13(A)-5-12, Code of Alabama (1975), jointly and separately.

## TWELFTH DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 6, 9, 11, 13, 15, and 35 of the Constitution of Alabama, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1. The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, the defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly;

2. The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3. The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

4. There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Alabama law;

5. The standards of conduct upon which punitive damages are sought are vague and ambiguous;

6. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

7. The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of what the law should be instead of what it is;

  8. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

  9. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

  10. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

  11. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

  12. The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against these defendants;

  13. The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

  14. An award of punitive damages provides compensation for elements of damage not otherwise recognized by Alabama law;

  15. Present Alabama procedures permit awards of punitive damages that constitute excessive fines;

  16. An award of punitive damages in this case would permit punishment other than by virtue of a law established and promulgated prior to the alleged offense in this case;

  17. The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to the plaintiffs, if any.

<u>THIRTEENTH DEFENSE</u>

The imposition of punitive damages deprives this defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and in Article 1, Sections 1 and 6, of the <u>Constitution of Alabama</u> of 1901 for the following reasons, jointly and separately:

1.      Punitive damages are sought in excess of the respective maximums established by the Alabama Legislature in §13A-5-11 and 13A-5-12, <u>Code of Alabama</u> (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the cited code provisions;

2.      The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3.      The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4.      Punitive damages are penal in nature, and the defendant, without procedural protections, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### FOURTEENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately.

### FIFTEENTH DEFENSE

The assessment and adjudication against these defendants of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

### SIXTEENTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the <u>Constitution of the United States</u> for the following reasons, jointly and severally:

1.      The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the plaintiffs;

  2. The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of the defendant's property with no rationally stated purpose; and

  3. Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

### SEVENTEENTH DEFENSE

  The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, Sections 5 and 6 of the <u>Constitution of Alabama</u> because punitive damages are penal in nature, and the defendant is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

### EIGHTEENTH DEFENSE

  Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of interstate commerce and violation of the Interstate Commerce Clause of the <u>Constitution of the United States</u>.

### NINTEENTH DEFENSE

  Plaintiffs' claim for punitive damages is barred to the extent that it seeks the admission into evidence of defendant's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in defendant's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article I, Sections 1, 6, 13 and 22 of the <u>Constitution of Alabama</u>.

### TWENTIETH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

### TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama.

### TWENTY-SECOND DEFENSE

Any award of punitive damages to the plaintiffs in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States and Article 1, Section 22 of the Constitution of Alabama prohibiting laws which impair the obligation of contracts.

### TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment of the Constitution of the United States.

### TWENTY-FOURTH DEFENSE

Any award of punitive damages cannot exceed the maximum award allowed pursuant to Alabama Code 6-11-21.

### TWENTY-FIFTH DEFENSE

Plaintiffs cannot recover for mental anguish, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law

for ascertaining the amount thereof, such that any award of said damages against this defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section VI of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

This defendant reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

## CROSS-CLAIMS

Comes now Lane Heard Trucking and asserts cross-claims against Christy Champion and Michael Adkins, also named as defendants in this case, relating to and arising out of the allegations made the basis of the Complaint and avers:

1. On or about March 7, 2005, Lane Heard's tractor was destroyed after a collision with Plaintiff, Gerald Ruhnow, on U.S. Highway 231.

2. There had been an earlier collision between the automobile being operated by Defendant, Christy Champion, and a motorcycle being operated by Defendant, Michael Adkins, in the same lanes of travel being traveled by Michael Duke, a driver for Lane Heard. Defendant Adkins' motorcycle had been left lying in the dark roadway after this collision. When Duke encountered Adkins' motorcycle left in the roadway, which was not visible to oncoming travelers such as Duke, he was unable to avoid the motorcycle and his truck ran over the motorcycle causing damage to the tractor. As a result of this damage, Duke's tractor-trailer traveled across the median and Plaintiff failed to avoid Duke resulting in a collision. A fire

ensued which took the life of Michael Duke, injured Gerald Ruhnow, and damaged the Lane Heard tractor driven by Mr. Duke. The trailer was also destroyed.

3. Defendant, Champion, negligently and/or wantonly caused or negligently and/or wantonly allowed her vehicle to change lanes in the path of a motorcycle being operated by Defendant Adkins. This collision caused the motorcycle to be left in the roadway. As a proximate consequence of this collision caused by Defendant Champion, the damaged motorcycle was in the roadway, which created a hazard to oncoming traffic, including the tractor-trailer being operating by Michael Duke on behalf of Defendant, Lane Heard. As a proximate consequence of this chain of events, the collision between Duke and Plaintiff Ruhnow occurred and Lane Heard's tractor was damaged.

4. At the same time and place set forth above, Defendant Adkins negligently and/or wantonly caused or negligently and/or wantonly allowed the motorcycle he was operating to collide with the vehicle being operated by Defendant Champion, and negligently and/or wantonly caused or negligently and/or wantonly allowed the motorcycle to be left lying in the roadway and presenting a hazard to oncoming traffic, including the tractor-trailer being operated by Michael Duke on behalf of Lane Heard. As a proximately consequence thereof, the above set forth chain of events occurred and Lane Heard's tractor was damaged.

5. The negligent and/or wanton actions and/or inactions of Defendants Champion and Adkins combined and concurred to proximately cause the damages to Lane Heard set forth herein.

WHEREFORE, Lane Heard demands judgment against Defendants Adkins and Champion, separately and severally, in such sums of compensatory and punitive damages as a jury may assess as a full and fair consideration of the facts.

                                     */s/ Katie L. Hammett*
                               J. BURRUSS RIIS (RIISJ8057)
                               KATIE L. HAMMETT (HAMMK7587)
                               Attorneys for Defendant Lane Heard Trucking, L.L.C.,
                               Email:  khammett@handarendall.com

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

## JURY DEMAND

**Lane Heard demands trial by struck jury on all issues raised herein.**

## CERTIFICATE OF SERVICE

     I hereby certify that on this 19th day of January, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

Stephen D. Heninger, Esq.
Attorney for Plaintiffs
HENINGER, BURGE, VARGO & DAVIS, LLP
2146 Highland Avenue
Birmingham, Alabama 35205
*steve@hbvdlaw.com*

Richard McConnell (Mac) Freeman, Jr.
Attorney for Defendant Christy Leann Champion
Rushton Stakely Johnston & Garrett PC
PO Box 270
Montgomery, AL 36101-0270
*rmf@rsjg.com*

- 11 -

Linda C. Ambrose, Esq.
Counsel for Northland Insurance Co.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
***lambrose@spt.com***

                                                  */s/ Katie L. Hammett*

414318_1