IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD RUHNOW and CONNIE RUHNOW, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | 2:05 CV 527-F |
| LANE HEARD TRUCKING, LLC, et al., | * * | |
| Defendants. | * | |

### ANSWER TO PLAINTIFFS' SECOND AMENDMENT TO THE COMPLAINT

COMES NOW, the Defendant, Michael David Adkins, by and through counsel, and in answer to the Complaint aver as follows:

### FIRST DEFENSE

1.  With regard to paragraph 1 of the Plaintiffs' Second Amendment to the Complaint, this Defendant has insufficient information to either admit or deny the allegations contained within and, therefore, they are deemed denied.

2.  With regard to paragraph 2 of the Plaintiffs' Second Amendment to the Complaint, this Defendant has insufficient information to either admit or deny the allegations contained within and, therefore, they are deemed denied.

3.  With regard to paragraph 3 of the Plaintiffs' Second Amendment to the Complaint, this Defendant has insufficient information to either admit or deny the allegations contained within and, therefore, they are deemed denied.

4.  Admitted.

5.  Admitted.

6.  With regard to paragraph 6 of the Plaintiffs' Second Amendment to the Complaint, this Defendant denies each and every allegation contained therein and demands strict proof thereof.

7.  With regard to paragraph 7 of the Plaintiffs' Second Amendment to the Complaint, this Defendant has insufficient information to either admit or deny the allegations contained within and, therefore, they are deemed denied.

8.  As to paragraph 8 of the Plaintiffs' Second Amendment to the Complaint, no answer is required of this Defendant.

9.  As to paragraph 9 of the Plaintiffs' Second Amendment to the Complaint, no answer is required of this Defendant.

10. As to paragraph 10 of the Plaintiffs' Second Amendment to the Complaint, no answer is required of this Defendant.

11. As to paragraph 11 of the Plaintiffs' Second Amendment to the Complaint, no answer is required of this Defendant.

12. With regard to paragraph 12 of the Plaintiffs' Second Amendment to the Complaint, this Defendant denies each and every allegation contained therein and demands strict proof thereof.

13. With regard to paragraph 13 of the Plaintiffs' Second Amendment to the Complaint, this Defendant denies each and every allegation contained therein and demands strict proof thereof.

14. With regard to paragraph 14 of the Plaintiffs' Second Amendment to the Complaint, this Defendant denies each and every allegation contained therein and demands strict proof thereof.

15. With regard to paragraph 15 of the Plaintiffs' Second Amendment to the Complaint, this Defendant denies each and every allegation contained therein and demands strict proof thereof.

16. With regard to paragraph 16 of the Plaintiffs' Second Amendment to the Complaint, this Defendant has insufficient information to either admit or deny the allegations contained within

and, therefore, they are deemed denied.

## SECOND DEFENSE

17. This defendant affirmatively avers that the plaintiff himself was guilty of negligence which caused or contributed to this accident and he is, therefore, not entitled to recover from these defendants on any theory of negligence.

## THIRD DEFENSE

18. This Defendant pleads the general issue.

## FOURTH DEFENSE

19. This Defendant pleads that the Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

20. This Defendant avers that the Plaintiff was contributorily negligent and therefore is not entitled to recover from this Defendant.

## SIXTH DEFENSE

21. The incident made the basis of the Plaintiff's complaint and the injuries alleged by the Plaintiff were caused by the acts or omissions of individuals or entities other than this Defendant.

## SEVENTH DEFENSE

22. This Defendant avers that the Plaintiff had the last clear chance to avoid the accident, and therefore is not entitled to recover from this Defendant.

## EIGHTH DEFENSE

23.   This Defendant pleads superseding and intervening cause.

## NINTH DEFENSE
## (Statutory Punitive Damages)

24.   Punitive damages may not be awarded in any civil action unless it is proven by clear and convincing evidence that the Defendant consciously or deliberately engaged in oppression or fraud, or acted with wantonness or malice with regard to the Plaintiff.

25.   Pursuant to Code of Alabama 1975 § 6-11-21(a) punitive damages may not exceed three(3) times the compensatory damages or $500,000, whichever is greater.

26.   Pursuant to Code of Alabama 1975 § 6-11-21(b)(c) punitive damages accessed against a small business, whose net worth is less than $ 2 million at the time of the occurrence made the basis of the lawsuit, may not exceed $50,000 or 10% of the net worth of the business, whichever is greater.

27.   Pursuant to Code of Alabama 1975 § 6-11-21(d) Punitive damages for physical injury shall not exceed three (3) times the compensatory damages or $1.5 million, whichever is greater.

28.   Pursuant to Code of Alabama 1975 § 6-11-21(e) no defendant shall be liable for any punitive damages unless the defendant has been expressly found by the trier of fact to have engaged in conduct as described in Code of Alabama 1975 § 6-11-20 warranting punitive damages, and such defendant shall only be liable for punitive damages commiserate with that defendant's own conduct.

## FOURTH DEFENSE
### (Constitutional Punitive Damages)

29. The awarding of punitive damages to a Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

   a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" which is the burden of proof required in criminal cases.

   b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for differed alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

   c. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties of the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States.

   d. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenths Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

   e. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

   f. The Plaintiff's attempt to impose punitive or extra contractual damages on a Defendant on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

30.  The award of punitive damages to the Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

   a.  It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

   b.  The award of punitive damages in this case constitutes a deprivation of property without due process of law.

   c.  The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of the State of Alabama.

   d.  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

_____
Alex L. Holtsford, Jr. (HOL048)
Murry S. Whitt (WHI113)
Counsel for Michael David Adkins

Of Counsel:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103
334-215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

| | |
|---|---|
| J. Burruss Riis<br>Katie L. Hammett<br>Hand Arendall, L.L.C.<br>107 St. Frances Street<br>Post Office Box 123<br>Mobile, Alabama 36601 | Stephen D. Heninger<br>Heninger, Burge, Vargo & Davis<br>2146 Highland Avenue South<br>Birmingham, Alabama 35205 |
| Richard McConnell Freeman, Jr.<br>Rushton, Stakely, Johnston<br>& Garrett, P.C.<br>Post Office Box 270<br>Montgomery, Alabama 36101-0270 | Linda C. Ambrose<br>Rogers & Associates<br>3000 Riverchase Galleria, Suite 650<br>Birmingham, Alabama 35244 |

by placing same in the U.S. Mail, postage prepaid and properly addressed, this the 25 day of January, 2006.

_____
OF COUNSEL