IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD RUHNOW; CONNIE RUHNOW, )<br>)<br>PLAINTIFFS,    )<br>)<br>v.                                                 )<br>)<br>LANE HEARD TRUCKING, LLC, *et al.*,  )<br>)<br>DEFENDANTS.              )<br>)<br>NORTHLAND INSURANCE CO.,          )<br>)<br>PLAINTIFF/INTERVENER,   )<br>)<br>v.                                                 )<br>)<br>LANE HEARD TRUCKING, LLC, *et al.*,  )<br>)<br>DEFENDANTS.              ) | CASE NO. 2:05-cv-527-MEF<br><br>(WO-Not Recommended for Publication) |

## **MEMORANDUM OPINION AND ORDER**

This lawsuit arises out of an automobile accident in which a commercial tractor-trailer rig, driven by Michael Duke ("Duke"), collided with a motorcycle owned by Michael Adkins ("Adkins"), which was resting in one of the lanes on U.S. Highway 231 in Pike County, Alabama, and then crossed over and collided with another tractor-trailer rig, which was then traveling in the opposite direction on U.S. Highway 231. Plaintiff Gerald Ruhnow ("Ruhnow") was the driver of the tractor-trailer Duke's tractor-trailer rig struck. It is alleged, and not disputed for purposes of the motion currently before the Court that Ruhnow suffered

serious injuries as a result of the collision or the fire which resulted from the collision.[1] His wife, Connie Ruhnow, is also a named plaintiff; she brings claims for loss of consortium. The Ruhnows bring this action under Alabama law alleging that Duke negligently and wantonly caused the accident. They bring suit against Lane Heard Trucking, LLC ("Lane Heard"), the company which had hired Duke to drive the tractor-trailer. The Ruhnows also bring suit against two other drivers, Adkins and Christy Leann Champion ("Champion") for their alleged negligence and wantonness in bringing about the accident which injured Ruhnow.[2] Northland Insurance Company has intervened as an additional Plaintiff in this action. Northland is an insurer of Ruhnow and it alleges that it had to pay Ruhnow $122,756.75 for property damages and extra expenses he suffered as a result of the accident.

This cause is before the Court on the Lane Heard Trucking LLC's Motion for Summary Judgment (Doc. # 49). By this motion, Lane Heard seeks judgment as a matter of law on all claims against it.[3] The Court has carefully considered the arguments made in support of and in opposition to the motion, and for the reasons set forth below, the Court

---

[1] The accident took Duke's life, and he has not been named as a defendant in this lawsuit.

[2] Champion's automobile collided with Adkins' motorcycle. She pulled her automobile to the side of the road. Adkins was injured in this collision, but managed to get off his motorcycle and over to the side of the road. Adkins' motorcycle was left lying in the road. A short time later, the tractor-trailer rig Dukes was driving struck Adkins' motorcycle and then collided with Ruhnow's tractor-trailer.

[3] Champion and Adkins, the other defendants to this action, have not filed motions for summary judgment.

finds that the motion is due to be GRANTED in part and DENIED in part.

## I. JURISDICTION AND VENUE

Subject-matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III.  DISCUSSION

**A.     Applicable Law**

When a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The *Erie* doctrine extends to choice-of-law questions, so that a court sitting in diversity must apply the forum state's conflict-of-law rules. *Strochak v. Federal Ins. Co.,* 109 F.3d 717, 719-20 (11th Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Because the Ruhnow's claims sound in tort, Alabama's choice-of-law rules require this Court to apply Alabama law:

> *Lex loci delicti* has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.

*Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991) (citations omitted).

**B. Claims of Negligent Entrustment and Negligent/Wanton Hiring, Training or Supervising**

Lane Heard moves for summary judgment on all claims against it for negligent entrustment, hiring, training, or supervision. In paragraph 10 of the Second Amended Complaint, the Ruhnows allege that Lane Heard negligently entrusted the operation of the tractor-trailer being operated by Duke to Duke despite knowing or having reason to know of his driving ability or condition which presented hazards to the public. In paragraph 11 of the Second Amended Complaint, the Ruhnows allege that Lane Heard negligently trained, evaluated, monitored, and supervised its employee, Duke.

In order for a plaintiff to establish a claim of negligent entrustment, he must establish an entrustment to an incompetent with knowledge that he is incompetent, proximate cause, and damages. *See, e.g., Pryor v. Brown & Root USA, Inc.,* 674 So. 2d 45, 51 (Ala. 1995) (internal quotations omitted). Alabama law also recognizes the torts of negligent hiring, negligent supervision, and negligent training. *See, e.g., Poplin v. Bestway Express,* 286 F. Supp. 2d 1316, 1318 (M.D. Ala. 2003). Alabama law defines these claims as follows:

> In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has

> been brought to him.  Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge.  It is incumbent on the party charging negligence to show it by proper evidence.  This may be done by showing specific acts of incompetency and bringing them home to the knowledge of the master, or by showing them to be of such nature, character, and frequency that the master, in the exercise of due care, must have them brought to his notice.  While such specific acts of alleged incompetency cannot be show to prove that the servant was negligent in doing or omitting to do the act complained of, it is proper, when repeated acts of carelessness and incompetency of a certain character are shown on the part of the servant to leave it to the jury whether they would have come to his knowledge, had he exercised ordinary care.

*Lane v. Central Bank of Ala., N.A.,* 425 So. 2d 1098, 1100 (Ala. 1983) (internal citations omitted).

In support of its motion for summary judgment, Lane Heard presented evidence that it had no knowledge of Duke being anything but a capable, competent driver. The undisputed evidence before this Court establishes that Lane Heard hired Duke as a driver after he had been favorably recommended. In response, Plaintiff and Plaintiff/Intervener Northland Insurance Company have failed to point to any genuine issue as to any material fact relating to these claims. Moreover, they have not even attempted to refute Lane Heard's assertion that it is entitled to judgment as a matter of law.[4] Based on the foregoing, the Court

---

[4] The Ruhnows have stated that they do not contest Lane Heard's motion for summary judgment on the claims of negligent entrustment and negligent hiring, training or supervising. *See* Doc. # 53 at p. 10. Northland has not brought claims against Lane Heard for negligent

finds that Lane Heard's motion for summary judgment is due to be GRANTED to the extent it seeks judgment as a matter of law on the claims against it for negligent entrustment, negligent or wanton training, negligent or wanton evaluation, negligent or wanton monitoring, and negligent or wanton supervision.

## C. Other Claims Against Lane Heard

In light of this Court's decision on the claims of negligent entrustment, negligent or wanton training, negligent or wanton evaluation, negligent or wanton monitoring, and negligent or wanton supervision, the Court is left to consider the merits of Lane Heard's motion for summary judgment on Northland Insurance Company's remaining claim against Lane Heard for negligence of its agent or employee Duke and the Ruhnow's claims against Lane Heard for the alleged negligence or wantonness of its agent or employee Duke, including the derivative loss of consortium claim by Connie Ruhnow. These claims all necessarily hinge on how Duke's driving and in what conditions he was driving. When this Court, as it must, views the evidence before it in the light most favorable to the non-moving parties, it finds that there exist genuine issues as to the material facts relating to the

---

hiring, retention, and training. Northland has indicated its intention to voluntarily withdraw its negligent entrustment claim against Lane Heard (Count III of its Amended Complaint). *See* Doc. # 54-3 at pp. 3-4.

remaining claims.[5]  Accordingly, Lane Heard's motion for summary judgment is due to be DENIED.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Lane Heard Trucking LLC's Motion for Summary Judgment (Doc. # 49) is GRANTED with respect to all claims against it for negligent entrustment, negligent or wanton training, negligent or wanton evaluation, negligent or wanton monitoring, and negligent or wanton supervision.  It is further ORDERED that Lane Heard Trucking LLC's Motion for Summary Judgment (Doc. # 49) is DENIED with respect to all other claims against it.  It is further ORDERED that the Motion to Strike contained in the Reply Brief in Support of Motion for Summary Judgment and Motion to Strike (Doc. # 58) is DENIED as MOOT.

DONE this 18th day of December, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[5]  In reaching this conclusion, the Court has not considered the portions of pages 23 and 24 of Adkin's deposition testimony regarding the alleged statements of "Ronny." Lane Heard has moved to strike these statements as hearsay.  Because the Court finds that there exist genuine issues as to the material facts relating to the remaining claims against Lane Heard even if these statements are not considered, Lane Heard's Motion to Strike (Doc. # 58) is due to be DENIED as MOOT.