IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD RUHNOW; CONNIE RUHNOW, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO.  CV 2:05-cv-527-F ) |
| LANE HEARD TRUCKING, LLC., *et al.*, | ) ) ) |
| Defendants. | ) ) |
| NORTHLAND INSURANCE CO., | ) ) |
| Intervener, | ) ) |
| v. | ) ) |
| LANE HEARD TRUCKING, LLC., *et al.*, | ) ) ) |
| Defendants. | ) |

## AMENDED ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on January 3, 2007, wherein the following proceedings were held and actions taken:

    1.    **PARTIES AND TRIAL COUNSEL:**

**Plaintiffs, Gerald Ruhnow and Connie Ruhnow –**
    J. Callen Sparrow, Esq. and Stephen D. Heninger, Esq.
    HENINGER GARRISON DAVIS, LLC
    2224 1st Avenue North
    Birmingham, Alabama 35203

    Bruce L. Carmen, Esq.
    TELLEEN, HORBERG, SMITH & CARMEN,P.C.
    124 West Exchange Street
    Cambridge, Illinois  61238

**Intervenor, Northland Insurance Company –**
    Linda Ambrose, Esq.

    ROGERS & ASSOCIATES
    3000 Riverchase Galleria, Suite 650
    Birmingham, Alabama 35242

**Defendant/Cross-Claimant, Lane Heard Trucking, LLC -**
    J. Burruss Riis, Esq. and Katie L. Hammett, Esq.
    HAND ARENDALL, LLC
    PO Box 123
    Mobile, Alabama 36601

**Defendant, Christy Leann Champion -**
    R. Mac Freeman, Jr. Esq.
    Robert C. Ward, Esq.
    RUSHTON, STAKELY, JOHNSTON & GARETT, PA
    PO Box 270
    Montgomery, Alabama 36101-0270

**Defendant, Michael Adkins –**
    Murry S. Whitt, Esq.
    Alex L. Holtsford, Jr., Esq.
    NIX HOLTSFORD GILLILAND HIGGINS & HITSON
    PO Box 4128
    Montgomery, Alabama 36103

**COUNSEL APPEARING AT PRETRIAL HEARING:**

| | | |
|---|---|---|
| **Plaintiffs** | - | Callen Sparrow, Esq. |
| **Intervenor, Northland Insurance Co.** | - | Linda Ambrose, Esq. |
| **Defendant/Cross-Claimant, Lane Heard Trucking** | - | Katie Hammett, Esq. <br> J. Burruss Riis, Esq. |
| **Defendant, Christy Champion** | - | Mac Freeman, Esq. <br> Robert C. Ward, Esq. |
| **Defendant, Michael Adkins** | - | Murry Whitt, Esq. |

2. **JURISDICTION AND VENUE:**

The jurisdiction and venue of this court are proper.

3. **PLEADINGS:** The following pleadings and amendments were allowed:

A.    Plaintiffs' Original Complaint

B.     Defendant, Lane Heard Trucking, LLC's Answer to Plaintiffs' Complaint
C.     Plaintiffs' First Amendment to the Complaint
D.     Defendant, Christy Leann Champion's Answer to Plaintiffs' First Amendment to Complaint
E.     Amended Answer to Amended Complaint filed by Defendant, Christy Leann Champion
F.     Plaintiffs' Second Amendment to the Complaint filed November 28, 2005
G.     Northland Insurance Company's Complaint in Intervention
H.     Defendant, Christy Leann Champion's Answer to Plaintiffs' Second Amendment to Complaint
I.     Defendant, Christy Leann Champion's Answer to Northland Insurance Company's Complaint in Intervention
J.     Defendant, Lane Heard Trucking, LLC's Answer to Northland Insurance Company's Complaint in Intervention
K.     Defendant, Lane Heard Trucking, LLC's Answer to Plaintiffs' First and Second Amendments to Complaint and Cross-Claims Against Michael Adkins and Christy Champion
L.     Northland Insurance Company's Amended Complaint in Intervention
M.     Answer of Defendant, Michael David Adkins to Plaintiffs' Second Amendment to the Complaint
N.     Answer of Defendant, Christy Leann Champion to Lane Heard Trucking's Cross Claim
O.     Answer of Defendant, Christy Leann Champion to Northland Insurance Company's Amended Complaint in Intervention
P.     Answer of Defendant, Michael David Adkins to Northland Insurance Company's Amended Complaint in Intervention

**4.**     <u>**CONTENTIONS OF THE PARTIES**</u>:

    (a)     **The plaintiffs**:    Plaintiffs adopt the facts as set forth below by the Intervenor. Plaintiffs contend that defendants Adkins and Champion were negligent in allowing the motorcycle to be and remain in the southbound lane of Highway 231. Plaintiffs further contend that Michael Duke, while in the line and scope of his employment with defendant Lane Heard Trucking, was negligent and wanton in failing to keep a lookout and in failing to see what was clearly there to be seen. Plaintiffs contend that Michael Duke was negligent and/or wanton in the operation of his vehicle under the existing circumstances. Plaintiffs further contend that the negligence and/or wantonness of all defendants proximately caused the injuries suffered by the plaintiff. Plaintiff was caused to suffer severe physical injuries including second and third degree burns and said injuries are permanent.

    (b)     **The Intervenor**: On March 7, 2005, an automobile accident occurred on Highway 231 near Troy, in Pike County, Alabama. There was initially an accident between a car driven by defendant, Christy Leann Champion and a motorcycle driven by defendant, Michael David Adkins. Intervenor contends that Ms. Champion negligently caused this initial accident by pulling in front of Mr. Adkins. After this initial accident, Ms. Champion

moved her vehicle to the side of the road, leaving her lights on. However, neither Ms. Champion nor Mr. Adkins attempted to move Mr. Adkins motorcycle from the road, which was lying in the right hand lane of traffic on Highway 231 South. The motorcycle remained there for a time while Ms. Champion and Mr. Adkins talked. Then, a truck driven my Michael Duke, an employee of Defendant, Lane Heard Trucking, which was traveling at a speed too fast for conditions (it was dark and raining) topped the hill near the initial accident site and then traveled down the hill, running over Mr. Adkins' motorcycle. Mr. Duke lost control of his vehicle, crossed the median and traveled into the North bound lane of Highway 231, striking a semi truck driven by Gerald Ruhnow of Ruhnow Trucking. Both trucks burst into flames. Northland insured the truck owned by Ruhnow Trucking. Northland paid Ruhnow Trucking $122,746.75 for damages caused by these accidents. Northland contends that it is subrogated to Ruhnow Trucking's rights to recover these damages from the defendants, which it contends are responsible for the accident involving Mr. Ruhnow's truck and the truck driven by Michael Duke. These damages are broken down as follows:

| | |
|---|---|
| $ 101,115.00 | actual cash value of tractor plus 7% |
| 9,411.75 | towing charges |
| 12,000.00 | actual cash value of trailer |
| 3,655.00 | replacement of fire suits for Troy Fire Department |
| (3435.00) | less salvage and deductible |
| $122,746.75 | TOTAL |

Northland contends that Defendant Christy Leeann Champion was negligent in causing the initial accident, and that both Ms. Champion and Mr. Adkins were negligent in not removing Mr. Adkins' motorcycle from the roadway after their motor vehicle accident. Northland further contends that Michael Duke, acting within the course and scope of his employment with the defendant, Lane Heard Trucking, was negligent in driving a fully loaded tractor trailer in a manner that was unsafe for the driving conditions at the time of the accident, and failed to stop (or even slow down) or even attempt to avoid the accident that caused the damages to the tractor trailer insured by Northland.

(c) **The defendants**:

**Lane Heard Trucking, LLC**: Lane Heard Trucking LLC ("Lane Heard Trucking") contends that the accident that injured plaintiff, Gerald Ruhnow, and left its driver, Michael Duke, dead was solely caused by the negligence of Christy Champion and/or Michael Adkins. Champion and Adkins were involved in an accident that resulted in the dark motorcycle driven by Adkins being left in the right-hand lane of southbound 231. Michael Duke was also traveling in this lane in accordance with the laws of Alabama at a safe speed. On this dark and rainy stretch of road, Michael Duke unexpectedly happened upon this motorcycle and was unable to avoid it. His

4

truck ran over the motorcycle, and the motorcycle became lodged underneath the truck in the steering axle area and causing tremendous sparks and fire. The combination of these events caused Michael Duke to have no control of his vehicle at no fault of his own. Without the ability to steer, Duke's truck crossed the southbound lanes of traffic and moved into the northbound lanes when a truck driven by Gerald Ruhnow struck the cab of Mr. Duke' truck in the passenger side door. The collision resulted in injuries to Gerald Ruhnow and the death of Michael Duke, along with damage to the tractors and trailers involved.

Lane Heard Trucking contends that the negligence of Christy Champion and/or Michael Adkins in the operation of motor vehicles caused an accident which resulted in the motorcycle being left as an obstruction in the roadway. Further, Lane Heard Trucking contends that Christy Champion and/or Michael Adkins were under a duty to and negligently failed to remove the motorcycle from the roadway. As a proximate cause of this negligence, the collision between Michael Duke and Gerald Ruhnow occurred. Because its driver was in no way negligent, Lane Heard Trucking is not vicariously liable for the injuries to Mr. Ruhnow. Because Connie Ruhnow's claim for loss of consortium is a derivative claim, Lane Heard Trucking is not liable to her for her injuries, if any. Lane Heard Trucking suffered damage to its tractor as a result of the negligence of Christy Champion and/or Michael Adkins, and requests compensatory damages.

**Christy Leeann Champion**: Defendant Christy Champion contends that any and all injuries claimed by Plaintiffs or cross claimants were not in any manner caused by any act or omission of Christy Champion. Defendant Christy Champion contends that any claims of personal injury or property damage asserted against Christy Champion are the result of an intervening, independent and superseding cause and thus this defendant is insulated from any and all liability. Defendant contends that there is no causal connection between the damages claimed of this Defendant and any alleged act or omission of this Defendant. Defendant contends that any injuries or damages claimed by Plaintiff's and cross claimants were not proximately caused by this Defendant. Any alleged damages of Plaintiff and other claimants bear no causal relation to this Defendant due to intervening and superseding events breaking any causal connection between any alleged wrongdoing of Champion and the alleged injuries and damages claimed as a result thereof.

Defendant Christy Champion contends that Michael Adkins, the operator of the motorcycle, was negligent and had the last clear chance to avoid the collision between Champion's automobile and Adkins's motorcycle. Defendant contends that she did not breach any duty that might have been owed to any adverse party in this case. Any and all injuries and or property damage asserted by any Plaintiff and cross claimants against Champion are the result of individuals, other than Christy Champion, who failed to exercise due care and is the result of his own negligence.

5

Champion adopts the affirmative defenses set forth in Champion's Answers. The Defendant denies any and all claims of wrong doing asserted against her and demands strict proof thereof.

**Michael David Adkins**: Defendant Michael Adkins denies liability to the Plaintiff, Northland Insurance and Lane Heard Trucking. Mr. Adkins was driving his motorcycle at a safe speed and acting reasonably when the car driven by Christy Champion pulled into his lane of traffic. Mr. Adkins attempted to avoid Champion's vehicle. In his effort to avoid a collision, Mr. Adkins' motorcycle skidded and threw him over the handle bars. Adkins flew and skidded more than ten feet before coming to rest in the southbound lane of Highway 231. Mr. Adkins sustained a broken wrist and injuries to his neck and leg in the accident. Mr. Adkins was able to move himself out of the roadway before the tractor-trailer driven by Michael Duke ran over his motorcycle and eventually struck the tractor-trailer driven by Mr. Ruhnow. Defendant contends that the Plaintiff was not injured as a result of any action taken by Mr. Adkins either before or after his collision with Ms. Champion's vehicle. Defendant contends that any injuries and property damage, if incurred at all, were not proximately caused by any wrongful conduct of Michael Adkins and, thus, all parties are barred from recovery herein against this Defendant. Defendant contends that the Plaintiff has not proven to a reasonable degree of medical certainty that the treatments, injuries and damages were proximately caused as a result of any action taken by Mr. Adkins and, thus, Plaintiff is barred from recovery for said claims. Defendant further contends that the parties seeking to recover property damages from this Defendant have not proven to a reasonable degree of certainty that the damage to the vehicles driven by Mr. Duke and Mr. Ruhnow were proximately caused as a result of any action taken by Mr. Adkins and, thus, Plaintiff is barred from recovery for said claims.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES:**

1. Gerald Ruhnow suffered bodily injury and Michael Duke was killed as a result of the collision with the vehicle he was driving and the vehicle driven by Michael Duke on March 5, 2005 on Highway 231 near Troy, Alabama.

2. At all times relevant hereto, Gerald Ruhnow was the owner of Ruhnow Trucking Company.

3. At all times relevant hereto, Northland Insurance Company insured Ruhnow Trucking Company.

4. Michael Duke was in the line and scope of his employment for defendant Lane Heard Trucking at the time the collision made the basis of this lawsuit.

5. The insurance policy issued by Northland Insurance Company to Ruhnow Trucking Company has been produced to the parties, is authentic and

will be admitted into evidence at trial as a true and correct copy of Northland's insurance policy issued to Ruhnow Trucking.

6. Northland paid Ruhnow Trucking $122,746.75 for property damages.

7. Northland is subrogated to Ruhnow Trucking's right to recover the amount of the property damages it paid Ruhnow Trucking from anyone who is found legally responsible for the accident(s) and those damages.

8. The parties agree that this case will be tried to the jury in its entirety, including the claims of Intervenor, Northland.

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last three (3) days, are set for January 29, 2007, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The parties are to file their pre-trial briefs, if any, by January 22, 2007;

(4) Each party shall have available at the time of trial, for use by the Court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #21) entered by the Court on September 27, 2005;

(6) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this the 9th day of January, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE