IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERALD RUHNOW and CONNIE RUHNOW, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | 2:05 CV 527-F |
| LANE HEARD TRUCKING, LLC, et al., | * * | |
| Defendants. | * | |

## DEFENDANT MICHAEL ADKINS' MOTION IN LIMINE

COMES NOW Defendant Michael Adkins, by and through the undersigned counsel of record, and respectfully moves this Honorable Court for an Order in Limine to prohibit evidence, argument, or mention of the following items:

1. <u>Liability Insurance or Uninsured Motorist Coverage.</u> During the course of trial, one of the parties, their attorney or a witness could refer to Michael Adkins' liability insurance coverage for the action made the basis of this suit. The mere fact of Michael Adkins' insurance is highly and unfairly prejudicial to the Defendant and inadmissible pursuant to Rule 411, *Federal Rules of Evidence*. Michael Adkins' insurance coverage or the payment of it by his insurer is immaterial and irrelevant to any issues to be determined by the jury in this case. Accordingly, the Defendant requests the Court enter an Order in Limine prohibiting mention by any party, their attorneys, or any witness of any insurance

-1-

coverage, insurance policy, agent, adjuster, representative, or any matter whatsoever regarding insurance coverage.

2        <u>Medical Treatment Absent Expert Testimony.</u>  The plaintiff may attempt to refer to, or use, medical treatment, medical treatment records, or alleged medical conditions and medical bills that lack a proper foundation for admission and would not be admissible because they have not been testified to by competent medical testimony that Plaintiff's treatment was medically necessary or that Plaintiff's treatment was directly related to injuries sustained in the incident complained of.  Such expert testimony is required for introduction or admissibility.  *Sweet v. Foust*, 419 So. 2d 260 (Ala. Civ. App. 1982).  Therefore, the Defendant requests the Court enter an Order in Limine prohibiting mention or use by the Plaintiff's, Plaintiff's attorney, or Plaintiff's witnesses of any medical treatment, medical treatment records, and medical bills for which a proper evidentiary foundation has not been made, as evidence of the Defendant's negligence or liability, as evidence of Plaintiff's damages, or for any other purpose.

3.        <u>Medical Bills Absent Expert Testimony.</u>  Plaintiff may attempt to refer to, or use, medical treatment records and medical bills, that have not been properly authenticated by competent testimony or tangible evidence and without testimony that said medical expenses were reasonable.  The law requires expert testimony to support medical bills being introduced into evidence.  *Sweet v. Foust*, 419 So. 2d 260 (Ala. Civ. App. 1982).  Therefore, the Defendant requests the Court enter an Order in Limine prohibiting mention or use by the Plaintiff, Plaintiff's attorney, or Plaintiff's witnesses of any medical treatment records and

medical bills which have not been authenticated and shown to be reasonable, as evidence of the Defendant's negligence or liability, as evidence of Plaintiff's damages, or for any other purpose.

4. <u>Driving Record.</u>  During the course of trial some party may attempt to mention, or use, another party's driving record.  Evidence of prior accidents or driving violations, if any exist, is not admissible to prove negligence in the accident made the basis of this suit and is highly prejudicial.  The prejudicial effect of such evidence would clearly and heavily outweigh any probative value.  Accordingly, evidence of another party's driving record is inadmissible under Rules 401, 403, and 404(b), *Alabama Rules of Evidence*, in the case *sub judice* for any use whatsoever.  This Defendant requests the Court enter an Order in Limine prohibiting mention, or use, by any party, their attorneys or the witnesses of any party's driving record, as evidence of negligence, wantonness, or liability, as evidence of Plaintiff's damages, or for any other purpose.

5. <u>Accident Report.</u>  One or more parties may attempt to refer to or use the accident report prepared related to this accident in order to have some of the hearsay evidence contained within that accident report enter before the jury. Alabama Code § 32-10-11 specifically prohibits the introduction of any accident report at trial.  ("no such report shall be used as evidence in any trial, civil or criminal, arising out of an accident....").  Further, the accident report constitutes inadmissible hearsay.  See <u>Ala.R.Evid</u>. 801, 802, and 805.  Therefore, this Defendant requests the Court enter an Order in Limine prohibiting mention or use by any party or the parties' witnesses of any of the accident report in this matter or any

facts or testimony contained within that accident report as evidence of negligence, wantonness, or liability or for any other purpose.

6. Therefore, the proper measure to prevent unfairly influencing the jury with these matters is an Order in Limine ordering any party, their attorneys and the witnesses to refrain from any mention of the matters discussed in Paragraphs 1 through 5, *supra*, and to refrain from attempting to use or introduce any physical evidence concerning any of the matters discussed in Paragraphs 1 through 5, *supra*.

7. To the extent that any exhibit listed by any party, or subsequently proffered as evidence or for demonstrative purposes, is inadmissible on the grounds set forth in this motion in limine, the Defendant objects to its use or mention by any party, their attorneys, or any witnesses in the trial of this matter.

WHEREFORE, premises considered, Defendant Michael Adkins respectfully prays this Honorable Court grant this motion for an Order in Limine.

     /s/ Murry S. Whitt
     ALEX L. HOLTSFORD, JR. (HOL048)
     MURRY S. WHITT (WHI113)
     Attorneys for Michael Adkins

Of Counsel:

*Nix Holtsford Gilliland Higgins & Hitson, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103
(334) 215-8585

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon:

| | |
|---|---|
| Richard McConnell (Mac) Freeman, Jr.<br>Robert C. Ward, Jr.<br>Rushton, Stakely, Johnston<br>& Garrett, P.C.<br>Post Office Box 270<br>Montgomery, Alabama 36101-0270 | Stephen D. Heninger<br>Callen Sparrow<br>Heninger, Garrison, Davis, LP<br>Post Office Box 11310<br>Birmingham, Alabama 35202 |
| Linda C. Ambrose<br>Wayne Rogers<br>Rogers & Associates<br>3000 Riverchase Galleria, Suite 650<br>Birmingham, Alabama 35244 | Katie Hammett<br>Hand Arendall, LLC<br>3000 Amsouth Bank Building<br>107 Saint Francis Street<br>Mobile, Alabama 36602 |

by placing same in the U.S. Mail, postage prepaid and properly addressed, this the 12th day of January, 2007.

/s/ Murry S. Whitt
OF COUNSEL