IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVIVISION

| | |
|---|---|
| **GERALD RUHNOW; CONNIE RUHNOW,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) CIVIL ACTION: 2:05-cv-527-F |
| v. | ) |
| | ) |
| **LANE HEARD TRUCKING, et. al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANT CHRISTY CHAMPION'S MOTION IN LIMINE**

Comes now, Defendant Christy Champion, by and through the undersigned attorneys of record, and in accordance with this Honorable Courts' Pretrial Order, moves *in limine* that this Court issue an order prohibiting the parties, their attorneys, as well as all witnesses during the trial of this matter, from making any reference before the jury in any form whatsoever to the following subjects, whether reference is made in arguments to the jury, voir dire, witness examination, offers of evidence, objections to evidence, or otherwise:

1.  The Defendant moves to exclude testimony referring to or introducing any medical bills and/or charges not proven to be reasonable, necessary and related through medical testimony.

  2. The Defendant moves to exclude testimony referring to any lost wages.

  3. The Defendant moves to exclude testimony referring to the limits of liability coverage.

 As grounds for said Motion, the Defendant would say unto the Court as follows respectively:

  1. The Defendant moves to exclude testimony referring to or introducing any medical bills and/or charges not proven to be reasonable and necessary through medical testimony. It is clear under Alabama law that a party allegedly injured by the negligent actions of another must put into evidence proof that the expenses incurred in medical treatment are in fact reasonable and necessary. See <u>Hodnett v. Harmon</u>, 523 So. 2d 443 (Ala. Civ. App. 1988); see also <u>Aplin v. Dean</u>, 164 So. 737 (Ala. 1935) (Although the trial court admitted into evidence the plaintiff's hospital bills or statements arising from the injury, such admission was for the limited purpose of proving the fact of the plaintiff's injury and hospitalization because there was no accompanying proof of the reasonableness and necessity of such medical expenses. "The law is well established in this state that, to recover for medical expenses, the plaintiff must prove that such expenses are reasonable."); <u>Jackson v. Brown</u>, 268 So. 2d 837 (Ala. Civ. App. 1972).

2. The Defendant moves to exclude testimony referring to any lost wages the Plaintiff has allegedly suffered because he has failed to set forth any evidence of lost wages.

3. The Defendant moves to exclude testimony referring to the limits of liability coverage, as the introduction of such testimony would be clearly prejudicial to this Defendant and any probative value is highly outweighed by the danger of undue prejudice. See Barnes v. Tarver, 360 So. 2d 953, 956 (Ala. 1978); Eathorne v. State Farm Mutual Auto. Ins. Co., 404 So. 2d 682 (Ala. 1981); Sars Inc., v. Nichols, 151 So. 2d (Ala. 1963) (The presence of insurance coverage is not ordinarily permitted to be injected into the trial of the case). Any and all reference, comment or presentation, oral or written by the Plaintiff, Plaintiffs' counsel or any other witness called on behalf of the Plaintiff with respect to Liability Insurance or Uninsured Motorist Coverage. During the course of the trial, one of the parties, their attorney, or a witness could refer to Christy Champion's insurance coverage for the action made the basis of this suit. The mere fact of Champion's insurance is highly and unfairly prejudicial to the defendant and inadmissible pursuant to Rule 411, *Federal Rules of Evidence.*

Christy Champion moves to exclude testimony, in any form, by any party or witness, the following on the grounds that such testimony would be clearly prejudicial to Champion and any probative value is highly outweighed by the danger of undue prejudice:

4. Any reference to other lawsuits or claims or complaints made by or against Defendant's witnesses. See Ala. R. Evid. 401-4.

5. Any and all reference, comment or presentation, oral or written by the Plaintiff, Plaintiffs' counsel or any other witness called on behalf of the Plaintiff with respect to Champion's driving record. Evidence of prior accidents or driving violations, if any exist, is not admissible to prove negligence in the accident made the basis of this suit and is highly prejudicial. The prejudicial effect of such evidence would clearly and heavily outweigh any probative value. Accordingly, evidence of another party's driving record is inadmissible under Rule 401, 403, and 404(b). *Alabama Rules of Evidence.*

6. Any and all reference, comment or presentation, oral or written by the Plaintiff, Plaintiffs' counsel or any other witness called on behalf of the Plaintiff with respect to any accident report. One or more parties may attempt to refer to or use the accident report prepared related to this accident in order to have some of the hearsay evidence contained within that accident

report enter before the jury.  Alabama Code § 32-10-11 specifically prohibits the introduction of any accident report at trial. ("no such report shall be used as evidence in any trial, civil or criminal, arising out of an accident…").  Further, the accident report constitutes hearsay.  See <u>Ala.R.Evid.</u> 801, 802, and 805.

      7.  Any and all reference, comment or presentation, oral or written by the Plaintiff, Plaintiffs' counsel or any other witness called on behalf of the Plaintiff with respect to medical records, medical bills or invoices incurred by the Plaintiff  for the injuries claimed in this case which have not been properly authenticated or proven to be reasonable and necessary.  <u>See</u> Ala. R. Evid. 401-4; 801-2; 901.

      8.  Any and all reference, comment or presentation, oral or written, of any photographs, documents, medical charts, x-rays or other tangible items which refer to the medical care or treatment provided to the Plaintiff with respect to the injuries claimed in this case which have not been properly authenticated or proven to be reasonable and necessary and which contain inadmissible hearsay.  <u>See</u> Ala. R. Evid. 401-4; 801-2; 901.

      9.  Any and all reference, comment or presentation, oral or written by the Plaintiff, Plaintiff's counsel, cross claimant, cross claimant's counsel or any other witness called on behalf of the Plaintiff with respect to any kind to

hearsay testimony from anyone based upon their "understanding" or comments received from other individuals.  See Ala. R. Evid. 801-2.

10. Any and all reference, comment or presentation, oral or written by Plaintiff, Plaintiff's counsel, cross claimant, cross claimant's counsel or any other witness called on behalf of any adverse party with respect to any speculative figure as it relates to damages not supported by expert testimony recognized under Alabama law.  See Ala. R. Evid. 701-5.

That any evidence admitted with regard to these issues would be irrelevant, unduly prejudicial, immaterial and without substantial probative value. That any evidence admitted with regard to these issues contains hearsay.

Respectfully submitted this the 15th day of January, 2007.

/s/  R. Mac Freeman, Jr.
R. Mac Freeman Jr. [ASB-3323-D62F]
Robert C. Ward [ABS-5442-D65R]
Attorneys for Defendant
Christy Champion

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3248 (phone)
(334) 262-0033 (fax)
rmf@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record by facsimile and by placing a copy of same in the United States Mail, first class postage prepaid, on this the 15th day of January, 2007.

**COUNSEL FOR LANE HEARD TRUCKING**
J. Burrus, Riis, Esq.
HAND ARENDALL
Post Office Box 123
Mobile, Alabama 36601
251-432-551

**COUNSEL FOR PLAINTIFFS**
Stephen D. Heninger, Esq.
Callen Sparrow, Esq.
HENINGER, Garrison & DAVIS
Post Office Box 11310
Birmingham, Alabama 35202
205-326-3336

**COUNSEL FOR NORTHLAND INSURANCE**
Linda Ambrose
3000 Riverchase Galleria, Ste 650
Birmingham, Alabama 35244
205-982-4637

**COUNSEL FOR DEFENDANT ATKINS**
Murry S. Whitt, Esq.
Nix Holtsford Gilliland Higgins & Hitson
P.O. Box 4128
Montgomery, Alabama 36103
334-215-8585

          /s/  R. Mac Freeman, Jr.
          Of counsel