IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVIVISION

| | |
|---|---|
| **GERALD RUHNOW; CONNIE RUHNOW,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )CIVIL ACTION:  2:05-cv-527-F |
| **v.** | ) |
| | ) |
| **LANE HEARD TRUCKING, et. al.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## <u>DEFENDANT CHRISTY CHAMPION'S REQUESTED JURY INSTRUCTIONS</u>

Comes now the Defendant, Christy Champion and requests the

following jury instructions:

<u>Defendant Christy Champion's Requested Charge No. 1.</u>

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received into evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention. Eleventh Circuit Pattern Jury Instructions: Civil: Basic Instructions 6.2 (2000).

GIVEN    _____    REFUSED _____

<u>Defendant Christy Champion's Requested Charge No. 2.</u>

The burden of proof is on Plaintiffs in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiffs' claim by a preponderance of the evidence in the case, the jury should find for the Defendants as to that claim.

As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the Defendants, as I will explain.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them and all exhibits received in evidence, regardless of who

may have produced them.  Federal Jury Practice and Instructions § 104.01

(5th Ed. 2000).

       GIVEN     _____       REFUSED    _____

<u>Defendant Christy Champion's Requested Charge No. 3.</u>

The proximate cause of an injury is that cause in which the natural and the probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred. APJI 33.00

GIVEN    _____        REFUSED   _____

<u>Defendant Christy Champion's Requested Charge No. 4.</u>

Christy Champion claims that Michael Duke, the driver for Lane Heard Trucking, was negligent in the operation of his tractor trailer unit by failing to avoid the motorcycle in the roadway and that such negligence on the part of the driver proximately contributed to the alleged injury of Lane Heard Trucking. Contributory negligence means the failure of the Michael Duke to exercise reasonable care in the operation of the tractor trailer; that is, the failure to use such care as a reasonably prudent person would have exercised under the same or similar circumstances.

Therefore, contributory negligence is the failure on the part of the Cross-Plaintiff to do what a reasonably prudent person would have done in the operation of the commercial motor vehicle under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances. APJI 32.19.

GIVEN     _____          REFUSED   _____

<u>Defendant Christy Champion's Requested Charge No. 5.</u>

Christy Champion claims that Michael Adkins was negligent in the operation of his motorcycle by failing to avoid colliding with the rear of Champion's vehicle and that such subsequent negligence on the part of the driver proximately contributed to the alleged injury of Lane Heard Trucking and the Plaintiffs. Subsequent negligence means the failure to exercise reasonable care in the operation of the motorcycle; that is, the failure to use such care as a reasonably prudent person would have exercised under the same or similar circumstances.

Therefore, such negligence is the failure on the part of Michael Adkins to do what a reasonably prudent person would have done in the operation of his motor vehicle under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

APJI 32.19. [Modified]

GIVEN    _____        REFUSED    _____

<u>Defendant Christy Champion's Requested Charge No. 6.</u>

If you are reasonably satisfied from the evidence that the Plaintiffs (or Cross-Plaintiffs) were guilty of contributory negligence or subsequent contributory negligence, the Plaintiffs or cross-plaintiffs cannot recover for any initial simple negligence of Christy Champion.

APJI 30.02.

GIVEN     _____          REFUSED     _____

<u>Defendant Christy Champion's Requested Charge No. 7.</u>

The plaintiffs, Gerald and Connie Ruhnow, allege that Christy Champion was negligent in this case. Negligence is the failure to discharge or perform a legal duty owed to the other party.


(APJI 28.00)


_____GIVEN_____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 8.</u>

Negligence means the failure to exercise reasonable care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances.  Therefore, negligence is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

(APJI 28.01)

_____ GIVEN _____ REFUSED

<u>Defendant Christy Champion's Requested Charge No. 9.</u>

If you find that this was an unavoidable accident which is defined as one which, under all the circumstances, would not have been prevented by the exercise of reasonable care, you must find for Christy Champion.

<u>Alabama Law of Damages</u>, Second Ed., §30-4, p. 336.


_____GIVEN  _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 10.</u>

The burden is upon the plaintiffs to prove that a defendant was negligent in this case. The law in Alabama states that the mere impact of an automobile does not necessarily prove negligence of the driver of the car. The plaintiff has a burden to prove other factors besides the mere fact that an automobile accident occurred between Michael Adkins and Christy Champion. <u>National Biscuit Company v. Wilson</u>, 54 So. 2d 492, 496 (Ala. 1951).

_____GIVEN    _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 11.</u>

In Alabama, we have a complete defense which will bar all recovery of money damages called contributory negligence which is applicable in some automobile accident. Contributory negligence is negligence on the part of the Plaintiff that proximately contributes to his own injuries or damages. (APJI 30.00). *Waites v. Malon*, 658 So. 2d 396 (Ala. 1995).

_____ GIVEN    _____ REFUSED

<u>Defendant Christy Champion's Requested Charge No. 12.</u>

A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway.  A driver is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is contributorily negligent is he fails to discover a vehicle which she could have discovered in time to avoid the injury.

A driver is also contributorily negligent if he sees a vehicle located in a dangerous situation upon a highway and does not the exercise due care to avoid injury or damage.

(APJI 30.00)

_____ GIVEN    _____ REFUSED

<u>Defendant Christy Champion's Requested Charge No. 13.</u>

When the vision of a driver of a motor vehicle is so obstructed or obscured to the extent he cannot see things on the road or street ahead of him, it is the driver's duty to exercise all ordinary and reasonable care and diligence the avoid injury to anyone who may be rightfully on the street, even to the extent of stopping his or her vehicle.


(APJI 26.21)


_____ GIVEN _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 14.</u>

If you are reasonably satisfied from the evidence that Lane Heard Trucking's driver, Michael Duke, was guilty of contributory negligence, then Lane Heard Trucking cannot recover any money damage from Christy Champion.

(APJI 30.02)

_____GIVEN  _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 15.</u>

Christy Champion claims that Michael Duke, an employee of Lane Heard Trucking was guilty of subsequent contributory negligence and the burden is upon Ms. Champion to reasonably satisfy you from the evidence as to the truth of all the material averments of this plea.  Subsequent contributory negligence on the part of Michael Duke which is concurrent with or subsequent to the alleged negligence of Ms. Champion and which negligence of Michael Duke proximately contributed to the alleged damage of Lane Heard Trucking and the Ruhnow Plaintiffs.   If you are reasonably satisfied from the evidence that Michael Duke was guilty of subsequent contributory negligence, Lane Heard Trucking cannot recover for any subsequent negligence of the Defendant.

(APJI 30.03)

_____ GIVEN  _____REFUSED

Defendant Christy Champion's Requested Charge No. 16.

SUDDEN EMERGENCY

If a person, without fault of his or her own, is faced with a sudden emergency, he or she is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and the fact, if it be a fact, that he or she does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence, but the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances.

(APJI 28.15)

_____ GIVEN        _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 17.</u>

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When an expert witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

Eleventh Circuit Pattern Jury Instructions: Civil Cases, Basic Instruction No. 5.2 (2000).

GIVEN    _____        REFUSED    _____

<u>Defendant Christy Champion's Requested Charge No. 18.</u>

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or part. Also, the number of witnesses testifying concerning and particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions. Did the witness impress you as one who was telling the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

(11th Circuit JI 3.0)


_____ GIVEN _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 19.</u>

In deciding the case, you must follow and apply the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations, you should consider only the evidence-that is, the testimony of the witnesses and the exhibits I have admitted in the record-but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instruction to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

(11th Circuit JI 2.1)

_____ GIVEN _____REFUSED

## Defendant Christy Champion's Requested Charge No. 20.

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time, the witness said or did something, or failed to say or do something which was different from the testimony the witness gave before you during trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simple an innocent lapse in memory or an intentional falsehood; and the significance of that may depend on whether it was to do with an important fact or with only an unimportant detail.

(11th Circuit JI 4.1)

_____GIVEN _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 21.</u>

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade you province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in the objections or in their question is not evidence.  Nor is what I may have said-or what I may say in these instructions-about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider the answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended to suggest any opinions on my part as the verdict you should render, or whether any of the witnesses may have been more credible that any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

(11th Circuit JI 71-3)


_____ GIVEN_____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 22.</u>

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.


(11th Circuit JI 71-4)


_____GIVEN_____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 23.</u>

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

(11th Circuit JI 71-10)

_____GIVEN _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 24.</u>

This is a civil case and as such the Plaintiff has the burden of proving the material allegations of her complaint (e.g. by a fair preponderance of the evidence).

If after considering all of the testimony, you are satisfied that the Plaintiff has carried the burden on each essential point as to which the Plaintiff has the burden of proof, then you must find for the Plaintiff.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his or her burden and you find for the defendant.

(11th Circuit JI 73-1)

_____GIVEN _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 25.</u>

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may questions a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.


(11th Circuit JI 74-14)


_____ GIVEN  _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 26.</u>

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  (If applicable: it must also be obvious to you that both sides cannot be true and this where you play your role as jurors.)  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in you determination.  How did the witness impress you?  Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor-that is, his carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matter of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and you own life experience.


(11th Circuit JI 76-1)


_____GIVEN _____REFUSED

Defendant Christy Champion's Requested Charge No. 27.

In deciding whether to believe a witness, you should specifically note any evidence on hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

(11th Circuit JI 76-2)

_____GIVEN _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 28.</u>

In evaluating the credibility of the witness, you should take into account any evidence that a witness may benefit in some way from the outcome of this case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor I mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, what it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. If is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

(11th Circuit JI 76-3)

_____ GIVEN   _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 29.</u>

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills that the plaintiff has paid or become obligated to pay.   The reasonableness of, and the necessity for, such expenses are matter for your determination from the evidence.


(APJI 11.09)


_____ GIVEN    _____ REFUSED

<u>Defendant Christy Champion's Requested Charge No. 30.</u>

If you decide to award damages in this case, your verdict must not be based on mere speculation or conjecture, but must be based upon the evidence and the just and reasonable inferences shown thereby.

(APJI 11.22)

_____GIVEN _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 31.</u>

Under Alabama law, the party claiming the damages, in this case, the plaintiff, has the burden of proof to establish by competent evidence the existence of any entitlement to damages and the amount of those damages.

*Marcus v. Lindsey*, 592 So. 2d 1045 (Ala).


If the plaintiff fails to meet this burden to your reasonable satisfaction, you are not allowed to supply the omission by speculation.

*Continental VW v. Soutullo*, 309 So. 2d 119 (Ala. 1975).


_____ GIVEN _____ REFUSED

<u>Defendant Christy Champion's Requested Charge No. 32.</u>

Damages can be awarded only where they are reasonably certain and not based on speculation.

*Industrial Chemical v. Chandler*, 547 So. 2d 812 (Ala. 1988).

The existence of damages, the cause of damages, or the amount of damages cannot rest solely on speculation.

*Crommelin v. Montgomery Ind. Telecasters*, 194 So. 2d 548 (Ala.1967).

_____ GIVEN  _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 33.</u>

The burden is upon the plaintiff to prove that they were injured or damages as a direct result of the defendant's action. The law in Alabama states that a defendant is not liable simply because medical expenses were incurred. The plaintiff must prove that the medical expenses were the result of the accident and further, that the medical expenses were necessary and reasonable; you are not obligated to compensate for medical expenses simply because they were incurred. *Sizemore v. Patel*, 702 So. 2d 172(Ala. Civ. App. 1997); *Bennich v. Kroger Co.*, 686 So. 2d. 1256 (Ala. Civ. App. 1996).

_____ GIVEN _____REFUSED

<u>Defendant Christy Champion's Requested Charge No. 34.</u>

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event that you should find in favor of the Plaintiffs from a preponderance of the evidence in the case in accordance with the other instructions.  Federal Jury Practice and Instructions § 106.02 (5th Ed. 2000).

GIVEN    _____        REFUSED  _____

<u>Defendant Christy Champion's Requested Charge No. 35.</u>

Damages must be reasonable. If you should find that any Plaintiff is entitled to a verdict, you may award that Plaintiff only such damages as will reasonably compensate that Plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that Plaintiff has sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future. Federal Jury Practice and Instructions § 128.50 (5th Ed. 2000).

GIVEN    _____        REFUSED    _____

<u>Defendant Christy Champion's Requested Charge No. 36.</u>

You are not to award damages for any injury or condition from which any Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question. Federal Jury Practice and Instructions § 85.15.

GIVEN     _____          REFUSED    _____

<u>Defendant Christy Champion's Requested Charge No. 37.</u>

If you should find that any Plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing the Defendants, or to serve as an example of warning for others.  Nor may you include in your award any sum for court costs or attorney's fees.  Federal Jury Practice and Instructions § 128.70 (5th Ed. 2000).

GIVEN    _____         REFUSED  _____

<u>Defendant Christy Champion's Requested Charge No. 38.</u>

In the event that you determine to award any Plaintiff a sum of money, you are instructed that the award is not subject to any deductions for federal or state income taxes. Federal Jury Practice and Instructions § 128.80 (5th Ed. 2000).

GIVEN    _____        REFUSED    _____

<u>Defendant Christy Champion's Requested Charge No. 39.</u>

Under the law, any award made to the Plaintiffs in this case for past or future lost earnings is not subject to state or federal income tax. Therefore, in computing the amount of damages that you may find the Plaintiffs are entitled to recover for lost earnings, the Plaintiffs are entitled to recover only the net, after-tax income. In other words, the Plaintiffs are entitled to recover only "take-home pay" that you find the Plaintiffs have lost in the past, or will lose in the future. Eleventh Circuit Pattern Jury Instructions: Civil: Supplemental Damages Instruction 4.1 (2000).

GIVEN    _____          REFUSED _____

<u>Defendant Christy Champion's Requested Charge No. 40.</u>

If you find for the Plaintiffs you must not take into account any consideration of attorney's fees or court costs in deciding the amount of Plaintiffs' damages. Eleventh Circuit Pattern Jury Instructions: Civil: Supplemental Damages Instruction 6.1 2000).

GIVEN    _____        REFUSED    _____

_____/s/  R. Mac Freeman, Jr._____
R. Mac Freeman Jr. [ASB-3323-D62F]
Robert C. Ward [ ABS-5442-D65R]
Attorney for Defendant
Christy Champion

Of counsel:

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 262-0033 (fax)
drb@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record by facsimile and by placing a copy of same in the United States Mail, first class postage prepaid, on this the 15th day of January, 2007.

**COUNSEL FOR LANE HEARD TRUCKING**
J. Burrus, Riis, Esq.
HAND ARENDALL
Post Office Box 123
Mobile, Alabama 36601
251-432-551

**COUNSEL FOR PLAINTIFFS**
Stephen D. Heninger, Esq.
Callen Sparrow, Esq.
HENINGER, Garrison & DAVIS
Post Office Box 11310
Birmingham, Alabama 35202
205-326-3336

**COUNSEL FOR NORTHLAND INSURANCE**
Linda Ambrose
3000 Riverchase Galleria, Ste 650
Birmingham, Alabama 35244
205-982-4637

**COUNSEL FOR DEFENDANT ATKINS**
Murry S. Whitt, Esq.
Nix Holtsford Gilliland Higgins & Hitson
P.O. Box 4128
Montgomery, Alabama 36103
334-215-8585

                                 /s/  R. Mac Freeman, Jr.
                                  Of Counsel