IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD RUHNOW and CONNIE RUHNOW, | * * * |
| Plaintiffs, | * |
| v. | * CIVIL ACTION NO. 2:05 CV 527-F |
| | * |
| LANE HEARD TRUCKING, LLC., et al, | * * |
| Defendants. | * |

### DEFENDANT LANE HEARD TRUCKING, LLC'S OBJECTIONS TO EXHIBITS IDENTIFIED BY OTHER PARTIES

Defendant Lane Heard Trucking, LLC ("Lane Heard Trucking"), by and through undersigned counsel, pursuant to the Court's Uniform Scheduling Order dated September 27, 2005 [Doc. 21], hereby submits its objections to exhibits identified by other parties.

The following represents the objections Lane Heard Trucking has to the exhibits identified by Plaintiffs Gerald and Connie Ruhnow:

| Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 4 | Diagram of U.S. 231 in and around the vicinity of the wreck. | Plaintiffs have not sufficiently identified this exhibit and Lane Heard Trucking therefore cannot assess whether or not the proposed exhibit is objectionable or not. |
| 7 | Contents of Michael Duke's personnel file as exhibit to the deposition of Marilyn Jo Heard. | Immaterial; irrelevant; hearsay; waste of time; misleading; confusion of the issues. Negligent hiring and supervision and negligent entrustment claims have been disposed of on summary judgment and are no longer an issue in this case; therefore, the contents of Mr. Duke's personnel file is not relevant. |

| 8 | Medical records from Gerald Ruhnow's hospitalization at UAB on March 7, 2005. | Hearsay; lack of identification or authentication. |
|---|---|---|
| 9 | Medical records of Dr. James Cross. | Hearsay; lack of identification or authentication. |
| 10 | Medical records from Troy Regional Medical Center. | Hearsay; lack of identification or authentication. |
| 11 | Photographs taken by medical personnel during Gerald Ruhnow's treatment for burns. | No such photographs have ever been produced to Lane Heard Trucking and should therefore not be allowed. To the extent such photographs exist and are otherwise allowed, Lane Heard objects on the following grounds: lack of identification or authentication; any probative value these photographs have is substantially outweighed by danger of unfair prejudice; misleading. |
| 12 | Photographs of injuries sustained by Gerald Ruhnow. | Lane Heard has only received photographs dated March 29, 2005. Lane Heard objects to the presentation of any photos not previously produced as a violation of this Court's Order. Lane Heard objects to all photographs, including those previously produced, on the following grounds: lack of identification or authentication; any probative value is substantially outweighed by danger of unfair prejudice; misleading. |
| 13 | Copies of portions of website maintained by Bloomberg Consulting. | Immaterial; irrelevant; lack of identification or authentication. |

The following represents the objections to the exhibits identified by Intervenor Northland Insurance Company:

| Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 2 | Report of Will Marvin regarding the damages suffered by Northland and enclosures. | Hearsay; lack of identification or authentication. |
| 4 | Affidavit of Gene Richardson. | Hearsay; lack of authentication or identification; irrelevant; immaterial. Mr. Richardson testified that this affidavit was prepared by an insurance adjuster and that it did not completely accurately depict his statement. He has given testimony by deposition and therefore this affidavit is inadmissible hearsay. |
| 5 | Breakdown of damages suffered by Northland. | Northland has not sufficiently identified this exhibit, and Lane Heard Trucking therefore cannot assess whether or not the proposed exhibit is objectionable or not. To the extent that this exhibit represents part of the enclosures found with the report of Will Marvin, exhibit no. 2, Lane Heard has the following objections: hearsay; lack of identification or authentication; cumulative. |
| 6 | Copies of checks paid by Northland for damages suffered as a result of the accident that is the subject of this lawsuit. | Irrelevant; immaterial; lack of identification or authentication; cumulative; hearsay. |
| 7 | Copies of transaction details detailing money paid by Northland for damages suffered by Ruhnow Trucking as a result of this accident that is the subject of this lawsuit. | Northland has not sufficiently identified this exhibit, and Lane Heard Trucking therefore cannot assess whether or not the proposed exhibits or exhibit is objectionable or not. To the extent that this exhibit represents part of the enclosures found with the report of Will Marvin, exhibit no. 2, Lane Heard has the following objections: hearsay; lack of identification or authentication; cumulative. |
| 8 | Transcripts of all witnesses' depositions taken during discovery. | Northland has not sufficiently identified the page and line numbers of any witnesses testimony, and Lane Heard Trucking therefore cannot assess whether or not the proposed exhibits are objectionable or not. |

| | | |
|---|---|---|
| 9 | Photographs of scene and trucks taken by Will Marvin. | Lack of identification or authentication. |
| 10 | Copy of check for salvage of Ruhnow's truck. | Immaterial; irrelevant; hearsay; lack of identification or authentication. |
| 11 | Letter from City of Troy regarding damages to equipment and owned by the Troy Fire Department. | Immaterial; irrelevant; hearsay; lack of identification or authentication. |
| 12 | Breakdown of damages suffered by Troy Fire Department. | Immaterial; irrelevant; hearsay; lack of identification or authentication. |
| 13 | Photos of Gerald Ruhnow's damaged truck taken by Will Marvin. | Lack of identification or authentication. |
| 15 | Acord Automobile Loss Notice. | Immaterial; irrelevant; hearsay; waste of time; lack of identification or authentication; cumulative. |
| 16 | Copies of checks issued by Northland for payment of Gerald Ruhnow's insurance claim. | Irrelevant; immaterial; lack of identification or authentication; cumulative; hearsay. |

The following represents the objections to the exhibits identified by Defendant Michael Adkins:

| Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | Certified copy of medical records of Michael Adkins from Troy Regional Medical Center. | Immaterial; irrelevant; hearsay; lack of identification or authentication. |

| | | |
|---|---|---|
| | Certified copy of medical records of Michael Adkins from Alabama Orthopedics Specialists. | Immaterial; irrelevant; hearsay; lack of identification or authentication. |

Defendant and cross-claimant Lane Heard Trucking reserves the right to object to any exhibits not yet identified by any of the parties or to those exhibits listed that are not sufficiently identified above and for that may be identified more clearly later on.

                                              Respectfully submitted,

                                              /s/Katie L. Hammett
                                              J. BURRUSS RIIS (RIISJ8057)
                                              KATIE L. HAMMETT (HAMMK7587)
                                              Attorneys for Defendant,
                                              Lane Heard Trucking, L.L.C.,
                                              Email:  khammett@handarendall.com

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Callen Sparrow, Esq.
Attorney for Plaintiffs
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
*jcsparrow@hgdlawfirm.com*

Richard McConnell (Mac) Freeman, Jr.
Attorney for Defendant Christy Leann Ch
Rushton Stakely Johnston & Garrett PC
PO Box 270
Montgomery, AL 36101-0270
*rmf@rsjg.com*

Linda C. Ambrose, Esq.
Counsel for Northland Insurance Co.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
*lambrose@spt.com*

Alex L. Holtsford, Esq.
Murry S. Whitt, Esq.
NIX HOLTSFORD GILLILAND
HIGGINS & HITSON, PC
Post Office Box 4128
Montgomery, Alabama 36103-4128
*aholtsford@nixholtsford.com*
*MWhitt@nixholtsford.com*

/s/Katie Hammett