IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **GERALD RUHNOW and CONNIE RUHNOW,** <br><br> **Plaintiffs,** <br> v. <br><br> **LANE HEARD TRUCKING, LLC., et al,** <br><br> **Defendants.** | * <br> * <br> * <br> * <br> *  **CIVIL ACTION NO. 2:05 CV 527-F** <br> * <br> * <br> * <br> * |

## MOTION IN LIMINE TO EXCLUDE EVIDENCE
## OF DEFENDANT'S EMPLOYMENT PRACTICES

Defendant Lane Heard Trucking, LLC ("Lane Heard") hereby moves the Court, in limine, for an order prohibiting and precluding all parties, their counsel and their witnesses from mentioning, referring to, attempting to admit into evidence, or in any way exposing to the jury at any stage during the trial of this matter, including but not being limited to the *voir dire* process, opening statements, or the later phases of the trial, any information concerning Lane Heard's practices, procedures, and record keeping practices, in relation to the hiring, training, and supervising of its employees.

Plaintiffs originally asserted claims of negligent entrustment and negligent supervision. Therefore, a portion of plaintiff's discovery was focused toward eliciting evidence necessary to support those claims. Plaintiff discovered information relating to Lane Heard's procedures for hiring, training, and supervising its employees, as well as Lane Heard's records keeping practices. Lane Heard Trucking also produced the personnel file of Michael Duke, which Plaintiffs Gerald and Connie Ruhnow have identified as a proposed exhibit in this case. However, plaintiffs' negligent entrustment and negligent supervision claims were dismissed on

summary judgment (Memorandum Opinion & Order [Doc. 60] at 5-7). Accordingly, the information obtained by plaintiffs for the purpose of supporting its negligent entrustment and negligent supervision claims is no longer relevant in this case, as negligence and wantonness of driver Michael Duke are the only remaining claims.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence of Lane Heard's employment procedures and records keeping practices will not make the existence of any consequential fact more probable or less probable. Such evidence will not aid the trier of fact in determining if Lane Heard's driver was negligent or wanton. Thus, all evidence relating to Lane Heard's employment procedures, records keeping practices, and personnel files is irrelevant to whether Lane Heard's driver was negligent or wanton on the night of the accident.

Moreover, "[t]he trial court has the discretion to exclude relevant evidence generally when its probative value is substantially outweighed by its prejudicial impact in the case." Fed. R. Evid. 403. One consideration "[i]n reaching a decision [of] whether to exclude [is] the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403 advisory committee's note. A second factor is the availability of other means of proof. Fed. R. Evid. 403 advisory committee's note. A limiting instruction in this case will likely lead to greater confusion with the jury on what issues are relevant. Further, plaintiff need not establish proof in this area as negligent entrustment and negligent supervision are no longer at issue in this case.

WHEREFORE, Lane Heard submits to this Court that evidence proffered by the plaintiffs related to Lane Heard's employment practices and procedures (1) is wholly irrelevant

2

to this action and (2) would have an unfairly prejudicial effect against Lane Heard which far outweighs any probative value under Federal Rule of Evidence 403. Accordingly, this motion in limine should be granted.

Respectfully submitted,

/s/ Katie L. Hammett
J. BURRUSS RIIS (RIISJ8057)
KATIE L. HAMMETT (HAMMK7587)
Attorneys for Defendant,
Lane Heard Trucking, L.L.C.,
Email: khammett@handarendall.com

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2007, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Callen Sparrow, Esq.
Attorney for Plaintiffs
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
*jcsparrow@hgdlawfirm.com*

Richard McConnell (Mac) Freeman, Jr.
Attorney for Defendant Christy Leann Ch
Rushton Stakely Johnston & Garrett PC
PO Box 270
Montgomery, AL 36101-0270
*rmf@rsjg.com*

Linda C. Ambrose, Esq.
Counsel for Northland Insurance Co.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
*lambrose@spt.com*

Alex L. Holtsford, Esq.
Murry S. Whitt, Esq.
NIX HOLTSFORD GILLILAND
HIGGINS & HITSON, PC
Post Office Box 4128
Montgomery, Alabama  36103-4128
*aholtsford@nixholtsford.com*
*MWhitt@nixholtsford.com*

/s/ Katie Hammett