**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA ·**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **GERALD RUHNOW and CONNIE RUHNOW,** | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **CIVIL ACTION NO.  2:05 CV 527-F** |
| | * | |
| **LANE HEARD TRUCKING, LLC., et al,** | * | |
| | * | |
| **Defendants.** | * | |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE**
**OF DEFENDANT'S INSURANCE COVERAGE**

Defendant Lane Heard Trucking, LLC ("Lane Heard") hereby moves the Court, in limine, for an order prohibiting and precluding all parties, their counsel and their witnesses from mentioning, referring to, attempting to admit into evidence, or in any way exposing to the jury at any stage during the trial of this matter, including but not being limited to the *voir dire* process, opening statements, or the later phases of the trial, any information concerning insurance coverage that might be available to Lane Heard for all or any portion of the claim made the basis of this lawsuit.

Lane Heard submits that Federal Rule of Evidence 411 bars such evidence of insurance: "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411.  Stated otherwise, under the rule, evidence of liability insurance is rejected "for the purpose of proving fault, and absence of liability insurance as proof of lack of fault." Fed. R. Evid. 411, advisory committee's note.  This rule historically has been based upon the "feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper

grounds." *Id.* (citing *McCormick* §168; Annot., 4 A.L.R. 2d 761). "Rule 411 only requires the objection to show that the evidence to be elicited involves liability insurance and that it may be used on the issue of negligence, we need not prove any preliminary facts." *Wright & Graham, Federal Practice & Procedure: Evidence* § 5369.

Moreover, "[t]he trial court has the discretion to exclude relevant evidence generally when its probative value is substantially outweighed by its prejudicial impact in the case." Fed. R. Evid. 403. One consideration "[i]n reaching a decision [of] whether to exclude [is] the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403 advisory committee's note. A second factor is the availability of other means of proof. Fed. R. Evid. 403 advisory committee's note. Once liability insurance is mentioned, a limiting instruction will not likely be an affective cure with the jurors. Further, the existence of liability insurance does not tend to prove any relevant fact in this case.

WHEREFORE, Lane Heard submits to this Court that evidence proffered by the plaintiffs related to Lane Heard's insurance coverage (1) is exclude by Federal Rule of Evidence 411, (2) is wholly irrelevant to this action and (3) would have an unfairly prejudicial effect against Lane Heard which far outweighs any probative value under Federal Rule of Evidence 403. Accordingly, this motion in limine should be granted.

Respectfully submitted,


_____/s/ Katie L. Hammett_____
J. BURRUSS RIIS (RIISJ8057)
KATIE L. HAMMETT (HAMMK7587)
Attorneys for Defendant,
Lane Heard Trucking, L.L.C.,
Email: khammett@handarendall.com

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Callen Sparrow, Esq.
Attorney for Plaintiffs
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
*jcsparrow@hgdlawfirm.com*

Linda C. Ambrose, Esq.
Counsel for Northland Insurance Co.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
*lambrose@spt.com*

Richard McConnell (Mac) Freeman, Jr.
Attorney for Defendant Christy Leann Ch
Rushton Stakely Johnston & Garrett PC
PO Box 270
Montgomery, AL 36101-0270
*rmf@rsjg.com*

Alex L. Holtsford, Esq.
Murry S. Whitt, Esq.
NIX HOLTSFORD GILLILAND
HIGGINS & HITSON, PC
Post Office Box 4128
Montgomery, Alabama  36103-4128
*aholtsford@nixholtsford.com*
*MWhitt@nixholtsford.com*

/s/ Katie Hammett

3