# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **GERALD RUHNOW and CONNIE** | * | |
| **RUHNOW,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **CIVIL ACTION NO.  2:05 CV 527-F** |
| | * | |
| **LANE HEARD TRUCKING, LLC., et al,** | * | |
| | * | |
| **Defendants.** | * | |

## DEFENDANT LANE HEARD TRUCKING, LLC'S
## REQUESTED JURY INSTRUCTIONS

COMES NOW Lane Heard Trucking, LLC ("Lane Heard Trucking"), by and through undersigned counsel, and submits the following jury instructions numbered 1-17:

## LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 1

<u>Burden of Proof</u>

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by "preponderance of the evidence." This is sometimes called "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

In this case, plaintiff Gerald Ruhnow has made claims that he suffered personal injuries as the result of the negligence and/or wantonness of the defendants Michael Adkins, Christy Champion, and Lane Heard Trucking, through its driver, Michael Duke.

Plaintiff Connie Ruhnow has made claim for damages for loss of consortium, which she claims was the result of the negligence and/or wantonness of the defendants; Michael Adkins, Christy Champion, and/or Lane Heard Trucking, through its driver Michael Duke.

Northland Insurance Company has made claims that it, through its subrogated interest, suffered property damages as a result of the negligence of all of the defendants; Michael Adkins,

Christy Champion, and/or Lane Heard Trucking.

Lane Heard Trucking has made claims for its property damage against defendants Michael Adkins and Christy Champion based upon their negligent and/or wanton operation of their vehicles and their negligent and wanton failure to remove Mr. Adkins' motorcycle from the roadway.


Source:  Eleventh Circuit Pattern Jury Instruction (Civil) 6.2 (modified)




Given _____          Refused _____

## LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 2

### Corporate Party

In deciding the case you must follow and apply all law as I explained it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Source: *See* Eleventh Circuit Pattern Jury Instructions (Civil) 2.2; *see also* Fifth Circuit Pattern Jury Instructions (Civil) 2.13

Given _____          Refused _____

4

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 3**

<u>Negligence</u>

In this case Gerald Ruhnow, Connie Ruhnow, Northland Insurance, and Lane Heard Trucking have all made claims for damages against other parties as a result of that party's negligence.

Negligence is the failure to use reasonable care to prevent harm to one's self or others.

A person's conduct is negligent when he or she either does something that a reasonably prudent person would not do in a similar situation, or he or she fails to do something that a reasonably prudent person would have done in a similar situation.

You must decide whether Christy Champion was negligent in the operation of her vehicle or negligent in her failure to remove the motorcycle driven by Michael Adkins.

You must also decide if Michael Adkins was negligent in the operation of his motorcycle and whether he was negligent in the failure to remove it from the roadway.

You must also decide whether Lane Heard Trucking's driver, Michael Duke, was negligent in the operation of his vehicle.

Source: Alabama Pattern Jury Instructions ("APJI") (Civil) 28.01 (modified)

Given _____        Refused _____

5

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 4**

<u>Sudden Emergency</u>

If a person, without fault of his own, is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and the fact, if it could be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence, but the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances.

In this case, you must decide whether Michael Duke, without fault of his own was faced with a sudden emergency when he came upon Mr. Adkins' motorcycle in the roadway. If you determine that he was faced with a sudden emergency, then you should not hold him to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation or that he did not choose the best or safest way of escaping peril or preventing injury. You will consider whether a reasonably prudent person faced with the same emergency situation would have exercised greater care under the same or similar circumstances.

Source: APJI (Civil) 28.15 (modified)

Given _____    Refused _____

6

## LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 5

<u>No Inference of Occurrence of Accident</u>

As a general rule, the mere fact that an accident or injury has occurred is not, of itself, evidence of negligence on the part of anyone.

Source: *Mobile City Lines, Inc. v. Proctor*, 130 So. 2d 388, 392 (Ala. 1961)

Given _____    Refused _____

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 6**

Contributory Negligence

Contributory negligence is negligence on the part of the plaintiff that proximately contributed to his injuries.

In this case, the defendants' answers raise contributory negligence as an affirmative defense. Therefore, the burden is upon the defendants to reasonably satisfy you from the evidence as to the truth of all of the material allegations of this defense.

If you are reasonably satisfied from the evidence that plaintiff Gerald Ruhnow was guilty of contributory negligence, then Mr. Ruhnow, Connie Ruhnow, and Northland Insurance cannot recover on any initial simple negligence of any of the defendants.

Source: *See* APJI 30.00, 30.01, 30.02 (modified)

Given _____        Refused _____

8

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 7**

<u>Wantonness</u>

In this case, Gerald Ruhnow and Connie Ruhnow claim that Michael Adkins, Christy Champion and Michael Duke were wanton in the operation of their vehicles. Further, Lane Heard Trucking claims that Michael Duke and/or Christy Champion were wanton in the operation of their vehicles and were wanton in their failure to remove Mr. Adkins' motorcycle from the roadway.

Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct, it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.

Source: APJI (Civil) 29.00 (modified).

Given _____        Refused _____

9

## LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 8

<u>Loss of Consortium</u>

Connie Ruhnow makes a claim for loss of consortium based on the negligence and/or wantonness of Michael Adkins, Christy Champion, and/or Lane Heard. Consortium is defined as the right of a spouse to her spouse's company, fellowship, cooperation and assistance in a marital relationship as a partner and a family unit. Loss of consortium includes the impaired ability of the spouse to perform his usual services in the care of the home as well as her loss of his society, companionship and comfort, taking into account the length of time of such loss.

Loss of consortium is a derivative claim and is completely dependent upon proof of negligence or wantonness by one or all of the defendants so as to cause Gerald Ruhnow's injuries.

Source: *See* APJI (Civil) 11.13; *see also Davis v. Walmart Stores, Inc.*, 64 F. Supp. 2d 1176, 1181(M.D. Ala. 1999); *Johnson v. Walmart Stores, Inc.*, 987 F. Supp. 1376, 1397 (M.D. Ala. 1997).

Given _____        Refused _____

## LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 9

### <u>Principal-Nature and Extent of Liability</u>

When a principal or master is sought to be held liable for actions of a certain agent, servant, or employee, there can be no recovery against the principal or master unless such agent, servant or employee would have been liable, if joined in the action and then only to the extent of the liability of such agent, servant or employee. In this case, plaintiffs Gerald and Connie Ruhnow and Northland Insurance seek to hold Lane Heard Trucking liable for the actions of its employee Michael Duke. You may not find recovery against Lane Heard Trucking unless Mr. Duke would have been liable if joined in this action. Further, Lane Heard Trucking can only be liable to the extent that Michael Duke would have been liable if he were joined in this action.

Source: APJI (Civil) 3.05 (modified)

Given _____          Refused _____

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 10**

<u>Consideration of Evidence</u>

In deciding the case you must follow and apply all of the law as I explain it to you, whether or not you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence – that is the testimony of the witnesses and the exhibits I have admitted into the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact and dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in this case, and except for my instructions to you on the law, you could disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Source:  Eleventh Circuit Pattern Jury Instructions (Civil) 2.2 (modified)


Given _____          Refused _____

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 11**

<u>Inference of Fact</u>

An inference of fact is a conclusion of the existence of a fact not known or proved, which may reasonably arise from facts that are known or proved.

Source:  APJI (Civil) 15.00

Given _____          Refused _____

13

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 12**

<u>Witness Swearing Falsely</u>

If you find that any witness has willfully sworn falsely as to any material fact in this case, you may disregard the testimony of that witness in its entirety.

Source:  APJI (Civil) 15.14

Given _____          Refused _____

14

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 13**

Deposition Testimony

Certain testimony was presented to you through depositions. A deposition is the sworn, reported answers to questions asked a witness in advance of trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented under oath, in the form of the deposition. Some time before this trial, attorneys representing the parties in this case questioned witnesses under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to the credibility and weighed otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand and court.

Source: Fifth Circuit Pattern Jury Instructions (Civil) 2.23

Given _____          Refused _____

15

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 14**

<u>Punitive Damages Not Authorized</u>

With respect to the claim made against Lane Heard by Gerald Ruhnow, Connie Ruhnow, and Northland Insurance, you may not award punitive damages. Plaintiffs have not asserted a claim that would support such damages.

Source: APJI (Civil) 11.03 (modified)

Given _____          Refused _____

16

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 15**

<u>Lost Wages Damages Not Authorized</u>

You may not include as damages any amount to compensate Gerald Ruhnow for lost wages. Gerald Ruhnow has not asserted a claim for such damages and they are not authorized in this action.

Given _____     Refused _____

**LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 16**

<u>Compensatory Damages</u>

If you find that one or more of the defendants are liable to Gerald Ruhnow, Connie Ruhnow or Northland, or that Michael Adkins or Christy Champion is liable to Lane Heard Trucking, then you must determine an amount that is fair compensation for all of these respective claimant's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

You may award compensatory damages only for injuries that are proven or were approximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty to lead you to engage in arbitrary guess work. On the other hand, the law does not require that the claimant prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion and fix the award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances and evidence.

18

Source:  Fifth Circuit Pattern Jury Instructions (Civil) 15.2 (modified)

Given _____     Refused _____

## LANE HEARD TRUCKING'S REQUESTED JURY CHARGE NO. 17

### Speculation

In awarding damages in any case, your verdict must not be based upon mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

Source:  APJI (Civil) 11.22

Given _____    Refused _____

Respectfully submitted,


/s/Katie L. Hammett
J. BURRUSS RIIS (RIISJ8057)
KATIE L. HAMMETT (HAMMK7587)
Attorneys for Defendant,
Lane Heard Trucking, L.L.C.,
Email: khammett@handarendall.com

OF COUNSEL:
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Callen Sparrow, Esq.
Attorney for Plaintiffs
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
*jcsparrow@hgdlawfirm.com*

Richard McConnell (Mac) Freeman, Jr.
Attorney for Defendant Christy Leann Ch
Rushton Stakely Johnston & Garrett PC
PO Box 270
Montgomery, AL 36101-0270
*rmf@rsjg.com*

Linda C. Ambrose, Esq.
Counsel for Northland Insurance Co.
Rogers & Associates
3000 Riverchase Galleria,Suite 650
Birmingham, AL 35244
*lambrose@spt.com*

Alex L. Holtsford, Esq.
Murry S. Whitt, Esq.
NIX HOLTSFORD GILLILAND
HIGGINS & HITSON, PC
Post Office Box 4128
Montgomery, Alabama  36103-4128
*aholtsford@nixholtsford.com*
*MWhitt@nixholtsford.com*

/s/Katie L. Hammett