IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERALD RUHNOW and CONNIE RUHNOW, | *<br>*<br>* |
| Plaintiffs, | * |
| v. | * CIVIL ACTION NO. 2:05 CV 527-F |
| | * |
| LANE HEARD TRUCKING, LLC., et al, | *<br>* |
| Defendants. | * |

## DEFENDANT LAND HEARD TRUCKING, LLC'S TRIAL BRIEF

Defendant Lane Heard Trucking, LLC ("Lane Heard Trucking") submits the following trial brief supporting its position that plaintiffs' claims fail and that plaintiffs are not entitled to recovery against Lane Heard Trucking in this action.

## Claims Remaining

After this Court's summary judgment order, the only claims remaining against Lane Heard Trucking are Gerald Ruhnow's claims that Lane Heard Trucking is vicariously responsible for the negligent and/or wanton driving by its employee, Michael Duke, and the derivative claims by Connie Ruhnow and Northland Insurance Company.[1] However, there is simply no substantial evidence of negligent or wanton conduct by Michael Duke; thereby, entitling Lane Heard Trucking to judgment as a matter of law. Further, even if there was such

---

[1] Connie Ruhnow has made a claim for loss of consortium. (Second Amendment [Doc. 31] ¶ 16). A plaintiff's consortium claim is purely derivative and is completely dependant upon a plaintiff's prevailing upon the other substantive counts. *See e.g., Davis v. Wal-Mart Stores, Inc.*, 64 F. Supp. 2d 1176, 1181 (M.D. Ala. 1999); *Ex parte N.P.*, 676 So. 2d 928, 930 (Ala. 1996). "Proof of the underlying tort is a necessary element of an action for loss of consortium." *Johnson v. Wal-Mart Stores, Inc.*, 987 F. Supp. 1376, 1397 (M.D. Ala. 1997).

Further, Northland Insurance Company has made claims to recover property damage based on its subrogated interest. Northland is, however, completely subrogated to the interest that Gerald Ruhnow has in recovering against Lane Heard Trucking. Therefore, if Gerald Ruhnow's claims of negligent and/or wanton driving by Michael Duke fail, then Connie Ruhnow and Northland likewise are entitled to nothing from Lane Heard Trucking.

evidence, because of the claims that remain in the case, Lane Heard Trucking is not subject to punitive damages as a matter of law.

## Negligence

In order for a plaintiff to establish a claim of negligence or wantonness, they must show that the defendant owed a duty to the plaintiff; that the defendant breached such duty to the plaintiff; and that the breach was the proximate cause of some injury to the defendant. *See Armstrong Bus. Svcs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001). The law of Alabama places "the burden…on the plaintiff to establish negligence by affirmative proof." *Mobile City Lines, Inc. v. Proctor*, 130 So. 2d 388, 392 (Ala. 1961). "[N]egligence will not be inferred by the mere showing of an accident…." *Id.*

Plaintiffs in this case have no evidence suggesting that Michael Duke was driving unreasonably. In fact, all of the admissible evidence suggests that Mr. Duke was driving as a reasonably prudent driver would drive. (Jackson Dep. at 28-29)[2]. It suggests that Mr. Duke was traveling at the speed limit and was suddenly faced with an unexpected and unavoidable motorcycle in the roadway. It was the motorcycle obstruction that caused the accident, and there is simply no evidence that Mr. Duke could have avoided it. To the contrary, the testimony of both Christy Champion and Gene Richardson was that Mr. Duke could not have seen the motorcycle in order to avoid it. (*See* Champion Dep. at 32 ("But, I mean, as far as for the truck driver, from his standpoint, it was too dark."); Richardson Dep. at 11-13; 17-18; 41). Moreover, a traffic homicide investigation was completed and the investigating officer, Trooper Kevin Cook concluded:

---

[2] All deposition testimony not included as an exhibit herewith have been previously entered into the record as exhibits to Lane Heard Trucking's Motion for Summary Judgment [Doc. 49] or its Reply Brief in Support for Summary Judgment and Motion to Strike. [Doc. 58].

2

> Mr. Duke was operating the motor vehicle in complete compliance
> with all the motor vehicle laws governing the state of Alabama.

(Investigation Report).

The cause of this accident was the negligence and/or wantonness of Michael Adkins and/or Christy Champion; first, in causing an accident which left a motorcycle in the roadway, and second, in failing to remove the motorcycle from the roadway. Ms. Champion's testimony makes plain that there was sufficient time for one of them to remove the motorcycle from the roadway:

> Q. Did you watch [Mr. Duke's] truck, between when you first saw it, and the impact with the motorcycle?
> A. Yes, sir.
> Q. Any judgment as to how long that time frame or that period of time was?
> A. I know there was enough time that the motorcycle could have been moved out of the roadway.

(Champion Dep. at 30, attached hereto as Exhibit A).

Plaintiffs' evidence bears out merely that there was an accident involving Mr. Ruhnow and Mr. Duke, and that Christy Champion and/or Michael Adkins were the liable parties for the accident. Since there is no evidence that Michael Duke could or should have been able to see the motorcycle in the roadway, and there is no credible evidence that he was driving unreasonably, Lane Heard Trucking is entitled to judgment as a matter of law on the negligence claim.

### Wantonness

"Wanton conduct" has been defined by the Alabama Supreme Court as:

> [The] doing of some act or something with reckless indifference to
> the consequences of said act, or . . . a failure or omission to do
> something, with reckless indifference to the consequences of such
> failure or omission, that is, that the party acting or failing to act is
> conscious of his conduct, and even though without any actual

3

> intent to injure, is aware from his knowledge of existing
> circumstances and conditions that his conduct would probably
> result in injury to another or in damage to his property.

*Armstrong*, 817 So. 2d at 679-80 (quoting *Weatherly v. Hunter*, 510 So. 2d 151, 152 (Ala. 1987) (quoting *W.T. Ratliff Co. v. Purvis*, 291 So. 2d 289 (Ala. 1974)); *see also* ALA. CODE § 6-11-20(b)(3)(defining wantonness as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others") . Wantonness requires a more aggravated state of mind than does negligence; wantonness requires an intent to act, or a conscious omission of duty, with knowledge of the circumstances and with a reckless disregard of the consequences. *Lynn Strickland Sales & Serv., Inc. v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142, 145-146 (Ala. 1987), overruled on other grounds, *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1252 (Ala. 1998). In other words, "[i]mplicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury." *Yamaha Motor Co., Ltd. v. Thornton*, 579 So.2d 619, 623 (Ala. 1991)(quoting *Central Alabama Electric Cooperative v. Tapley*, 546 So. 2d 371, 379 (Ala. 1989)(emphasis omitted). "[W]antonness is characterized as an act which cannot exist without a purpose or a design, a conscious or intentional act." *Abston v. Kelley Brothers Contractors*, 990 F. Supp. 1392 (S.D. Ala. 1998) (quoting *Coca-Cola Bottling Co. United v. Stripling*, 622 So.2d 882, 884 (Ala. 1993)).

The Alabama Supreme Court has indicated that "mere inadvertence" on the part of a driver is not legally sufficient to support a wantonness claim, and the Supreme Court has indicated that cases with more favorable facts pointing toward negligence and wantonness than present in this case should be disposed of as a matter of law. *See Ex parte Anderson*, 682 So. 2d 467, 470 (Ala. 1996)(reversing the Court of Civil Appeals and affirming the Circuit Court's

4

summary judgment in favor of defendant, Anderson, on a wantonness claim charged when Anderson attempted to make a left-hand turn crossing in front of an oncoming lane of traffic, in a light rain, despite consciously recognizing that her vision was partially blocked by another vehicle and reasoning that "[a]lthough Anderson may have been negligent in turning left while her view of the oncoming traffic was blocked, we do not believe that this evidence is sufficient to prove that she was guilty of 'wanton conduct,'..."); *see also Tolbert v. Tolbert*, 2004 WL 2260379, at *10 (affirming summary judgment on a wantonness claim arising from an automobile accident where evidence did not establish "more than a showing of some form of inadvertence on the part of the driver" or that it rose to the required showing of "some degree of consciousness on the part of the defendant that injur[ies] are likely to result from his act of or omission[s]"); *George v. Champion Ins. Co.*, 591 So. 2d 852, 854 (Ala. 1991)(affirming summary judgment dismissing plaintiff's wantonness claim when facts established that the occupants of the car were engaged in conversation. "As the car approached the intersection. . . , [the driver] saw that the traffic light was green. [The driver] glanced back in conversation. When [the driver] looked forward, the traffic light was red. . . [The driver] tried to put her foot on the brake pedal, but missed and hit the clutch pedal. She ran the red light, and her [vehicle] collided with a vehicle that was turning left in front of her. . . .While the facts show inadvertence. . . they do not amount to wantonness. . . .").

It is clear that Michael Duke was not negligent and certainly did not have the requisite state of mind to have been wanton. In fact, there is no evidence to even establish inadvertence on the part of Mr. Duke as there was in *Anderson* and *George*. As such, because wantonness cannot be attributed to Mr. Duke, Lane Heard Trucking is entitled to judgment as a matter of law on the wantonness claim.

## **Punitive Damages**

Under Alabama law, punitive damages are expressly limited in vicarious liability situations to those instances when the principal is either negligently employed or continued to employ the agent guilty of the alleged misconducts; participates in, authorizes or ratifies such misconduct; or received some benefit from the misconduct. *See e.g., Northwestern Mut. Life Ins. Co. v. Sheridan*, 630 So. 2d 384 (Ala. 1993)("It must be observed that § 6-11-27 modifies the common law rule of vicarious liability by requiring proof of a higher degree of culpability on the part of the principal."); *see also* ALA. CODE § 6-11-27(a). Alabama Code § 6-11-27(a) states:

> A principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: (i) knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or (ii) authorized the wrongful conduct; or (iii) ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiff knowingly participated with the agent, servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.

In *Abston v. Kelley Brothers Contractors*, 990 F. Supp. 1392 (S.D. Ala. 1998), the Court held that under § 6-11-27 without evidence that a trucking company "was guilty of participating in, authorizing or ratifying the alleged wanton misconduct of its driver; had negligently hired or retained his services before the accident or benefited from his alleged misconduct, it would be impermissible to present the [punitive damages] issue to the jury." *Id.* at 1394. In *Abston*, the Court was faced with a similar situation in that plaintiffs were seeking damages against the trucking company for its vicarious liability for a driver that was not named as a party and there were no supportable claims of negligent hiring, supervision, etc. The Court clearly determined

6

that a trucking company cannot be vicariously liable for punitive damages for the alleged wanton conduct of its driver without evidence that the driver was negligently employed, that the trucking company authorized or ratified his conduct or received some benefit from the conduct. *Id.* at 1393.

In its summary judgment order [Doc. 60], this Court granted Lane Heard Trucking's summary judgment "on the claims against it for negligent entrustment, negligent or wanton training, negligent or wanton evaluation, negligent or wanton monitoring, and negligent or wanton supervision." (Order at 7). Plaintiffs now solely rely on claims that Lane Heard Trucking is vicariously liable for the negligent and/or wanton conduct of its driver, Michael Duke. Pursuant to § 6-11-27(a) and the clear precedent of *Abston*, plaintiffs are not entitled to any award of punitive damages against Lane Heard Trucking.

Respectfully submitted,

/s/ Katie L. Hammett
J. BURRUSS RIIS (RIISJ8057)
KATIE L. HAMMETT (HAMMK7587)
Attorneys for Defendant,
Lane Heard Trucking, L.L.C.,
Email: khammett@handarendall.com

OF COUNSEL:

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Callen Sparrow, Esq.
Attorney for Plaintiffs
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203
jcsparrow@hgdlawfirm.com

Linda C. Ambrose, Esq.
Counsel for Northland Insurance Co.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244
lambrose@spt.com

Richard McConnell (Mac) Freeman, Jr.
Attorney for Defendant Christy Leann Ch
Rushton Stakely Johnston & Garrett PC
PO Box 270
Montgomery, AL 36101-0270
rmf@rsjg.com

Alex L. Holtsford, Esq.
Murry S. Whitt, Esq.
NIX HOLTSFORD GILLILAND
HIGGINS & HITSON, PC
Post Office Box 4128
Montgomery, Alabama 36103-4128
aholtsford@nixholtsford.com
MWhitt@nixholtsford.com

/s/ Katie Hammett

573010_1

# EXHIBIT "A"

1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

GERALD RUHNOW and CONNIE RUHNOW,

 Plaintiffs,

VS. NO. 2:05 CV 527-F

LANE HEARD TRUCKING, LLC., et al

 Defendants.

  ORAL DEPOSITION OF MS. CHRISTY CHAMPION, a witness produced pursuant to the Federal Rules of Civil Procedure, in the above-styled and numbered cause on the 19th day of April, 2006, before Sheila Hanson, CSR, a Notary Public in and for the State of Alabama, at the law offices of Mr. Cliff Hastings with Cervera, Ralph & Reeves, Attorneys at Law, Troy, Alabama.

  * * * * * *

```
1    A    No, sir.
2    Q    Excuse me?
3    A    No, sir.
4    Q    Do you have a judgement as to how fast
5    the vehicle headed north was traveling? The other
6    truck?
7    A    No, sir.
8    Q    I didn't ask you. Do you have judgment
9    as to how fast the motorcycle was traveling
10   immediately before the impact of your car?
11   A    No, sir.
12   Q    You said that you first made the comment
13   to Mr. Adkins: Oh, my God, or something like that,
14   there's a diesel truck coming this way? Is that
15   right?
16   A    Uh-huh.
17   Q    Did you watch that truck, between when
18   you first saw it, and the impact with the
19   motorcycle?
20   A    Yes, sir.
21   Q    Any judgment as to how long that time
22   frame or that period of time was?
23   A    I know there was enough time that the
24   motorcycle could have been moved out of the
25   roadway.
```

88

```
 1   STATE OF ALABAMA
     COUNTY OF PIKE
 2

 3       I, Sheila Hanson, CSR, a Certified Shorthand
 4   Reporter in and for the County of Pike, State of
 5   Alabama, do hereby certify:
 6       That prior to being examined, the witness named
 7   in the forgoing deposition, Ms. Christy Champion, was
 8   by me duly sworn to testify the truth, the whole
 9   truth, and nothing but the truth.
10       That said deposition was taken before me at the
11   time and place set forth and was taken down by me in
12   shorthand and thereafter reduced to computerized
13   transcription under my direction and supervision, and
14   I hereby certify the foregoing deposition is a full,
15   true and correct transcript of my shorthand notes so
16   taken.
17       I further certify that I am neither counsel for
18   nor related to any party to said action nor in
19   anywise interested in the outcome thereof.
20       IN WITNESS WHEREOF, I have hereunto subscribed
21   my name this ___19th___ day of __May_____, 2006.
22
23                      _____Sheila Hanson_____
                        Sheila Hanson
24                      Certified Shorthand Reporter
25
```