## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **GERALD RUHNOW; CONNIE RUHNOW,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) CIVIL ACTION NO. CV 2:05-cv-527-F ) |
| **LANE HEARD TRUCKING, LLC., et al.,** | ) ) ) |
| **Defendants.** | ) ) |
| **NORTHLAND INSURANCE CO.,** | ) ) |
| **Intervener,** | ) ) |
| v. | ) ) |
| **LANE HEARD TRUCKING, LLC., et al.,** | ) ) ) |
| **Defendants.** | ) |

## PLAINTIFFS' MOTION *IN LIMINE*

COME NOW the Plaintiffs, by and through undersigned counsel, and hereby move this Court to prohibit Defendants from offering into evidence the following exhibits at the trial of this cause: (1) Copy of Traffic Homicide Investigation Report made by Trooper Kevin D. Cook for case number AST 38-05-059 ("Traffic Homicide Report"); and (2) Copies of Alabama Uniform Traffic Accident Report numbers 5016360 and 5506412. The depositions of Troopers Kevin D. Cook and Jimmy Helms were taken on Monday, January 22, 2007, and transcripts of these depositions were received by Plaintiffs' counsel on Wednesday, January 24, 2007. From a review

of the deposition testimony of Troopers Cook and Helms, in conjunction with the deposition testimony of Arnold G. Richardson, it is clearly evident that the findings and conclusions contained within these documents indicate a lack of trustworthiness and should therefore be adjudged inadmissible hearsay pursuant to Rule 803(8)(C) of the Federal Rules of Evidence. Likewise, Troopers Cook and Helms should be prohibited from providing any testimony, expert or otherwise, at the trial of this action as to their conclusions of who was responsible, or not responsible, for the events of March 7, 2005. In support of their Motion, Plaintiffs would show unto the Court as follows:

    **I.**    **The Inadmissibility of Trooper Cook's Traffic Homicide Investigation Report.**

Rule 803(8)(C), F.R.E., provides that "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings ... factual findings resulting from an investigation made pursuant to authority granted by law" are not hearsay *unless the sources of information or other circumstances indicate a lack of trustworthiness*. (Emphasis added.)

In the Traffic Homicide Report written by Trooper Kevin D. Cook pertaining to the events of March 7, 2005, Trooper Cook concludes that Michael Duke, the deceased driver for Defendant Lane Heard Trucking, LLC, "was operating the motor vehicle in complete compliance with all the motor vehicle laws governing the state of Alabama." *See* Traffic Homicide Investigation Report's "Conclusions and Recommendations" (attached hereto as Exhibit "A".) Additionally, in his deposition,

Trooper Cook opines that based on his investigation, Mr. Duke did nothing wrong in this accident. *See* Cook Deposition p. 13 (attached hereto as Exhibit "B".)

However, Trooper Cook also testified that during the course of his investigation: (1) he never spoke to Christy Champion or Michael Adkins, who were involved in the first accident that evening and who were the closest individuals to Mr. Duke's vehicle when it struck Mr. Adkins' motorcycle (*see* Cook Deposition p. 14); (2) all of the information in the Traffic Homicide Report concerning the Champion/Adkins accident was obtained by speaking with Trooper Jimmy Helms (*Id.* at p. 14); (3) the only witness he personally interviewed concerning Mr. Duke's involvement in the accident was Arnold G. Richardson who provided a written statement on March 8, 2005, the day following the accident (attached hereto as Exhibit "C") (*Id.* at pp. 15-18); (4) he never saw the accident occur, but arrived at the scene a little over an hour afterwards (*Id.* at pp. 17, 24); (5) no calculations as to the speed of Mr. Duke's vehicle at the time of the accident were possible due to the complete destruction of the Duke vehicle (*Id.* at 18-19); (6) all determinations in the Traffic Homicide Report as to the speed of Mr. Duke's vehicle at the time of the accident, and consequently, Mr. Duke's "complete compliance with all the motor vehicle laws governing the state of Alabama", were obtained from speaking with Arnold G. Richardson and Trooper Helms (*Id.* at 17-19); (7) no determination as to the condition of any reflectors or lights on Mr. Duke's vehicle prior to the accident was possible due to the destruction of the vehicle, therefore, he had to rely on the testimony of Arnold G. Richardson or Trooper Helms (*Id.* at 19); (8) no code or spec

violation inspections were performed on Mr. Duke's truck due to the destruction of the vehicle (*Id.* at 20); (9) he had no idea how much time passed between the Champion/Adkins accident and Mr. Duke's collision with Mr. Adkins' motorcycle (*Id.* at 30-31); (10) the computerized drawing in the Traffic Homicide Report showing Mr. Adkins' motorcycle in the left-hand southbound lane was based on testimony from Arnold G. Richardson (*Id.* at 26-27); (11) all information in the Traffic Homicide Report "Pre-Crash" description of events prior to Mr. Duke colliding with Mr. Adkin's motorcycle was based solely on what Trooper Helms told him (*Id.* at 31); and (12) he only took eight photographs of the accident scene because his camera malfunctioned (*Id.* at 37).

Clearly, the undisputed evidence shows that Trooper Cook's conclusion that Mr. Duke complied with all motor vehicle laws and did nothing wrong the night of the accident is based primarily, if not solely, upon the testimony of Arnold G. Richardson as set down in his written statement (*see* Exhibit "C") and conversations he had with Trooper Helms. However, Trooper Helms had no involvement in investigating the accident involving Mr. Duke and Plaintiff Gerald Ruhnow (*see* Helms Deposition at pp. 10-13, 38-39 (attached hereto as Exhibit "D")), and Arnold Richardson testified in his deposition that three key facts in his written statement were incorrect: (1) he was actually in the left-hand southbound lane and not the right-hand southbound lane when he passed Mr. Adkins' motorcycle (*see* Richardson Deposition pp. 40-41, attached hereto as Exhibit "E"); (2) he was actually 20 to 30 feet from the motorcycle before he saw it instead of 10 feet (*Id.* at 41); (3) he was

actually a full quarter of a mile down the road from Mr. Duke's truck, and not 100 yards, when Mr. Duke struck Mr. Adkins' motorcycle (*Id.* at 41-42). Furthermore, Trooper Cook estimated Mr. Duke's speed prior to the collision at 55 miles per hour in his Uniform Traffic Accident Report #5506412 (attached hereto as Exhibit "F"). However, Mr. Richardson and Ms. Champion testified in their depositions there was no way they could judge how fast Mr. Duke was going prior to the collision; and Mr. Adkins testified in his deposition that he judged Mr. Duke to be traveling at 65-70 miles per hour when he struck the motorcycle. *See* Richardson Deposition p. 21; Champion Deposition pp. 29-30 (attached hereto as Exhibit "G"); Adkins Deposition p. 19 (attached hereto as Exhibit "H").

Trooper Cook's conclusions in his Traffic Homicide Report, and his opinions as to the absence of fault on the part of Mr. Duke, are based entirely upon the inconsistent testimony of Mr. Richardson and whatever conversations he had with Trooper Helms. There is very little, if any, physical data in the report to support his conclusions, which are nothing more than his opinions as to the cause of the accident in written form and not an investigatory finding. As such, the Traffic Homicide Report is not trustworthy and is inadmissible hearsay.

Likewise, any trial testimony Trooper Cook might provide concerning his conclusions as to who was responsible, or not responsible, for the events of March 7, 2005, is inadmissible. Under Rule 703, F.R.E., the facts underlying an expert's opinion may be those "made known to the expert ... if [they are] of a type reasonably relied upon by experts in the particular field." This rule contemplates that facts and

data which are otherwise inadmissible as hearsay may be used by experts in forming opinions if they meet the criteria of "reasonable reliance." *Soden v. Freightliner Corp.*, 714 F.2d 498, 502 (5th Cir. 1983). However, the Advisory Committee Notes to Rule 703 specifically mention that observations of eyewitnesses do not satisfy this criteria and cannot be used by experts in accident reconstruction. *See Faries v. Atlas Truck Body Mfg. Co.*, 797 F.2d 619, 624 (8th Cir. 1986). To permit eyewitness opinion to be heard through the testimony of an official would cloak it with an undeserved authority that could unduly sway a jury. *Faries*, 797 F.2d at 624 (citing *Dallas & Mavis Forwarding Co., Inc. v. Stegall*, 659 F.2d 721, 722 (6th Cir. 1981)). Accordingly, trial testimony by Trooper Cook as to his conclusions of fault as set forth in the Traffic Homicide Report are inadmissible.

## II. The Inadmissibility of Troopers Cooks and Helms' Accident Reports.

Trooper Jimmy Helms investigated the Champion/Adkins accident on March 7, 2005, and concluded in his Uniform Traffic Accident Report #5016360 that Christy Champion improperly changed lanes and primarily contributed to the accident resulting in Mr. Adkins losing control of his motorcycle and being ejected therefrom (attached hereto as Exhibit "I"). However, Trooper Helms did not witness this accident take place. *See* Helms Deposition pp. 7-10. He performed no measurements, nor did he take any written statements from any witnesses. *Id.* at 35-37. Trooper Helms testified in his deposition that he interviewed eyewitness Randall Jackson about the Champion/Adkins accident, but this is curious in so much as Mr. Jackson testified in his deposition that he was behind Mr. Duke's truck when it struck

Mr. Adkins' motorcycle, and he did not see the Champion/Adkins accident but only learned about it from a state trooper. *See* Helms Deposition pp. 15-16, 20; Jackson Deposition pp. 7-11, 16-17 (attached hereto as Exhibit "J"). Furthermore, Trooper Helms had no idea how fast Mr. Adkins was going when his motorcycle struck Ms. Champion's car. *See* Helms Deposition p. 38. For all of these reasons, Trooper Helms' accident report indicates a lack of trustworthiness and should be deemed inadmissible hearsay.

Trooper Cook's Uniform Traffic Accident Report #5506412, which was attached to his Traffic Homicide Report, basically sets forth the same findings and conclusions provided in the Traffic Homicide Report, and should likewise be deemed inadmissible hearsay for the reasons set forth in Part I of this Motion.

Accordingly, neither Trooper Cook nor Trooper Helms should be permitted to testify at the trial of this cause as to their conclusions of liability and fault set forth in their Uniform Traffic Accident Reports.

WHEREFORE PREMISES CONSIDERED, Plaintiffs move this Honorable Court to adjudge the aforementioned exhibits, as well as any testimony concerning the conclusions contained within the aforementioned exhibits, as inadmissible hearsay and bar their introduction into evidence at the trial of this cause.

                                       Respectfully submitted,

                                       /s/ J. Callen Sparrow
                                       J. Callen Sparrow (ASB-4515-R79J)
                                       Attorney for Plaintiffs

OF COUNSEL:

HENINGER GARRISON DAVIS, L. L. C.
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL 35203
Phone:      (205)326-3336
Facsimile:  (205)326-3332
E-mail:     jcsparrow@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

J. Burruss Riis, Esq.
Katie L. Hammett, Esq.
HAND ARENDALL, LLC
P. O. Box 123
Mobile, Alabama 36601
Telephone: (251)432-5511
Facsimile: (251)694-6375
E-mail:     khammett@handarendall.com
(Counsel for Lane Heard Trucking, LLC)

Linda Hinson Ambrose, Esq.
ROGERS AND ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35242
Telephone: (205)982-4620
Facsimile:  (205)982-4630
E-mail:     lambrose@spt.com
            lambrose@travelers.com
(Counsel for Northland Insurance Company)

Richard M. Freeman, Jr., Esq.
Robert C. Ward, Esq.
RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.
P. O. Box 270
Montgomery, Alabama 36101-0270
Telephone: 334-206-3100
Facsimile: 334-262-6277
E-mail:     rmf@rsig.com
(Counsel for Christy Leann Champion)

Murry S. Whitt, Esq.
Alex L. Holtsford, Jr. Esq.
P. O. Box 4128
Montgomery, Alabama 36103-4128
Telephone: (334)215-8585
Facsimile:  (334)215-7101
E-mail: aholtsford@nixholtsford.com
        MWhitt@nixholtsford.com

/s/ J. Callen Sparrow
Of Counsel